**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

SPRINT COMMUNICATIONS, INC.,

    Plaintiff/Counterclaim Defendant,

v.

STEPHEN CALABRESE, as an individual, NEXTEL, INC. d/b/a NEXTEL WORLDWIDE, RETROBRANDS USA LLC, and JEFFREY KAPLAN, as an individual,

    Defendants/Counterclaimants.

Case No. 0:18-cv-60788-JEM-LSS

Jury Trial Demanded

**PLAINTIFF SPRINT COMMUNICATIONS, INC.'S
AMENDED MOTION TO COMPEL DISCOVERY RESPONSES
<u>WITH INCORPORATED MEMORANDUM OF LAW</u>**

Plaintiff Sprint ("Sprint"), pursuant to Federal Rules 26 and 37, moves the Court to compel Defendants to serve amended responses to Sprint's Requests for Production and Interrogatories ("Discovery Requests"), and to pay Sprint's attorneys' fees in connection with this Motion.

**INTRODUCTION AND FACTUAL BACKGROUND**

On July 27, Sprint served its Discovery Requests. Decl. of A. DeFord ("Decl."), Exs. A-B (Sprint's First Sets of Requests for Production ("RFPs") and Interrogatories). Pursuant to Rules 33 and 34, Defendants' objections and responses were due on August 27. Defendants, however, did not serve objections or responses by that date. Sprint therefore contacted Defendants on August 28, requesting Defendants serve responses by no later than August 31. Decl., Ex. C. Sprint also noted that, pursuant to the Rules, Defendants' failure to respond waived all objections. *Id*. In response, Defendants indicated they would let Sprint know if there were issues regarding objections other than privilege and stated they would serve responses on September 7. *Id.*, Ex. D. Sprint agreed to allow Defendants until September 7 to serve their responses (*sans* objections).

On September 7, Defendants served responses to the Discovery Requests, including boilerplate—and often inapplicable—objections to every request. Decl., Exs. E-F; *infra* Sections II-IV. Defendants also refused to produce documents in response to many of the RFPs and improperly narrowed the scope of others and failed to provide specific information in Interrogatory responses. *Infra* Sections III-IV. As a result, Sprint sent Defendants a letter on September 18 raising these concerns. Decl., Ex. G. Sprint requested Defendants remedy the deficiencies by September 21, or provide a time to meet and confer. *Id*. Defendants responded on September 20 that they were preparing a response, but did not indicate whether they would fix the issues. Decl., Ex. H. To save time, Sprint suggested the parties confer the following morning. *Id*. Defendants agreed, and the parties met and conferred on September 21. *Id.*; Decl., Ex. I.

1

During the meet and confer, Defendants agreed to correct all deficiencies Sprint identified by September 28. Decl., Ex. I. Sprint followed up by email, stating the parties' understanding and asking Defendants to notify Sprint if they disagreed. *Id.* Defendants did not raise any concerns. Despite this agreement, Defendants only action was to serve Supplemental Interrogatory Responses that did not provide *any* supplementation to Interrogatories 9-10 and 12-17 and provided inadequate supplementation to Interrogatories 2-3. *Infra* Section IV; Decl., Ex. J. Defendants' failure to honor the parties' agreement is troubling as responses are now a month overdue. In the interim, Sprint acted in good faith, allowing Defendants an extra two weeks to respond to discovery and an additional three weeks to supplement. *Id.* Nevertheless, Sprint again reached out on October 2, offering Defendants another opportunity to correct the deficiencies. *Id.*, Ex. K. Defendants did not respond. Sprint therefore reluctantly requests the Court intervene.

**I.      Legal Standard**

Motions to compel under Rule 37(a) are within the court's discretion. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). If the motion to compel is granted or if discovery is provided post-motion, the court must require the non-moving party to pay reasonable expenses, including attorneys' fees. *Boldstar Tech. v. Home Depot, Inc.*, No. 9:07-cv-80435-DTKH, ECF 109 at 12–13 (S.D. Fla. Mar. 28, 2008) (quoting Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii)).

