# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

Case No. 0:18-cv-60788-MARTINEZ/SNOW

SPRINT COMMUNICATIONS, INC.,

      Plaintiff and Counterclaim-Defendant,

v.

STEPHEN CALABRESE, as an individual,              Jury Trial Demanded
NEXTEL, INC. d/b/a NEXTEL WORLDWIDE,
RETROBRANDS USA LLC, and JEFFREY
KAPLAN, as an individual,

      Defendants and Counterclaimants.

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Plaintiff Sprint Communications, Inc., by counsel, pursuant to Rules 26 and 33 of the

Federal Rules of Civil Procedure (collectively, the "Rules"), requests that, according to the

procedures and within the time prescribed by the Rules, Defendants Stephen Calabrese, Nextel,

Inc. d/b/a Nextel Worldwide, Retrobrands USA LLC, and Jeffrey Kaplan (collectively,

"Defendants"), respond to the following interrogatories.

### DEFINITIONS AND INSTRUCTIONS

The definitions and instructions set forth in Sprint's First Set of Requests for Production

of Documents and Things are hereby incorporated by reference.

Each interrogatory shall be deemed to be continuing so as to require supplemental

responses, and each supplemental response required to maintain the accuracy of Defendants'

responses shall be served on Sprint's counsel at reasonable intervals, but in no event less than 30

days prior to the deadline for Sprint's pretrial disclosures.

1

## INTERROGATORIES

1.      Identify and describe the nature of Defendants' relationship with each other, including but not limited to (a) when that relationship began; (b) how it began; (c) the nature of the relationship; and (d) the contracts or agreements governing that relationship, including but not limited to any licensing agreements.

2.      Describe all goods and services with which the Counterfeit NEXTEL Mark has been, is intended to be, or is currently used and, for each good or service identified:

   a. state the date of first use in commerce anywhere, the nature of that first use in commerce, and describe any periods of non-use;

   b. describe the distribution system for each such good or service and the channels of trade in which such good or service is or will be distributed;

   c. describe the methods by which Defendants have advertised or promoted, or will advertise or promote, the sale of each good or service, including without limitation the types of media in which such advertising and promotion has or will be conducted;

   d. state the current retail price, or currently anticipated retail price, for each good or service; and

   e. identify the number of units and total dollar amount of each good or service produced and/or sold, if any, during each of the calendar years covered by this request.

3.       Identify and describe the types of customers or market segment to whom Defendants have sold, intend to sell, or are currently selling goods or services under the Counterfeit NEXTEL Mark, broken down by type of good or service.

4.      Identify all trade shows, professional shows, professional meetings, seminars, conferences, and conventions where Defendants or another on Defendants' behalf has promoted or offered goods or services, or will promote or offer goods or services, in connection with the Counterfeit NEXTEL Mark.

5.      Identify, broken down by product, geographic region, and year, all of Defendants' expenses directly related to the sale of goods or services sold in connection with the Counterfeit NEXTEL Mark.

6.      Describe the process by which each Defendant adopted the Counterfeit NEXTEL Mark, including a description of who was involved in the selection of the mark, how the mark was selected, and the reasons for selecting the mark.

7.      Identify and describe when each Defendant first became aware of Sprint's position that it still owns, and is continuing to use, the NEXTEL Mark, including but not limited to for each Defendant (a) the date of that first knowledge; (b) the name of the individual who obtained that first knowledge; (c) how that first knowledge was conveyed (i.e., over the phone, through e-mail, etc.); (d) what was specifically shared regarding Sprint's continued use; and (e) what was done in response to that knowledge.

8.      Identify and describe each instance of apparent or actual confusion, mistake, or deception of which Defendants are aware with respect to the Counterfeit NEXTEL Mark and/or Defendants' goods or services, on the one hand, and the NEXTEL Mark and/or Sprint's goods or services, on the other hand.   For each instance of alleged confusion, mistake, or deception identified, please identify:  (a) the person or persons confused or apparently confused; (b) all persons with knowledge of the confusion or apparent confusion; (c) the date on which Defendants

became aware of the confusion or apparent confusion; (d) how Defendants became aware of the confusion or apparent confusion; and (e) any steps Defendants took to address the confusion.

