**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

SPRINT COMMUNICATIONS, INC.,

      Plaintiff/Counterclaim Defendant,

v.

STEPHEN CALABRESE, as an individual,
NEXTEL, INC. d/b/a NEXTEL
WORLDWIDE, RETROBRANDS USA
LLC, JEFFREY KAPLAN, as an individual,
and NEXTEL MOBILE WORLDWIDE
INC.

      Defendants/Counterclaimants.

Case No. 0:18-cv-60788-JEM-LSS

Jury Trial Demanded

---

**SPRINT COMMUNICATIONS, INC.'S**
**MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM INTRODUCING**
**ARGUMENTS OR EVIDENCE NOT DISCLOSED IN DISCOVERY**

Plaintiff Sprint Communications, Inc. ("Sprint"), by and through undersigned counsel, hereby moves this Court pursuant to Federal Rules of Civil Procedure 26(e) and 37(c)(1) for an order *in limine* to preclude Defendants Stephen Calabrese, Nextel, Inc., Retrobrands USA LLC, Jeffrey Kaplan, and Nextel Mobile Worldwide Inc. (collectively "Defendants"), from introducing any arguments or evidence not previously disclosed in response to Sprint's interrogatories, specifically Interrogatories 10, 12-17, and 21.

## I.    INTRODUCTION

On July 27, 2018 (*see* Exhibit A) and January 14, 2019 (*see* Exhibit C), Sprint served interrogatories upon Defendants.  Defendants responded to many of these requests by referring Sprint generally to Defendants' pleadings and all documents produced in the case, or by giving vague non-responsive answers. *See* Exhibit B, Exhibit D.  In October 2018, after multiple rounds

1

of conferences with Defendants, Sprint moved to compel responses to certain interrogatories and document requests because Defendants' responses were wholly insufficient. *See* ECF No. 72. Sprint's motion to compel remains pending, but discovery is now closed. *See* ECF No. 54. Defendants have never amended or supplemented the challenged discovery responses pursuant to Fed. R. Civ. P. 26(e).  Accordingly, pursuant to Fed. R. Civ. P. 37(c)(1), Plaintiff Sprint hereby moves *in limine* to preclude Defendants from introducing any arguments or evidence not previously disclosed in response to Sprint's interrogatories, specifically Interrogatories 10, 12-17, and 21.

## II.    FACTUAL BACKGROUND

Sprint served a first set of interrogatories on Defendants on July 27, 2018 (*see* Exhibit A), and moved to compel responses to these interrogatories in October 2018.  Sprint served a second set of interrogatories on Defendants on December 14, 2018. *See* Exhibit C.  Many of Sprint's interrogatories sought to determine the factual basis for Defendants' counterclaims and affirmative defenses.  Defendants' answers to these straightforward contention interrogatories were entirely deficient, and Defendants have never supplemented these responses. Sprint's interrogatories and Defendants' responses are set forth below:

**First Set of Interrogatories**

| Interrogatory | Defendants' Response |
|---|---|
| **No. 10:** Identify and describe all facts relied upon to support Defendants' contention that Sprint has abandoned the NEXTEL Mark. | Defendants object to this request as overbroad and burdensome, vague and ambiguous, irrelevant, not proportional to the issues at stake in the action, disproportionate to the parties' resources, not important to resolving the issues in this case, and the burden or expense of the proposed discovery outweighs its likely benefit. Without waiving these objections, starting in 2008 and up to the year 2014, Sprint publicly announced that it was abandoning the NEXTEL Mark with no intent |

| Interrogatory | Defendants' Response |
|---|---|
|  | to resume use. Plaintiff has already been informed and they have copies of the voluminous evidence of the abandonment by Plaintiff of the NEXTEL Mark all previously filed with the Court by the Defendants. |
| No. 12: Identify and describe all facts relied upon to support Defendants' contention that Sprint has defamed them, including but not limited to identifying (a) the exact defamatory statement(s); (b) when that statement or those statements were made; (c) how that statement or those statements were made; (d) to whom that statement or those statements were made; and (e) any alleged injuries stemming from that statement or those statements to Defendants. | Defendants object to this request as overbroad and burdensome, vague and ambiguous, irrelevant, not proportional to the issues at stake in the action, disproportionate to the parties' resources, not important to resolving the issues in this case, and the burden or expense of the proposed discovery statement or those statements were made; (c) how that statement or those statements were made; (d) to whom that statement or those statements were made; and (e) any alleged injuries stemming from that statement or those statements to Defendants outweighs its likely benefit. Without waiving these objections, facts supporting Defendants' contentions are set forth in Defendants' Answer and Counterclaims. |
| ROG No. 13: Identify and describe all facts relied upon to support Defendants' contention that Sprint has tortuously interfered with Defendants' contractual relationships or advantageous business relationships, including but not limited to identifying (a) all parties to that relationship, (b) the nature of that relationship and when it began, (c) the actions taken by Sprint to allegedly interfere with that relationship, (d) when Sprint took those alleged actions, and (e) what allegedly happened to the relationship as a result of Sprint's alleged actions and when. | Defendants object to this request as overbroad and burdensome, vague and ambiguous, irrelevant, not proportional to the issues at stake in the action, disproportionate to the parties' resources, not important to resolving the issues in this case, and the burden or expense of the proposed discovery outweighs its likely benefit. Without waiving these objections, facts supporting Defendants' contentions are set forth in Defendants' Answer and Counterclaims and documents produced. |
| No. 14: Identify and describe all facts relied upon by Defendants to support Defendants' contention that Sprint's claims are barred in whole or in part by estoppel. | Defendants object to this request as overbroad and burdensome, vague and ambiguous, irrelevant, not proportional to the issues at stake in the action, disproportionate to the parties' resources, not important to resolving the issues in this case, and the burden or expense of the proposed discovery |

