UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60788-CIV-MARTINEZ/SNOW

SPRINT COMMUNICATIONS, INC.,

        Plaintiff/Counter-Defendant,

v.

STEPHEN CALABRESE, as an individual,
NEXTEL, INC. d/b/a NEXTEL WORLDWIDE,
RETROBRANDS USA LLC, JEFFREY
KAPLAN, as an individual, and NEXTEL
MOBILE WORLDWIDE, Inc.,

        Defendants/Counterclaimants.
_____/

## REPORT AND RECOMMENDATIONS

THIS CAUSE is before the Court on Plaintiff's/Counter-Defendant's Motion for Rule 11 Sanctions (ECF No. 85).

## I. BACKGROUND

Sprint filed this action on April 11, 2018, alleging multiple statutory and common law claims relating to Defendants' use of the NEXTEL mark. On November 7, 2018, the Court denied Sprint's Motion for Preliminary Injunction (ECF No. 78). On that same date, the Court granted Sprint's motion to amend its complaint to include claims against another defendant, Nextel Mobile Worldwide, Inc. In its Amended Complaint, Sprint alleges, *inter alia*, trademark infringement, unfair competition, counterfeiting, cybersquatting, and that the Defendants' conduct is a violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.211. Amended Complaint (ECF

No. 80).

According to the Amended Complaint, Defendants are using the "widely known and widely accepted" NEXTEL trademark to advertise wireless communications services "in a scheme to mislead consumers." Amended Complaint (ECF No. 80), at ¶7. Specifically, Sprint alleges that it has "owned and used" the NEXTEL brand for the last thirty years, and has two valid trademark registrations (for telecommunications services and related equipment), and that the Defendants adopted the NEXTEL brand to increase the likelihood that consumers encountering the Defendants' products would mistakenly believe that the goods and services were genuine NEXTEL products. Id., at ¶¶26, 28, 120, 130, 136, 164. The Defendants promote their products and services at trade shows and on their website(s), and also applied to register the NEXTEL trademark and sought to cancel Sprint's registration for the NEXTEL trademarks. Id., at ¶¶40, 44, 54, 60, 74. After this case was filed, the Defendant Retrobrands applied for a registration of "the famous NEXTEL 'chirp' as a sound trademark, and Defendants began using a new website, nextelmobileworldwide.com, which uses the chirp and also includes promotional material for a "Nextel watch." Id., at ¶¶87, 93, 102. According to Sprint, it already owns a valid trademark registration for the distinctive NEXTEL "chirp" sound, at Reg. No. 5,0427,282, and continues to use that mark. Amended Complaint (ECF No. 80), at ¶¶88-91.

On December 5, 2018, Defendants filed their Answer and Affirmative Defenses to the Amended Complaint, alleging defenses of abandonment, fraud, preemption, and other bases for affirmative relief. Answer to Amended Complaint (ECF No. 83) Defendants also brought a Counterclaim that the trademark is unenforceable, that any registration of the trademark by Sprint should be cancelled due to Sprint's fraud, that Sprint has defamed the Defendants and has engaged

in unfair competition and other violations of statutory and common law. Id. Sprint filed its answer to the Amended Counterclaim on December 5, 2018. (ECF No. 84)[1]

On January 2, 2019, Sprint filed a Motion for Rule 11 Sanctions, arguing that the Defendants' Answer, Affirmative Defenses and Counterclaim to Sprint's Amended Complaint falsely alleged that Sprint abandoned the NEXTEL "chirp" sound trademark, and made several "blanket denials of indisputably true facts." Motion (ECF No. 85), at 4. Sprint advised the Defendants on December 12, 2018, that it intended to seek Rule 11 relief if the Defendants did not withdraw their denials and their allegations related to the "chirp" trademark. Defendants responded to Sprint's Motion by arguing that the Defendants properly denied Sprint's allegations, and that Rule 11 sanctions should be imposed against Sprint itself for its conduct. Response (ECF No. 90). According to the Defendants, their denials and their counterclaims are objectively reasonable. The Defendants also note that they invited Sprint's counsel to discuss the Rule 11 Motion, but Sprint's counsel failed to do so. Id., at 14.

