UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60788-CIV-MARTINEZ/SNOW

SPRINT COMMUNICATIONS, INC.,

        Plaintiff/Counter-Defendant,

v.

STEPHEN CALABRESE, as an individual,
NEXTEL, INC. d/b/a NEXTEL WORLDWIDE,
RETROBRANDS USA LLC, JEFFREY
KAPLAN, as an individual, and NEXTEL
MOBILE WORLDWIDE, Inc.,

        Defendants/Counterclaimants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Defendants' Expedited Motion for Entry of Preliminary Injunction (ECF No. 103), which was referred to Lurana S. Snow, United States Magistrate Judge, by the Honorable Jose E. Martinez (ECF No. 109). The Motion has been fully briefed.

## I. BACKGROUND

The Court's prior Reports entered in this case have described the relevant background, which will be summarized here only briefly. This trademark infringement action was filed by Sprint on April 11, 2018, alleging that Defendants' use of the NEXTEL mark constitutes infringement, and that Defendants have engaged in, *inter alia*, counterfeiting, cybersquatting, and violations of the Florida Deceptive and Unfair Trade Practices Act. Sprint claims to have "continuously used the famous NEXTEL Mark for nearly the last thirty years," Complaint, ¶ 27, and says that it currently sells "rugged" Sonim XP Strike and Sonim XP Strike IS phones in connection with the NEXTEL mark nationwide, id., ¶ 28.

On November 7, 2018, the Court denied Sprint's Motion for Preliminary Injunction (ECF No. 78). On that same date, the Court granted Sprint's motion to amend its complaint to include claims against another defendant, Nextel Mobile Worldwide, Inc.

The Defendants answered the Amended Complaint on December 5, 2018, and alleged several Affirmative Defenses, including, *e.g.*, defenses of abandonment, fraud, and preemption. Answer to Amended Complaint (ECF No. 83). The Defendants also brought a Counterclaim seeking a declaration that the trademark is unenforceable, that any registration of the trademark (including registration of the "push-to-talk sound mark") by Sprint should be cancelled due to Sprint's fraud, that Defendants have not infringed a trademark, and that Sprint has defamed the Defendants and engaged in unfair competition, tortious interference with Defendants' business relationships, and reverse domain name hijacking (as to the nextelworldwide.com domain name). Id. Sprint filed its answer to the Amended Counterclaim (ECF No. 84).

On February 12, 2019, the Defendants filed an Expedited Motion for Entry of Preliminary Injunction, supported by a memorandum of law and a Declaration of Defendant Stephen Calabrese, dated Feb. 5, 2019 (ECF No. 104-3), and a Declaration of Defendant Jeffrey Kaplan, dated Feb. 7, 2019 (ECF No. 104-2). According to the Defendants, in November 2018, apparently as a result of this litigation, Sprint directed a vendor to make a change to the labels of certain packaging boxes for the Sonim phones, to add the Nextel trademark to the label. The Defendants allege that such activity was done "to make it appear that Plaintiff has been using the NEXTEL mark in commerce." Motion and Memorandum (ECF No. 103, at 1; ECF No. 104, at 10-11), citing emails

(filed under seal at ECF No. 107).[1] The Defendants seek a preliminary injunction "prohibiting Sprint from introducing phones newly labeled with NEXTEL." Reply (ECF No. 118), at 12.[2]

Sprint opposes the Defendants' request for an injunction, and relies on declarations prepared by Plaintiff's counsel, Lucy Jewett Wheatley, and two Sprint employees, Melissa A. Jobe and Scott Wiley, which argue that Sprint has continuously and legally used the NEXTEL trademark and that there was nothing suspicious about the timing of the change in the label on the boxes for the Sonim phones.[3] Sprint also relies on the argument, which this Court finds compelling, that the Defendants cannot pursue a preliminary injunction on the grounds stated, because the requested relief is not anchored to a claim in the Defendants' pleading.

## II. DISCUSSION

Injunctive relief is an extraordinary and drastic remedy not frequently granted. Cafe 207, Inc v. St. Johns County, 989 F.2d 1137 (11th Cir. 1993). "Preliminary injunctions are issued when drastic relief is necessary to preserve the status quo." All Care Nursing Serv., Inc v. Bethesda

---

[1] The Defendants complain that Sprint did not produce these November 2018 emails until "[l]ess than two weeks before the close of discovery." Memorandum (ECF No. 104), at 10, which limited the ability of the Defendants to depose the authors of these emails, because Sprint objected to the less-than-14-day notices of deposition. In response, Sprint argues that it "properly supplemented its production" soon after the date of the emails, and that if Defedants' counsel "had conducted any depositions before the last week of discovery, or issued interrogatories before the deadline, they would have known of Sprint's plans for NEXTEL.... Sprint did not conceal anything." Response (ECF No. 115), at 15, n.2. The Court notes, however, that Sprint not only had a duty to supplement its production in response to prior requests, but also had a duty under Rule 26(e)(1) to supplement or correct any initial disclosure made under Rule 26(a).

[2] In their Motion, the Defendants requested that the Court enjoin Sprint "from applying or having applied any labels which include NEXTEL in any form to any of its products until the issues of this case are finally decided." Memorandum in Support of Motion for Entry of Preliminary Injunction (ECF No. 104), at 14.

