UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

SPRINT COMMUNICATIONS, INC.,

    Plaintiff/Counterclaim Defendant,

v.

STEPHEN CALABRESE, as an individual, NEXTEL, INC. d/b/a NEXTEL WORLDWIDE, RETROBRANDS USA LLC, JEFFREY KAPLAN, as an individual, and NEXTEL MOBILE WORLDWIDE INC.

    Defendants/Counterclaimants.

Case No. 0:18-cv-60788-JEM-LSS

Jury Trial Demanded

**PLAINTIFF SPRINT COMMUNICATIONS, INC.'S
UNOPPOSED MOTION FOR LEAVE TO FILE UNDER
<u>SEAL CERTAIN DESIGNATED DEPOSITION TRANSCRIPTS</u>**

Plaintiff and Counterclaim Defendant Sprint Communications, Inc. ("Sprint"), by and through its undersigned counsel and pursuant to Local Rule 5.4(b) and Paragraph 12 of the August 29, 2018 Confidentiality Stipulation and Protective Order [D.E. 67], moves the Court for leave to file transcripts of the depositions of Melissa Jobe, Brian Mancuso, Thomas Shaughnessy, and Scott Wiley (the "Deposition Transcripts") under seal, or, in the alternative, for leave to submit the Deposition Transcripts to the Court for *in camera* inspection. As grounds thereof, Sprint states as follows:

    1.    On August 29, 2018, the Court entered an agreed upon Confidentiality Stipulation and Protective Order [D.E. 67], permitting the parties in the above-captioned case to designate documents produced in the course of discovery as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only."

2. Over the course of this litigation, Sprint has designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" a number of internal sales materials, internal branding strategies, financial and other sales data, exemplar invoices and purchase orders, and third-party confidential offers that contain Sprint's confidential and proprietary business information. The Deposition Transcripts Sprint seeks to file under seal contain testimony related to confidential and/or highly confidential documents and/or discuss and reveal the content of that confidential and/or highly confidential information.

3. This Court has previously permitted Sprint to file portions of these depositions under seal in support of Sprint's motion for Summary Judgment. [D.E. 135].

4. Sprint seeks to file the above-referenced Deposition Transcripts pursuant to this Court's Order Setting Civil Trial Date and Pretrial Schedule, Requiring Mediation, and Referring Certain Motions to Magistrate Judge. [D.E. 54].

5. Accordingly, Sprint submits that it would be appropriate for the Court to allow Sprint to file this information with the Court under seal to allow consideration of the documents without revealing Sprint's designated information.

6. Consistent with Local Rule 5.4(b)(1), Sprint has not filed copies of the above-referenced Deposition Transcripts, but it can provide them to the Court immediately upon request.

## **MEMORANDUM OF LAW**

According to the U.S. Supreme Court, the right of the public to access judicial records is not absolute. *See Globe Newspaper Co. v. Superior Court for Norfolk County,* 457 U.S. 596, 598 (1982). When deciding whether to grant a party's motion to seal, the Court is required to balance the historical presumption of access against competing interests. *See Newman v. Graddick,* 696 F.2d 796, 803 (11th Cir.1983). In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the

degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). "Good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury." *Vista India, Inc. v. Raaga, LLC,* Case No. 07–1262, 2008 WL 834399, at *2 (D. N.J. Mar. 27, 2009). Where allowing public access to documents could violate Sprint's legitimate and private interests, sealing the record is appropriate. *See NXP B.V. v. Research In Motion, Ltd.,* No. 6:12-CV-498-ORL-22, 2013 WL 4402833, at *2 (M.D. Fla. Aug. 15, 2013).

In the instant matter, the Confidentiality Stipulation and Protective Order recognizes that, due to the nature of this case, the parties are required to produce and occasionally file commercially sensitive, non-public information with the Court that reflects their business and marketing strategies, sales, and other non-public sensitive, proprietary information. Sprint's request that the Court permit it to file the Deposition Transcripts under seal is in accord with the spirit and purpose of the Confidentiality Stipulation and Protective Order as these Deposition Transcripts contain testimony and discussion of documents that have been designated as "Highly Confidential – Attorneys' Eyes Only" by Sprint.

