UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 18-cv-60788-MARTINEZ

SPRINT COMMUNICATIONS, INC.,

    Plaintiff,

v.

STEVEN CALABRESE, *et al.*,

    Defendants.
_____/

## ORDER GRANTING IN PART MOTION FOR RECONSIDERATION

THIS CAUSE came upon Plaintiff's Motion for Reconsideration of the Court's Order on Summary Judgment (the "Motion for Reconsideration"), (ECF No. 230). Having reviewed pertinent parts of the record; Defendants' Motion for Summary Judgment, (ECF No. 120); Plaintiff's Motion for Summary Judgment, (ECF No. 122); Omnibus Order, (ECF No. 222); Motion for Reconsideration, (ECF No. 230); Defendants' Response Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration, (ECF No. 233); and Plaintiff's Reply in Support of Its Motion for Reconsideration, (ECF No. 234), and otherwise been fully advised as to the premises, the Motion for Reconsideration is GRANTED IN PART and DENIED IN PART for the following reasons:

**I.**    **BACKGROUND**

On October 14, 2021, the Court entered its Omnibus Order denying the Parties' cross-motions for summary judgment, (ECF Nos. 120, 122 & 122-1). (*See generally* Omnibus Order 12–13, ECF No. 222.) The Court found that there were genuine disputes of material fact that make summary judgment inappropriate because multiple inferences can be drawn from the record, and

inference-drawing is solely within a jury's province. (*Id.* at 11–12.) Pertinent to the Motion for Reconsideration, the Court summarily denied the Parties' motions for summary judgment as to three of Defendants' counterclaims without directly addressing the Parties' respective arguments: tortious interference with business relationship, tortious interference with business relationships (Counterclaim Count V), tortious interference with contractual relationships (Counterclaim Count VI), and defamation (Counterclaim Count VII). (*Id.* at 12–13.) Plaintiff now moves for reconsideration of the Court's Omnibus Order solely as to those counterclaims. (Mot Reconsideration, ECF No. 230.)

## II. LEGAL STANDARDS

### A. *Motion for Reconsideration Standard*

Federal Rule of Civil Procedure 60 provides that a party may seek relief from a judgment or order to correct a clerical mistake or where mistake, excusable neglect, newly discovered evidence, fraud, satisfaction or release of a judgment, or the interests of justice justify reconsideration of a judgment or order. Fed. R. Civ. P. 60(a). Courts, however, employ this remedy sparingly and, generally, recognize three major grounds for reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (citation omitted); *see also Williams v. QuikTrip Corp.*, 817 F. App'x 743, 747 (11th Cir. 2020) ("The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact." (alterations omitted)). Indeed, parties "cannot use a . . . motion for reconsideration to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted); *Z.K. Marine, Inc. v. M/V*

*Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) ("It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly." (citation omitted)).

### B. *Summary Judgment Standard*

Courts grant summary judgment where "the depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , or other materials . . . show . . . that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). Rule 56 requires entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"The moving party bears the initial burden to show, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *accord Kol B'Seder, Inc. v. Certain Underwriters at Lloyd's of London Subscribing to Certificate No. 154766 Under Cont. No. B0621MASRSWV15BND*, 766 F. App'x 795, 798 (11th Cir. 2019). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark*, 929 F.2d at 608. When the moving party has carried its burden, the party opposing summary judgment must do more than show that there is "metaphysical doubt" as to any material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the pleadings and, by her own affidavits, or by the depositions, answers to interrogatories, and

admissions on file, *designate specific facts showing that there is a genuine issue for trial*." *Celotex Corp.*, 477 U.S. at 324 (emphasis added); *Kol B'Seder, Inc.*, 766 F. App'x at 798.