**II.     Defendants Must Amend Their Discovery Responses to Remove All Objections**

Failure to serve timely objections results in waiver unless the delinquent party can show good cause. Fed. R. Civ. P. 33(b)(4), 34(b)(2)(C); *Affonso v. Se. Fla. Transp. Grp.*, 2016 WL 7507851, at *1 (S.D. Fla. Apr. 29) ("Failure to timely object to discovery requests waive a party's objections to the requests unless good cause has been shown."). As noted above, Defendants did not serve objections by the deadline or seek an extension. *See* Decl. Exs. C-F. Defendants did not

offer an explanation other than changing counsel. But new counsel was admitted *pro hac vice over three months before* the August 27 deadline. Decl., Ex. D; ECF 51. Defendants also had the Requests 26 days before counsel withdrew; prior counsel's motion was not granted before the response due date; and Defendants did not request an extension. Decl. Exs. A-B; ECF 64 & 68; ECF 51. Thus, Defendants cannot show good cause, and their objections violate the Rules. *Affonso*, 2016 WL 7507851, at *1 (no good cause despite withdrawal three days before deadline).

Defendants' objections also violate the General Order, resulting in waiver. ECF 55. Specifically, each response include boilerplate (often irrelevant) objections without explanations. Decl. Exs. E-F, J; *infra* Sections III-IV. Sprint therefore requests the Court order Defendants to amend their responses and produce all documents/information requested without objection.

**II.    Defendants Must Amend Their Responses to the First Set of RFPs**

Defendants' RFP responses are also deficient because they refuse to produce documents in response to several RFPs, and improperly narrow others, including RFP 11-15, 17, 19-28, 60-61, 63, 66-69, 71, 74-75, and 105. Defendants' refusal to produce documents is unjustifiable. Each request seeks documents that go to basic issues in every trademark case or specific issues raised by Defendants' conduct and defenses. *E.g.*, Decl., Ex. A, RFP 11-13, 15 (documents related to the commercial impression/connotation of Nextel (similarity of the marks); efforts to determine if Sprint was using NEXTEL (willfulness); price points (at least consumer sophistication)); *id.* at RFP 66-67 (same objections despite RFPs on Defendants' denials); *see Alliance Metals, Inc., of Atl. v. Hinely Indus., Inc.*, 222 F.3d 895, 907 (11th Cir. 2000) (likelihood of confusion factors). Yet Defendants refuse to produce documents, objecting that they are "irrelevant, not proportional," and the burden "outweighs its likely benefit." Decl., Ex. E, RFP 11-13, 15, 66-67.

Similarly, Defendants improperly narrow RFPs. For example, RFP 14 requests documents

3

sufficient to show when Defendants used NEXTEL. Decl., Ex. A. Defendants respond by refusing to produce documents, directing Sprint to nextelworldwide.com. *Id.*, RFP 14 Resp. Although that website may provide Defendants' *current* offering, it does not provide historical information. Defendants' response therefore improperly narrows RFP 14. The same is true for other RFPs. *E.g.*, *id.* at RFP 17, 19, 21-22, 24, 27-28 (referring their website even though requests seek internal sales strategies, containers, press releases, print brochures, and ads from Defendants' other websites; historical information; actual sales; marketing plans; and trade channels); *id.*, RFP 105 (responding that Defendants will produce an exhibit list instead of actual documents).

Finally, Defendants respond to several RFPs by falsely claiming no responsive documents exist. For example, Defendants claim to have no documents on websites that display the counterfeit NEXTEL Mark. *Id.*, RFP 71. Yet Defendants own a minimum of three websites that display this content. Defendants' other statements that no responsive documents exist are also easily disproven. *E.g.*, *id.*, RFP 61 (stating no documents exist on objections to Defendants' use of NEXTEL despite receiving multiple objections from Sprint). Consequently, Sprint requests the Court order Defendants to amend their responses, and produce documents.