9.      Identify and describe all facts and things upon which Defendants base their denials in Defendants' Answer to the Complaint in this proceeding, including but not limited to any contention that there is not a likelihood of confusion between the Counterfeit NEXTEL Mark and the NEXTEL Mark or that Defendants' adoption and use of the Counterfeit NEXTEL Mark does not give Defendants an unfair advantage in the marketplace.

10.     Identify and describe all facts relied upon to support Defendants' contention that Sprint has abandoned the NEXTEL Mark.

11.     Identify and describe all measures that Defendants have taken, or intend to take, in order to reduce the likelihood of confusion caused by their use of the Counterfeit NEXTEL Mark and when those measures were taken or will be taken.

12.     Identify and describe all facts relied upon to support Defendants' contention that Sprint has defamed them, including but not limited to identifying (a) the exact defamatory statement(s); (b) when that statement or those statements were made; (c) how that statement or those statements were made; (d) to whom that statement or those statements were made; and (e) any alleged injuries stemming from that statement or those statements to Defendants.

13.     Identify and describe all facts relied upon to support Defendants' contention that Sprint has tortuously interfered with Defendants' contractual relationships or advantageous business relationships, including but not limited to identifying (a) all parties to that relationship, (b) the nature of that relationship and when it began, (c) the actions taken by Sprint to allegedly interfere with that relationship, (d) when Sprint took those alleged actions, and (e) what allegedly happened to the relationship as a result of Sprint's alleged actions and when.

14.     Identify and describe all facts relied upon by Defendants to support Defendants' contention that Sprint's claims are barred in whole or in part by estoppel.

15.     Identify and describe all facts relied upon by Defendants to support Defendants' contention that Sprint's claims are barred in whole or in part by the doctrine of laches.

16.     Identify and describe all facts relied upon by Defendants to support Defendants' contention that Sprint's claims are barred in whole or in part by the doctrine of unclean hands.

17.     Identify and describe all facts relied upon by Defendants to support Defendants' contention that Sprint committed fraud on the United States Patent and Trademark Office.

Dated: July 27, 2018

MCGUIREWOODS LLP
*/s/ Brad R. Newberg*

Sara F. Holladay-Tobias
Fla. Bar No. 26225
Emily Y. Rottmann
Fla. Bar No. 93154
stobias@mcguirewoods.com
erottmann@mcguirewoods.com
flservice@mcguirewoods.com
50 North Laura Street, Suite 3300
Jacksonville, Florida  32202
Tel:   (904) 798-3200
Fax:   (904) 798-3207

Brad R. Newberg (admitted *pro hac vice*)
bnewberg@mcguirewoods.com
1750 Tysons Boulevard
Suite 1800
Tysons, Virginia 22102
Tel:  (703) 712-5000
Fax:  (703) 712-5050

Lucy Jewett Wheatley (admitted *pro hac vice*)
Amanda L. DeFord (admitted *pro hac vice*)
lwheatley@mcguirewoods.com
adeford@mcguirewoods.com
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Tel:  (804) 775-1000

5

Fax:  (804) 775-1061
*Attorneys and Trial Counsel for Plaintiff Sprint*
*Communications, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, pursuant to the parties' agreement, on July 27, 2018, I served the

foregoing on the following counsel of record in this case via electronic mail:

Ury Fischer
Florida Bar No. 048534
**LOTT & FISCHER PL**
E-mail: ufischer@lottfischer.com
255 Aragon Avenue, Third Floor
Coral Gables, FL 33134
Telephone: (305) 448-7089
Facsimile: (305) 446-6191

Benjamin Ashurov
E-mail:  bashurov@kb-ash.com
Neil A. Smith
E-mail:  nsmith@kb-ash.com
**KB Ash Law Group PC**
7011 Koll Center Parkway, Suite 160
Pleasanton, CA  94566
Telephone: (415) 754-9345
Facsimile:  (415) 952-9325

James J. Kernell
Email:  jjk@kcpatentlaw.com
**Erickson Kernell IP**
8900 State Line Road, Suite 500
Leawood, KS 66206
Telephone: (913) 549-4700
Facsimile:  (913) 549-4646

*Attorneys for Defendants*

/s/ Amanda L. DeFord
Attorney