| Interrogatory | Defendants' Response |
|---|---|
|  | outweighs its likely benefit. Without waiving these objections, facts supporting Defendants' contentions are set forth in Defendants' Answer and Counterclaims and documents produced. |
| No. 15: Identify and describe all facts relied upon by Defendants to support Defendants' contention that Sprint's claims are barred in whole or in part by the doctrine of laches. | Defendants object to this request as overbroad and burdensome, vague and ambiguous, irrelevant, not proportional to the issues at stake in the action, disproportionate to the parties' resources, not important to resolving the issues in this case, and the burden or expense of the proposed discovery outweighs its likely benefit. Without waiving these objections, facts supporting Defendants' contentions are set forth in Defendants' Answer and Counterclaims and documents produced. |
| No. 16: Identify and describe all facts relied upon by Defendants to support Defendants' contention that Sprint's claims are barred in whole or in part by the doctrine of unclean hands. | Defendants object to this request as overbroad and burdensome, vague and ambiguous, irrelevant, not proportional to the issues at stake in the action, disproportionate to the parties' resources, not important to resolving the issues in this case, and the burden or expense of the proposed discovery outweighs its likely benefit. Without waiving these objections, facts supporting Defendants' contentions are set forth in Defendants' Answer and Counterclaims and documents produced. |
| No. 17: Identify and describe all facts relied upon by Defendants to support Defendants' contention that Sprint committed fraud on the United States Patent and Trademark Office. | Defendants object to this request as overbroad and burdensome, vague and ambiguous, irrelevant, not proportional to the issues at stake in the action, disproportionate to the parties' resources, not important to resolving the issues in this case, and the burden or expense of the proposed discovery outweighs its likely benefit. Without waiving these objections, starting in 2008 and up to the year 2014, Sprint publicly announced that it was abandoning the NEXTEL Mark with no intent to resume use. Plaintiff has already been informed and they have copies of the |

| Interrogatory | Defendants' Response |
|---|---|
| | voluminous evidence of the abandonment by Plaintiff of the NEXTEL Mark all previously filed with the Court by the Defendants. |

**Second Set of Interrogatories**

| Interrogatory | Defendants' Response |
|---|---|
| No. 21: Identify and describe all facts relied upon to support Defendants' contention that Sprint has abandoned the Chirp Mark. | Defendants have discovered no evidence that Sprint uses the Chirp Mark in commerce as a trademark. |

## III.   ARGUMENT

The purpose of a motion *in limine* is to "allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *U.S. v. Paredes*, 176 F.Supp.2d 192, 193 (S.D.N.Y. 2001) (*citing Luce v. Unites States*, 469 U.S. 38, 41 n.4 (1984)); *cf. Stewart v. Hooters of America, Inc.*, No. 8:04-cv-40-T-17MAP, 2007 WL 1752843, at *1 (M.D. Fla. Jun. 18, 2007) ("The real purpose of a motion *in limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial.").

Under Federal Rule of Civil Procedure 37(c), if a party fails to timely supplement its discovery responses, as required by Rule 26(e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  "The sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Frasca v. NCL Ltd.*, 2014 U.S. Dist. LEXIS 22793, *11 (S.D. Fla. Feb. 24, 2014).  The "party who is alleged to have failed to comply with Rule 26 bears the burden to show that its actions were substantially justified or harmless." *Parrish v. Freightliner, LLC*, 471 F. Supp. 2d 1262, 1268 (M.D. Fla. 2006).