## II. DISCUSSION

Rule 11 of the Federal Rules of Civil Procedure governs the conduct of parties and

---

[1] According to the Pretrial Stipulation filed by Sprint on August 14, 2019, Sprint seeks $6,000,000 in statutory damages for counterfeiting, $400,000 in statutory damages for cybersquatting, and seeks to treble any award of damages in its favor. Stipulation (ECF No. 167), at 7. Sprint also seeks disgorgement of $428,681.54, which it claims are the Defendants' "infringing profits." Id. The Defendants seek damages for Sprint's interference with Defendants' business relationships ($4,299,520 for Defendant Nextel, Inc., and $429,952 for Defendant Retrobrands), damages to the Defendants' reputation ($7,278,432 for Defendant Nextel, Inc., and $727,843 for Defendant Retrobrands), plus punitive damages of $1,000,000. Id., at 10-11. In addition, Sprint estimates that its claim for attorneys' fees for this case will be $1.3 million, and Defendants estimate that their fees will be $300,000 (of which $200,000 already has been incurred). Stipulation (ECF No. 167), at 11, 23.

3

their attorneys as to the filing of pleadings, written motions, and other papers with the court. The Rule provides as follows:

> By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). If, after notice and a reasonable opportunity to respond, a court finds that Rule 11 has been violated, the Rule allows for imposition of an "appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2).

Sprint argues that the Defendants improperly denied Sprint's allegations in thirteen paragraphs, ¶¶93-97, 99-105, 107, of the Amended Complaint. Sprint also argues that the Defendants improperly denied "verifiable facts" in paragraphs 88-91 of the Amended Complaint. Rule 11 Motion (ECF No. 85). The Defendants respond that their denials were required because in each of the allegations Sprint claimed that the Defendants' conduct was counterfeiting; the Defendants also

4

observe that while Sprint's Rule 11 letter sent in mid-December 2018 challenged 49 denials (by the Defendants) that allegedly were "factually unsupportable," Sprint's Rule 11 Motion only addresses 17 of those denials. Response (ECF No. 90), at 4. The Defendants also argue that Sprint's allegations in paragraphs 93-97 improperly are brought as to all Defendants, including the individual Defendants Calabrese and Kaplan, when such allegations are not supportable by Sprint. Response (ECF No. 90), at 9.

As a sanction for the claimed Rule 11 violations, Sprint seeks an order striking from Defendants' Answer "all improper denials" and deeming the allegations in the Amended Complaint in each of the corresponding paragraphs admitted, dismissing with prejudice all of the Defendants' affirmative defenses and counterclaims related to the "chirp" mark and Reg. No. 5,0427,282, and awarding Sprint its fees and costs for answering those counterclaims and for bringing the Rule 11 Motion.

It is well established that the standard for testing conduct under Rule 11 is "reasonableness under the circumstances." Anderson v. Smithfield Foods, Inc., 353 F.3d 912 (11th Cir. 2003), quoting United States v. Milam, 855 F.2d 739, 743 (11th Cir. 1988). The Eleventh Circuit requires that a court first determine whether the challenged claims "are objectively frivolous - in view of the facts or law - and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252 (11th Cir. 1996). Further, any sanction under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

In Anderson, the court found that plaintiffs' counsel were not unreasonable in pleading a claim which the court found was not viable, and the court was "unable to conclude that

5

only an unreasonable lawyer would have made these claims." Id., at 916. Here, the main thrust of Sprint's argument is that the Defendants refused to admit 13 paragraphs of allegations in Sprint's Amended Complaint, each of which describes the conduct inquired about as "counterfeit," *e.g.*, Sprint described the Defendants' "New Counterfeit Domain" when referring to the domain: nextelmobileworldwide.com, or referred to the Defendants' "Counterfeit Watch Brochure." Sprint's Rule 11 Motion (ECF No. 85), at 7-15 (referring to ¶¶93-94, 103-104). By choosing to use "counterfeit" in each of its allegations in these paragraphs, Sprint put the Defendants in a position where they were compelled to deny the allegations and the Court finds that the denials were reasonable under the circumstances. At least one district court decision in this Circuit interpreting the federal statutory definition of counterfeit noted that it reaches "only cases in which the counterfeit mark is used in connection with the same goods and services as those for which the mark is registered ... *and is in use.*" Ford Motor Co. v. O.E. Wheel Distributors, LLC, 868 F. Supp. 2d 1350, 1371 (M.D. Fla. 2012) (emphasis added), citing the text of 15 U.S.C. §1116(d)(1)(B)(I).[2]

Sprint argues that the Defendants could have disagreed with Sprint's "phrasing" or portions of the allegations and then admitted the "indisputable facts." In support of its argument Sprint refers to Olivas v. A Little Havana Check Cash, Inc., No. 05-22599, 2008 WL 11333096 (S.D. Fla. Jan. 24, 2008). In Olivas, then-District Judge Jordan noted that a part of the reason for imposing Rule 11 sanctions against an attorney was that attorney's denials of facts based on scrivener's errors. Id. For example, a counterclaim in that case alleged that on April 15, 2005, the attorney's client had forged the signature of an agent from an armored car company and taken $35,000 in cash belonging to her employer. The attorney, on behalf of his client, denied the allegation, even though it was