[3] Ms. Jobe had appeared before the Court and testified on May 8, 2018, in support of Sprint's Motion for Preliminary Injunction. Ms. Jobe is employed by Sprint United Management Company, an indirect wholly owned subsidiary of Sprint Corporation; Sprint Communications, Inc. (the Plaintiff here), also is a wholly owned subsidiary of Sprint Corporation. Declaration of Jobe, at ¶¶2-3. (ECF No. 115-1) Ms. Jobe is responsible for managing the intellectual property, including Sprint's registered trademarks.

Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989). To obtain a preliminary injunction the moving party must conclusively establish:

> (1) a substantial likelihood of success on the merits,
>
> (2) a substantial threat that the movant will suffer irreparable injury if injunctive relief is not granted,
>
> (3) the threatened injury to the movant outweighs the threatened harm injunctive relief may cause to the opposing party, and
>
> (4) issuance of the injunction would not be adverse to the public interest.

American Red Cross v. Palm Beach Blood Bank, Inc., 143 F.3d 1407, 1410 (11th Cir. 1998). The movant has the burden of proof as to each of these elements, and if it fails to sustain its burden as to any one of these prerequisites, the motion must be denied. Cafe 207, 989 F.2d at 1137. "If any element is not proven, there is no need to address the others" and the injunction should be denied. Safarelli v. Pinellas County, 931 F.2d 718, 724 (11th Cir. 1991).

To be successful in seeking preliminary injunctive relief, a party must demonstrate that a legal right is being infringed, and the injury is one "for which there is no adequate legal remedy and which will result in irreparable injury if the injunction does not issue." Alabama v. U.S. Army Corps of Engineers, 424 F.3d 1117, 1127 (11th Cir. 2005), citing Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506 (1959). Importantly, "any motion ... [for] a preliminary or permanent injunction must be based upon a cause of action .... There is no such thing as a suit for a traditional injunction in the abstract." Id., citing Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1097 (11th Cir. 2004) (internal quotations omitted).[4]

---

[4] The relationship between the injunctive relief sought and the claims in the moving party's pleadings also is implicit in the provision, in Rule 65, Fed. R. Civ. P., that "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." Fed. R. Civ. P. 65(a)(2).

The Defendants are seeking a preliminary injunction in the abstract, without naming a cause of action in their pleading to which the injunction relates. Although the Defendants brought their Motion for a Preliminary Injunction without referring to their Counterclaim specifically, the Court has reviewed the Counterclaim.[5] The Counterclaim seeks declaratory relief as to the validity of Sprint's trademark(s), and also seeks damages for Sprint's unfair competition, defamation and tortious interference with the Defendants' business relationships, and for Sprint's alleged reverse domain name hijacking (as to the nextelworldwide.com domain name).[6]

In their request for a preliminary injunction, the Defendants seek an injunction prohibiting Sprint "from introducing phones newly labeled with NEXTEL." Reply (ECF No. 118), at 12. The only claim in the Counterclaim that even arguably relates to the relief sought in the Defendants' Motion for Preliminary Injunction is the Defendants' common law claim that Sprint engaged in unfair competition. The allegations of that claim do not, however, support the Defendants' effort to obtain preliminary injunctive relief. According to the Counterclaim:

> 93. Sprint has engaged and continues to engage in unfair competition by taking steps to prevent Counterclaimants from using a trademark which has been long ago abandoned by Sprint.
>
> 94. Sprint has also engaged and is engaging in unfair competition by falsely claiming that it continues to maintain trademark rights in NEXTEL, and by falsely informing the public and Counterclaimant's distributors and customers that Counterclaimants are counterfeiters and thieves of the NEXTL mark.
>
> 95. On information and belief, Sprint has committed the acts complained of herein in order to harm Counterclaimants' reputations and businesses.
>
> 96. As a direct and proximate result of Sprint's willful and intentional unfair competition, Counterclaimants have suffered and will continue to suffer irreparable harm if Sprint's conduct is not enjoined.

Answer, Affirmative Defenses, and Counterclaim (ECF No. 83). While the allegation in paragraph 94, that Sprint is "falsely claiming that it continues to maintain trademark rights in NEXTEL," might

---

[5] The Motion is styled as the "Defendants' Motion," and not as the "Counterclaimants' Motion."

[6] The Counterclaimants also seek a declaration that their own conduct was not infringing.

be viewed broadly as encompassing conduct similar to that ascribed to Sprint in the Defendants' Motion, that allegation in the pleading, without being connected to the relief requested in the Motion, does not support the Defendants' claim for preliminary injunctive relief. Notably, in their reply the Defendants did not even address Sprint's argument that the request for an injunction is improper because it does not match the Defendants' pleading.

Because the Defendants have failed to demonstrate a *cause of action* on which they base their request for a preliminary injunction, they cannot meet the first element of the test for entry of a preliminary injunction and, thus, the Court need go no further.

### III. CONCLUSION

The Defendants have failed to establish a substantial likelihood of success on the merits of any claim which could support their request for entry of a preliminary injunction. Based on the above, it is

RECOMMENDED that Defendants'/Counterclaimants' Expedited Motion for Entry of Preliminary Injunction (ECF No. 103) be DENIED. Further, in light of other deadlines in this case, the parties are directed to file their written objections, if any, within 7 (seven) days from the date of being served with a copy of this Report and Recommendation, for consideration by the Honorable Jose E. Martinez, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 12th day of September, 2019.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to: Counsel of Record