Courts have previously found good cause to permit filing under seal where proprietary information and/or trade secrets are at issue. *See, e.g., Joao Bock Transaction Sys., LLC v. Fid. Nat'l Info. Servs., Inc.*, Case No. 3:13-cv-223-J-32JRK, 2015 U.S. Dist. LEXIS 13241, at *6 (M.D. Fla. Feb. 4, 2015) ("the Court finds good cause for filing the invalidity and infringement contentions under seal as they contain trade secret information regarding the accused and other banking software products"); *Bastian v. United Servs. Auto. Ass'n*, Case No. 3:13-cv-1454-J-32MCR, 2014 U.S. Dist. LEXIS 169392, at *4-5 ("The Court finds that there is good cause for

USAA to file the materials at issue under seal. USAA has shown that its internal operating procedures are proprietary and may be relevant to the Court's consideration of USAA's motion for summary judgment."); *WIT Walchi Innovation Techs, Gmbh v. Westrick*, Case No. 12-CIV-20072-COHN/SELTZER, 2012 U.S. Dist. LEXIS 7907 (S.D. Fla. Jan. 24, 2012) ("Revelation of trade secrets would be a reason to seal an agreement."). In fact, another court has previously permitted the sealing of the License Agreement and related documents on just these grounds. *See Alexsam, Inc. v. Mastercard Int'l Inc.*, Case No. 1:15-cv-02799-BMC (D.E. 5) (E.D.N.Y. May 15, 2015) ("The Court finds that the qualified right of public access is outweighed by the need to protect confidential and proprietary commercial information.").

Accordingly, Sprint respectfully requests leave to file the Deposition Transcripts under seal because: (1) Sprint has designated the material as highly confidential under the terms set forth in the Confidentiality Stipulation and Protective Order, which expressly recognizes that the parties may seek leave to file designated material under seal; and (2) the Deposition Transcripts constitute documentary evidence requested by this Court and required for trial; and (3) requiring Sprint to file the Deposition Transcripts publicly would force Sprint to disclose publicly information that it has previously designated.

Sprint submits that the seal should be permanent in light of the Confidentiality Stipulation and Protective Order. Alternatively, for similar reasons stated above, Sprint request leave to submit the Deposition Transcripts to the Court for *in camera* inspection.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Sprint respectfully requests that this Court grant this Motion and grant Sprint leave to file transcripts of the depositions of Melissa Jobe, Brian Mancuso, Thomas Shaughnessy, and Scott Wiley under seal. Alternatively, Sprint requests leave to submit those Deposition Transcripts to the Court for *in camera* inspection.

5

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to Local Rule 7.1, counsel for Sprint certifies that it has conferred with James J. Kernell, counsel for Defendants, prior to filing this motion and that Defendants do not oppose the relief requested herein.

Date:   September 20, 2019                    Respectfully submitted,

*/s/ Emily Y. Rottmann*

Sara F. Holladay-Tobias
Fla. Bar No. 26225
Emily Y. Rottmann
Fla. Bar No. 93154
stobias@mcguirewoods.com
erottmann@mcguirewoods.com
flservice@mcguirewoods.com
clambert@mcguirewoods.com
MCGUIREWOODS LLP
50 North Laura Street, Suite 3300
Jacksonville, Florida  32202
Tel:   (904) 798-3200
Fax:   (904) 798-3207

— *and* —

Brad R. Newberg *(admitted pro hac vice)*
bnewberg@mcguirewoods.com
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia 22102
Tel:   (703) 712-5000
Fax:   (703) 712-5050

— *and* —

Brian C. Riopelle (*admitted pro hac vice*)
Lucy Jewett Wheatley *(admitted pro hac vice)*
Amanda L. DeFord *(admitted pro hac vice)*
Claire Hagan Eller *(admitted pro hac vice)*
briopelle@mcguirewoods.com
lwheatley@mcguirewoods.com
adeford@mcguirewoods.com
celler@mcguirewoods.com
MCGUIREWOODS LLP
800 East Canal Street
Richmond, Virginia 23219
Tel:   (804) 775-1000
Fax:   (804) 775-1061

*Attorneys and Trial Counsel for Plaintiff Sprint Communications, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 20, 2019, a true and correct copy of the foregoing was filed with the Court using the CM/ECF system, which will send notice to all counsel listed on the below Service List.

/s/ *Emily Y. Rottmann*

## SERVICE LIST
### Case No. 0:18-cv-60788-JEM-LSS

Wayne Howard Schwartz, Esq.
LEE & AMTZIS
5550 Glades Road
Suite 401
Boca Raton, FL 33431
schwartz@leeamlaw.com

– *and* –

James J. Kernell, Esq.
Kyle D. Donnelly, Esq.
ERICKSON KERNELL IP
8900 State Line Road, Suite 500
Leawood, KS 66206
jjk@kcpatentlaw.com
kdd@kcpatentlaw.com
*Counsel for Defendants*