At summary judgment, courts are required to view the evidence and draw inferences in the light most favorable to the nonmovant. *See Matsushita Elec. Indus.*, 475 U.S. at 586; *Chapman v. Am. Cyanamid Co.*, 861 F.2d 1515, 1518 (11th Cir. 1988). "However, an inference based on speculation and conjecture is not reasonable." *Id.* (citing *Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480, 1482 (11th Cir. 1985)). "Speculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *See Matsushita Elec. Indus.*, 475 U.S. at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 270 (1968)). "[C]ross motions for summary judgment may be probative of the nonexistence of a factual dispute, but this procedural posture does not automatically empower the court to dispense with the determination whether questions of material fact exist." *Ga. State Conf. of NAACP v. Fayette Cty. Bd. of Comm'rs*, 775 F.3d 1336, 1345-46 (11th Cir. 2015). The standard of review when ruling on cross-motions for summary judgment remains the same as when a court rules on a single motion for summary judgment. *Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005)); *see also United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir. 1984) ("Cross-motion . . . will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." (citation omitted)).

**III.   DISCUSSION**

Here, while Plaintiff re-asserts arguments previously raised in its Motion for Summary Judgment, the Court nevertheless finds that clarification is appropriate as to Defendants' counterclaims for tortious interference and reconsideration is appropriate as to Defendants' defamation counterclaim. Accordingly, the Court directly addresses the parties' motions for summary judgment as to the subject counterclaims.

    **A.**    ***Defendants' Counts for Tortious Interference (Counterclaim Counts V & VI)***

Defendants allege that Plaintiff tortiously interfered with their business and contractual relationships when Plaintiff sent cease-and-desist letters to Defendants' distributors. (Defs.' Answer First Am. Compl. & Countercl. ¶¶ 71–80, ECF No. 83.) In its Motion for Summary Judgment, Plaintiff's argued that summary judgment was appropriate as to Defendants' counterclaims for tortious interference (Counterclaim Counts V & VI) because "sending a letter in a [sic] good faith to protect one's trademark cannot, as a matter of law, constitute tortious interference." (Pl.'s Mot. Summ. J. 26, ECF Nos. 120 & 122-1 (citing *Miracle 7, Inc. v. Halo Couture, LLC*, No. 13-61643-CIV-ROSENBAUM/HUNT, 2014 WL 11696708, at (S.D. Fla. Jan. 17, 2014)).) Simultaneously, Defendants moved for summary judgment on these counterclaims, although Defendants did not directly respond to Plaintiff's motion as to these counterclaims. (Defs.' Mot. Summ. J. 11, ECF No. 120.) Defendants did, however, incorporate their arguments in their Response to Plaintiff's Motion for Summary Judgment, (ECF No. 138, at 5). To this end, Plaintiff argues that Defendants waived its arguments concerning its counterclaims because it did not argue in opposition to Sprint's Motion for Summary Judgment on those counterclaims. The Court disagrees with Plaintiff as Defendants, moved for summary judgment on those same counterclaims simultaneously with Plaintiff and provided their arguments to the Court.

To state a cause of action for tortious interference with a business relationship, a claimant must prove that (1) there exists a business relationship between the claimant and a third party, (2) the defendant knew about that relationship, (3) the defendant intentionally and unjustifiably interfered with that relationship, and (4) the claimant was damaged by the interference. *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 812, 814 (Fla. 1994). Similarly, "[t]he tort of contractual interference occurs when: a contract exists; the [defendant] has knowledge of the contract; the [defendant] intentionally interferes with a party's rights under the contract; there is no justification or privilege for the interference; and there are damages." *Mariscotti v. Merco Grp. At Akoya, Inc.*, 917 So. 2d 890, 892 (Fla. 3d DCA 2005) (first citing *Am. Med. Int'l, Inc. v. Scheller*, 462 So. 2d 1, 8 (Fla. 4th DCA 1984); and then citing *Cedar Hills Props. Corp. v. E. Fed. Corp.*, 575 So. 2d 673, 676 (Fla. 1st DCA 1991)).