### III. Defendants Must Supplement to Their Interrogatory Responses

Defendants' responses to Interrogatories 2 and 3 are deficient. Neither response is specific enough to provide the relevant information. For Interrogatory 2, Defendants first describe their distribution system as goods being "imported from overseas" and "distributed through the telecommunications industry in the U.S.A" (Decl., Ex. F, ROG 2) and fail to address their services, or identify Defendants' manufacturer and dealers; or whether they sell online, in stores, etc. Second, Defendants respond that their advertising is limited to "relevant trade shows and through our website at www.nextelworldwide.com" without identifying the shows or other advertising,

4

such as their other websites. And third, Defendants respond to the request for the number of units sold by referring to an unidentified document in violation of Rule 33(d). Defendants show a similar lack of specificity in response to Interrogatory 3, failing to name their customers or market segments, and providing information inconsistent with their online statements. Decl., Ex. L. Accordingly, Sprint requests the Court order Defendants to supplement their responses.

In addition, despite agreeing to, Defendants did not supplement Interrogatories 9-10 and 12-17, which simply direct Sprint generally to Defendants' Answer and unidentified documents purported already produced or filed. Decl., Ex. F, ROG 9-10, 12-17. This is improper. Rule 33(d) permits parties to respond to Interrogatories by referring to records, provided that "the burden of deriving or ascertaining the answer will be substantially the same for either party" and the responding party "specif[ies] the records that must be reviewed." Referring to every document produced and filed, and Defendants' Answer, does not satisfy Rule 33(d)'s specificity requirement. Sprint therefore requests the Court order Defendants to supplement their responses.

**V.     Conclusion**

Sprint therefore respectfully requests the Court order Defendants to amend their responses to the Discovery Requests, and pay Sprint's reasonable attorneys' fees under Rule 37.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

Pursuant to S.D. Fla. L.R. 7.1(a)(3), counsel for Sprint certifies that they have met and conferred with James Kernell, Esq., counsel for Defendants, on September 21, 2018, in a good faith attempt to resolve the deficiencies in Defendants' discovery responses prior to the filing of this motion concerning such same deficiencies. Although Defendants suggested they would correct all deficiencies Sprint raised, Defendants failed to do so by the time period they set and have since stopped responding to inquiries from Sprint on this subject.

Dated: October 11, 2018          Respectfully submitted,

        */s/ Sara F. Holladay-Tobias*

Sara F. Holladay-Tobias
Fla. Bar No. 26225
Emily Y. Rottmann
Fla. Bar No. 93154
stobias@mcguirewoods.com
erottmann@mcguirewoods.com
flservice@mcguirewoods.com
clambert@mcguirewoods.com
MCGUIREWOODS LLP
50 North Laura Street, Suite 3300
Jacksonville, Florida 32202
Tel: (904) 798-3200
Fax: (904) 798-3207

*— and —*

Brad R. Newberg *(admitted pro hac vice)*
bnewberg@mcguirewoods.com
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia 22102
Tel: (703) 712-5000
Fax: (703) 712-5050

*— and —*

Lucy Jewett Wheatley *(admitted pro hac vice)*
Amanda L. DeFord *(admitted pro hac vice)*
lwheatley@mcguirewoods.com
adeford@mcguirewoods.com
MCGUIREWOODS LLP
800 East Canal Street
Richmond, Virginia 23219
Tel: (804) 775-1000
Fax: (804) 775-1061

*Attorneys and Trial Counsel for Plaintiff Sprint Communications, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 11, 2018, a true and correct copy of the foregoing was filed with the Court using the CM/ECF system, which will send notice to all counsel listed on the attached Service List.

                                                          */s/ Sara F. Holladay-Tobias*
                                                                    Attorney

## SERVICE LIST
## Case No. 0:18-cv-60788-JEM

Wayne Howard Schwartz, Esq.
LEE & AMTZIS
5550 Glades Road
Suite 401
Boca Raton, FL 33431
schwartz@leeamlaw.com

*– and –*

James J. Kernell, Esq.
ERICKSON KERNELL IP
8900 State Line Road, Suite 500
Leawood, KS 66206
Email: jjk@kcpatentlaw.com

*Counsel for Defendants*