Defendants' interrogatory responses largely claim that all facts concerning their claims were previously filed with the Court, or can be found in Defendants' Answer and Counterclaims. Accordingly, under Rule 37(c), Defendants should be precluded from introducing evidence that goes beyond the scope of these responses.  Therefore, with respect to the issue of abandonment of NEXTEL and Sprint's alleged fraud on the USPTO, Defendants represented that all the facts they knew on these claims were Sprint's allegedly "public" announcements on abandonment from 2008 to 2014, and the evidence of abandonment that Defendants previously filed with the Court. Defendants should not be permitted to introduce evidence or testimony that goes beyond this representation.  Similarly, with respect to Defendants' claims for defamation, tortious interference, estoppel, laches and unclean hands, Defendants represented that all relevant facts in support of these claims could be found in Defendants' Answers, Counterclaims, and documents previously produced.  Accordingly, Defendants should not be permitted to introduce any facts as to these claims that are not set forth in their pleadings, or contained in Defendants' document production. Finally, Defendants were asked to identify all facts they relied upon to show that Sprint had abandoned its Chirp Mark.  In response Defendants stated only that "they have discovered no evidence that Sprint uses the Chirp Mark in commerce as a trademark."  Defendants should therefore be limited to testimony that they have not located evidence of use of the Sprint Chirp to support their claim of abandonment.  *See Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2015 WL 2239087, at *3 (S.D. Fla. May 12, 2015) (holding that facts and theory of case set forth in interrogatory responses were binding, and that party could not introduce additional facts or themes at trial that were not included in interrogatory responses).

Defendants chose to submit interrogatory responses as to the scope of their claims and defenses that identify virtually no facts outside of their original pleadings. Given that Sprint

previously moved to compel additional information and Defendants declined to supplement, allowing Defendants to introduce evidence or testimony outside the scope of their interrogatory responses would amount to trial by ambush. *See, e.g.*, *HDR Eng'g, Inc. v. R.C.T. Eng'g, Inc.*, No. 08-CV-81040, 2009 WL 10668922, at *3 (S.D. Fla. Apr. 21, 2009) (ordering party to provide facts in response to basic contention interrogatories, and stating that failing to do so would amount to "trial by ambush" in derogation of the rules of liberal discovery).  If an order excluding inconsistent evidence is not entered in advance of trial, it will be virtually impossible to assert objections to the introduction of information outside the scope of interrogatory responses before the jury hears such testimony.

## IV.    CONCLUSION

For the foregoing reasons, Sprint respectfully requests that the Court issue an order that Defendants are precluded from introducing evidence or testimony on the alleged abandonment of NEXTEL or the Sprint Chirp, tortious interference, defamation, fraud on the U.S.P.T.O., or the affirmative defenses of unclean hands, estoppel and laches, that is outside the scope of the information provided by Defendants in the interrogatory responses set forth above.

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1</u>

Pursuant to S.D. Fla. L.R. 7.1(a)(3), counsel for Plaintiff certifies that it has conferred with James Kernell, Defendants' counsel, prior to filing this motion and that Defendants oppose the relief requested herein.

Dated: July 19, 2019                 Respectfully submitted,

                                      /s/ Emily Y. Rottmann
                                      Sara F. Holladay-Tobias
                                      Fla. Bar No. 26225
                                      Emily Y. Rottmann
                                      Fla. Bar No. 93154
                                      stobias@mcguirewoods.com
                                      erottmann@mcguirewoods.com
                                      flservice@mcguirewoods.com
                                      clambert@mcguirewoods.com
                                      MCGUIREWOODS LLP
                                      50 North Laura Street, Suite 3300
                                      Jacksonville, Florida  32202
                                      Tel:   (904) 798-3200
                                      Fax:   (904) 798-3207

                                      — and —

                                      Brad R. Newberg *(admitted pro hac vice)*
                                      bnewberg@mcguirewoods.com
                                      MCGUIREWOODS LLP
                                      1750 Tysons Boulevard, Suite 1800
                                      Tysons, Virginia 22102
                                      Tel:   (703) 712-5000
                                      Fax:   (703) 712-5050

                                      — and —

                                      Lucy Jewett Wheatley *(admitted pro hac vice)*
                                      Amanda L. DeFord *(admitted pro hac vice)*
                                      lwheatley@mcguirewoods.com
                                      adeford@mcguirewoods.com
                                      MCGUIREWOODS LLP
                                      800 East Canal Street
                                      Richmond, Virginia 23219
                                      Tel:   (804) 775-1000
                                      Fax:   (804) 775-1061

                                      *Attorneys and Trial Counsel for Plaintiff Sprint
                                      Communications, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 19, 2019, a true and correct copy of the foregoing was filed with the Court using the CM/ECF system, which will send notice to all counsel listed on the below Service List.

/s/ Emily Y. Rottmann
Attorney

## **SERVICE LIST**
### **Case No. 0:18-cv-60788-JEM-LSS**

Wayne Howard Schwartz, Esq.
LEE & AMTZIS
5550 Glades Road
Suite 401
Boca Raton, FL 33431
schwartz@leeamlaw.com

– and –

James J. Kernell, Esq.
Kyle D. Donnelly, Esq.
ERICKSON KERNELL IP
8900 State Line Road, Suite 500
Leawood, KS 66206
jjk@kcpatentlaw.com
kdd@kcpatentlaw.com

*Counsel for Defendants*