---

[2]Count I of Sprint's Amended Complaint pleads Counterfeiting under 15 U.S.C. §§ 1114, 1116.

indisputable that his client had stolen the money on April 11, 2005. "Essentially, Mr. Zidell believes that a scrivenor's error on the date by four days justifies a denial of the entire paragraph. Mr. Zidell is sorely mistaken. At the very least, Mr. Zidell should have admitted that the theft of the $35,000 took place on April 11, 2005." Id., at *2. The holding in that case is not applicable here, where the Defendants were presented with allegations that their domain, website, and products were "counterfeit." In the context of this case, where the Defendants dispute the validity of Sprint's registrations of the NEXTEL mark, the Court does not find that "only an unreasonable lawyer" would have denied these allegations.

As to Sprint's argument that the Defendants improperly denied "verifiable facts" in paragraphs 88-91 of the Amended Complaint, the Court finds that Sprint framed its allegations such that the Defendants were compelled to deny the allegations at the time of responding, *e.g.*, in paragraph 91 Sprint claimed that it "continues to use the distinctive Sprint Chirp Mark today with Direct Connect devices which provide push-to-talk capabilities on the Sprint 3G network." Amended Complaint (ECF No. 80), at ¶ 91. As alleged proof that the Defendants should have denied that allegation in paragraph 91, Sprint refers to a letter it sent to defense counsel on November 16, 2018 (just five days before the Defendants filed their Answer), "informing Defendants' counsel that 'Sprint continues to use the Sprint Chirp Mark extensively in connection with its rugged devices and enterprise services, including as a key feature of Sprint's Direct Connect service offerings.'" Rule 11 Motion (ECF No. 85), at 16. The Defendants respond that a statement in a letter from Sprint's counsel has no evidentiary weight. Response (ECF No. 90), at 13. Sprint also claims that a "simple Google search would confirm Sprint's continued use." Id., at 17. The Court does not find that Sprint's claimed evidence is so overwhelming or persuasive to have required a reasonable attorney to concede the truth of Sprint's allegations in paragraph 91.

7

Similarly, in paragraph 88 of the Amended Complaint, Sprint claimed to already own a "valid and subsisting" federal trademark registration for the "chirp" sound, and provided a copy of the registration, No. 5,047,282. Amended Complaint (ECF No. 80), at ¶88. The Defendants denied that allegation, and they argue that Sprint's claim that it still uses the "chirp" sound is insufficient to compel a party to admit Sprint's allegations that the mark is "valid." The Court agrees. The Court also is not persuaded by Sprint's arguments that the Defendants improperly denied paragraphs 89-90, which seek admissions by the Defendants that Sprint was the "predecessor in interest to Nextel," and that *Sprint* successfully demonstrated a secondary meaning of the "chirp" when it obtained a registration of the "chirp," which the Defendants reasonably denied.

Sprint argues that the Defendants should be sanctioned because they fail to detail what pre-filing investigation was conducted. The Court notes that defense counsel who filed the Answer, Affirmative Defenses and Counterclaim are no longer in this case.

Sprint also accuses defense counsel of "doctoring evidence" and submitting altered documents in its Response to the Rule 11 Motion as evidence that the "chirp" is not used. See Sprint's Reply to Rule 11 Motion (ECF No. 95), at 2. After a review of the allegedly "doctored" evidence the Court rejects Sprint's argument. Sprint claims that the Defendants purposely removed the "notes" section of slides from a PowerPoint presentation because those notes include, at two places, a reference to the "Spring signature 'chirp.'" See Exhibit B to Declaration of Lucy Wheatley (public version filed at ECF No. 95-1, sealed version filed at ECF No. 176, with pages Bate-stamped SPR0004146 and SPR0004148).

It was Sprint who initially referenced the PowerPoint presentation at the center of Sprint's allegations of doctored evidence. In a Declaration of Scott Wiley, a "Sr. Product Manger, Push-To-Talk Services" for Sprint, he claimed that "Sprint has also continuously used the Sprint

8

Chirp Mark in its advertising" and as an example of this "continuous" use he referred to a PowerPoint presentation used by Sprint's "business enterprise division" when it makes sales calls, which was produced at Bates-number SPR0008522. Declaration of Wiley dated Dec. 11, 2018 (ECF No. 85-2), at ¶5. The Defendants argue, persuasively, that a PowerPoint presentation to sales representatives is not "advertising" under the Lanham Act, citing Riddell, Inc. v. Schutt Sports, Inc., 724 F. Supp. 2d 963, 977-78 (W.D. Wis. 2010). To support their opposition to Sprint's Rule 11 Motion, the Defendants provided the set of slides of the PowerPoint presentation, noting that it prominently displays a 2014 copyright date. Response to Rule 11 Motion, Exh. B (ECF No. 90-2).