First looking to Defendants' tortious interference with a business relationship counterclaim, the record before the Court supports that (1) Defendants had ongoing business relationships and contracts with distributors, (Defendants' Statement of Material Facts in Support of their Motion for Summary Judgment ("Defs.' SOMF") ¶¶ 47–48, ECF No. 121; Plaintiff's Statement of Undisputed Material Facts ("Pl.'s SOMF") ¶ 40, ECF No. 122-2; Jobe Decl. ¶¶ 36–39, ECF No. 122-3; Jobe Decl. Ex. 15, ECF No. 122-3, at 133–193); (2) Plaintiff knew about Defendants' relationships and contracts with those distributors, (Jobe Decl. ¶¶ 31–35, ECF No. 122-3; Defs.' SOMF ¶ 47, ECF No. 121); (3) Plaintiff *intentionally* interfered with those relationships and contracts by sending cease-and-desist letters to those distributors, (Jobe Decl. ¶ 35, ECF No. 122-3 ("In the [cease and desist l]etters, I indicated that the NW Entity was using the famous NEXTEL Mark without authorization, demanded that the NW Entity and its distributors and dealers cease use the [sic] famous NEXTEL Mark immediately, and requested a

full accounting of all revenue received through the use of Sprint's famous NEXTEL Mark."); Defs.' SOMF ¶ 47, ECF No. 121); and (4) that Defendants suffered damages because of Plaintiff's interference, (Defs.' SMOF ¶ 51, ECF No. 121.) The question, however, whether Plaintiff's interference was *unjustified* or otherwise unprivileged remains unclear. *See Ethan Allen*, 647 So. 2d at 814; *Mariscotti*, 917 So. 2d at 892. Of course, the Court recognizes that "[c]ourts routinely reject tortious-interference claims based on good-faith efforts to enforce intellectual property rights" when ruling on motions to dismiss. *Tenet Sols., LLC v. Amberstone Enters. LLC*, No. 21-80649-CIV-CANNON, 2021 WL 4991299, at *7 (S.D. Fla. July 16, 2021) (citing *Miracle 7*, 2014 WL 11696708, at *4); *see also Z Prods., Inc. v. SNR Prods., Inc.*, No. 10-CV-966-T-23MAP, 2011 WL 3754693, at * (M.D. Fla. Aug. 18, 2011) ("The trademark holder's right to warn others of infringement suits is not dependent on the validity of the trademark so long as the holder believes in good faith that his claims are valid.").

As to whether Plaintiff's interference was unjustified, Plaintiff argues that it had a good-faith basis to send the cease-and-desist letters as those letters were simply Plaintiff's "efforts to enforce its NEXTEL Mark." (Pl.'s Mot. Reconsideration 9, ECF No. 230.) Plaintiff's argument, however, would require the Court to draw inference upon inference to determine whether Plaintiff acted in good faith to enforce its trademark over the NEXTEL mark, a trademark that a reasonable jury could find was abandoned well-before Plaintiff sent the subject cease-and-desist letters. As the Court stated in its Omnibus Order, "[t]his kind of inference drawing is for the jury." (Omnibus Order 11, ECF No. 222.)

Accordingly, Plaintiff's Motion for Summary Judgment, (ECF No. 122), is DENIED as to Defendants' Counterclaims V and VI; and Defendants' Motion for Summary Judgment, (ECF No. 120), is DENIED as to Defendants' Counterclaims V and VI.

### B.  *Defendants' Count for Defamation (Counterclaim Count VII)*

Defendants' Counterclaim for defamation states that "[u]pon information and belief, [Plaintiff] has made repeated public statements, including to Counterclaimant's distributors and customers, falsely referring to Counterclaimants as counterfeiters and thieves, and accusing the Counterclaimants of seeking to steal the NEXTEL mark." (Defs.' Answer First Am. Compl & Countercl. ¶ 82, ECF No. 83.) In its Motion for Summary Judgment and, again, in its Motion for Reconsideration, Plaintiff argued that Defendants' Counterclaim for defamation (Counterclaim Count VII) was barred as a matter of law because (1) there is no genuine dispute of material fact as to what Defendants allege Plaintiff's defamatory statements were, and (2) the allegedly defamatory statements are privileged under the Florida litigation privilege. (Pl.'s Mot. Summ. J. 20, ECF Nos. 120 & 122-1; Pl.'s Mot. Reconsideration 10–12, ECF No. 230.) Defendants argue in opposition that Plaintiff's statements were made in the cease-and-desist letters, before the instant action was filed, and are, therefore, defamation *per se* as the letters injured Defendants' trade or profession. (Defs.' Mot. Summ. J. 12–13, ECF No. 120; Defs.' Resp. Opp'n Pl.'s Mot. Reconsideration 8–9, ECF No. 233.)