Sprint then complained that by filing the PowerPoint publicly, the Defendants had violated the Protective Order entered by the Court, and Sprint requested that the Defendants withdraw the document or place it under seal. Email from Amanda DeFord to James Kernell on Jan. 14, 2019 (ECF No. 95-1). Sprint now claims that the PowerPoint slides filed by the Defendants had been "doctored" because certain notes to the presenter (who would be making the PowerPoint presentation) did not appear on the version filed by the Defendants in their Response. It appears to this Court, however, that defense counsel may have removed the "notes" portion of the document because it had been designated "Highly Confidential Attorney Eyes Only" during the parties' exchange of documents. Email of James Kernell to Amanda DeFord on Jan. 14, 2019 (ECF No. 95-1) ("Amanda, Exhibit B only includes the slides from the PowerPoint presentation with the presenter's notes redacted. It is my understanding that Sprint is claiming that the slides alone without the presenter's notes is also 'Highly Confidential Attorney Eyes Only' under the protective order. If this is not correct, please let me know. If this is correct, do we have your consent to withdraw Exhibit B [D.E. 90-2] as currently filed and refile under seal pursuant to the protective order?").

Sprint asks the Court to reject the Defendants' arguments related to the PowerPoint

presentation, claiming that Mr. Wiley's Declaration referred to a different PowerPoint presentation, beginning at Bates-numbered page SPR0008522, which is not the PowerPoint presentation submitted by the Defendants (and referred to by Sprint's counsel Ms. Wheatley as beginning at Bates-numbered page SPR0004123, Declaration of Wheatley (ECF No. 95-1), at ¶3). According to Sprint, the PowerPoint presentation it produced to the Defendants was just "an example" of one of the presentations. Reply to Rule 11 Motion (ECF No. 95), at 6.

Not only has Sprint not demonstrated that the Defendants "doctored" evidence, but the trademark of 2014 on the first page of the allegedly altered document indicates that the value of this "evidence" is not of such great weight that the omission of the presenters' notes is critical to understanding the document. Nor has Sprint submitted anything more recent to support the declaration of Mr. Wiley that Sprint has "continuously used the Sprint Chirp Mark in its advertising." Declaration of Wiley (ECF No. 85-2).

Finally, the Court notes that Sprint received the allegedly improper pleading from the Defendants on November 21, 2018, which Sprint answered on December 5, 2018. Sprint's Rule 11 Motion was not served on the Defendants until December 12, 2018, and the 21 day safe harbor period expired on Wednesday, January 2, 2019, the first business day after the end-of-year holidays. Email from Lucy Wheatley to James Kernell on Dec. 12, 2018 (ECF No. 95-1). On December 20, 2018, defense counsel noted that "[w]ith the upcoming holidays and coordinating with [co-counsel] and my clients, I won't be available to meet until after the New Years. I'll touch base with you to schedule a time that works for us all." Email from James Kernell to Lucy Wheatley on Dec. 20, 2018 (ECF No. 95-1). Sprint's counsel responded that "That is fine, but please note the safe harbor expires on January 2, 2019. We can make ourselves available for the meet and confer at any time on January 2." Email from Lucy Wheatley to James Kernell on Dec. 21, 2018 (ECF No. 95-1). The Court's

docket reflects that Sprint's Rule 11 Motion was filed at 5:26 pm on January 2, 2019.

Sprint's refusal to allow additional time for a conferral with defense counsel at the beginning of the new year, even if it would have required an extension of the safe harbor period or the filing of a renewed motion for sanctions, seems unreasonable under the circumstances. As observed by the court in White v. Brenner, No. 6:10-cv-134-Orl-28GJK, 2011 WL 4633783 (M.D. Fla. Aug. 30, 2011), Rule 11 "embodies the principle that attorneys ... have an obligation to the court to refrain from conduct that frustrates the aims of Rule 1." Rule 1 provides that the Federal Rules of Civil Procedure should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Considering the parties' arguments, the relevant case law, and Sprint's conduct in bringing the instant Motion, the Court does not find that Rule 11 sanctions are not warranted against the Defendants. The Court also denies the Defendants' request for sanctions against Sprint.

### III. CONCLUSION

For the reasons stated above, it is

RECOMMENDED that Sprint's Motion for Rule 11 Sanctions (ECF No. 85) be DENIED.

The parties shall have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by the Honorable Jose E. Martinez, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. §

636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

      DONE and SUBMITTED at Fort Lauderdale, Florida this 20th day of August, 2019.

                                                  LURANA S. SNOW
                                                  UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record