To state a cause of action for defamation as a matter of law, a claimant must allege that "(1) the defendant published a false statement (2) about the [claimant] (3) to a third party and (4) that the falsity of the statement caused injury to the plaintiff." *Valencia v. Citibank Int'l*, 728 So. 2d 330, 330 (Fla. 3d DCA 1999) (citing *Seropain v. Forman*, 652 So. 2d 490, 496 (Fla. 4th DCA 1995)). Statements are defamatory *per se* if they "(1) charges that a person has committed an infamous crime; (2) tends to subject one to hatred, distrust, ridicule, contempt, or disgrace; or (3) tends to injure one of his trade or profession." *Alan v. Wells Fargo Bank, N.A.*, 604 F. App'x 863, 865 (11th Cir. 2015) (citing *Richard v. Gray*, 62 So. 2d 597, 598 (Fla. 1953)). Statements that are

defamatory *per se* are considered "'so obviously defamatory' and 'damaging to reputation' that they 'give[] rise to an absolute presumption both of malice and damage.'" *Id.* (quoting *Wolfson v. Kirk*, 273 So. 2d 774, 776 (Fla. 4th DCA 1973)).

Importantly, however, "defamatory statements made in the course of judicial proceedings are absolutely privileged, *no matter how false* or malicious the statements may be, so long as the statements are relevant to the subject in inquiry." *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins.*, 639 So. 2d 606, 607–08 (Fla. 1994) (citing *Fridovich v. Fridovich*, 598 So. 2d 65, 66 (Fla. 1992)). "Consequently, the torts of perjury, libel, slander, defamation, and similar proceedings that are based on statements made in connection with a judicial proceeding are not actionable" under the Florida Litigation Privilege. *Id.* at 608 (citing *Wright v. Yurko*, 446 So. 2d 1162, 1164 (Fla. 5th DCA 1984)); *see also Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1274–75 (11th Cir. 2004) ("Florida's litigation privilege applies to the state-law claims adjudicated in federal court." (first citing *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1302–03 (11th Cir. 2003); and then citing *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 135 F. Supp. 2d 1271, 1280 (S.D. Fla. 2001))).

Here, while Defendants argue that the allegedly defamatory statements in this action stem from the cease-and-desist letters, the record shows that there is no genuine dispute of fact, even when taking the facts in the light most favorable to the non-movant, that Defendants' defamation claim stems from statements made in the Complaint, (ECF No. 1) or, generally, from this litigation and not statements from the cease-and-desist letters. (*E.g.*, ECF No. 136-3, at 148.) Accordingly, the statements upon which Defendants rely to allege a counterclaim for defamation are privileged pursuant to the Florida Litigation Privilege, so Defendants' counterclaim for defamation is barred

as a matter of law. *See, e.g.*, *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell*, 639 So. 2d at 607–08.

Accordingly, Plaintiff's Motion for Summary Judgment, (ECF Nos. 122 & 122-1), is GRANTED IN PART as to Defendants' Counterclaim VII; and Defendants' Motion for Summary Judgment, (ECF No. 120), is DENIED as to Defendants' Counterclaim VII.

## IV. CONCLUSION

Based on the foregoing, it is ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Reconsideration, (ECF No. 230), is GRANTED IN PART and DENIED IN PART as set forth in this Order.

2. The Omnibus Order, (ECF No. 222), is AMENDED consistent to this Order. Specifically, Plaintiff's Motion for Summary Judgment, (ECF Nos. 122 & 122-1), is GRANTED IN PART, solely as to Defendants' defamation counterclaim (Counterclaim Count VII), and DENIED IN PART as to all other claims and counterclaims.

3. The Omnibus Order, (ECF No. 222), remains unchanged in all other respects.

DONE AND ORDERED in Chambers at Miami, Florida, this 10th day of January 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record