**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:18-cv-60788-MARTINEZ/SNOW**

SPRINT COMMUNICATIONS, INC.,

    Plaintiff/Counterclaim Defendant,

v.

STEPHEN CALABRESE, NEXTEL, INC.
d/b/a NEXTEL WORLDWIDE,
RETROBRANDS USA LLC,
JEFFREY KAPLAN, and
NEXTEL MOBILE WORLDWIDE, INC.,

    Defendants/Counterclaim Plaintiffs.
_____/

**DEFENDANTS' RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF PERMANENT INJUNCTION**

Defendants Stephen Calabrese, Nextel, Inc. d/b/a Nextel Worldwide, Retrobrands USA LLC, Jeffrey Kaplan and Nextel Mobile Worldwide, Inc. (hereinafter "Defendants"), by their undersigned counsel, hereby file their Response and Memorandum of Law in Opposition to Plaintiff's Motion for Entry of Permanent Injunction [ECF 313].

**I.    INTRODUCTION**

After more than four years and a six-day trial, Sprint has utterly failed to produce any evidence that it has not abandoned the NEXTEL trademark, and that it has continually used and is currently using the NEXTEL trademark in commerce. One of the two NEXTEL trademarks at issue in this case Serial No. 1,637,139 for telecommunications services, went abandoned on October 22, 2021. Defendants prevailed on their noninfringement and abandonment claims with respect to the '139 trademark. Thus, any

injunction prohibiting Defendants use of NEXTEL is overbroad and would irreparably harm Defendants.

Rather than concede that it has indeed abandoned the NEXTEL brand and mark, as publicly and repeatedly stated, Sprint fabricated evidence of use by adding NEXTEL to labels of third-party phones. The only evidence of public use of the NEXTEL mark offered by Sprint at trial was a Sonim phone in a box dated 2013 (Trial Exs. 10 and 38), a CAT® S22 flip phone with "Nextel" printed on the label next to the recycling bin in a box dated 2021 (Trial Ex. 125), and a CAT® S62 rugged smartphone with "Nextel" printed on the label next to the recycling bin in a box dated 2021 (Trial Ex. 126). Sprint introduced no evidence of sales of NEXTEL branded equipment. Moreover, Sprint introduced no evidence of use of NEXTEL for telecommunications services.

### III. ARGUMENT

#### A. Standard for Permanent Injunction

A court of equity may grant a permanent injunction if the plaintiff demonstrates through a preponderance of the evidence (1) that it has suffered an irreparable injury; (2) that the remedies available at law are inadequate to compensate for that injury; (3) that considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *See Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1208 (11th Cir. 2008) (citing *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006)); *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 n.10 (11th Cir. 2007).

#### 1. Plaintiff Has Suffered No Harm

At trial, Sprint introduced no evidence of a single sale of a device bearing a NEXTEL mark. Sprint produced no evidence of any confusion between Defendants' stylized NEXTEL mark and Sprint's use of NEXTEL on a label on a third-party phone box. After Sprint rested its case, the Court granted Defendants' motion for entry of judgment of non-infringement and abandonment in Defendants' favor with respect to the '139 NEXTEL mark for telecommunications services. Accordingly, Sprint has not shown that it has suffered any injury, much less irreparable injury, due to Defendants' use of NEXTEL. Because there is no irreparable injury to Sprint, the first element of the injunction standard is not met and an injunction is inappropriate.

### 2. The Damages Awarded to Plaintiff Are More Than Adequate

Damages in the amount of $9.7 million were awarded to Sprint, based on Defendants' purported sales of $400,000 over four years. At this rate, Sprint has been awarded an equivalent of 93 years' worth of Defendants' sales, which is more than adequate to compensate for any purported injury to Sprint. Accordingly, the second element of the injunction standard is not met, making an injunction unwarranted.

### 3. Plaintiff Has Shown No Hardship

If a permanent injunction does not issue, there is no hardship to Plaintiff. First, Sprint does not use the '244 NEXTEL in commerce. Second, Defendants do not use the sound mark in their device. Third, Sprint does not offer services under the NEXTEL mark, of which the '139 NEXTEL mark has gone abandoned, and was not infringed by Defendants. Because there is no hardship, the third element of the injunction standard does not favor Sprint.

### 4. Public Interest Would be Disserved by a Permanent Injunction

Because Sprint is not using NEXTEL in commerce for services, or devices and Defendants are not using the sound mark in commerce in their devices, there is no public interest in issuance of a permanent injunction. Thus, the fourth element also does not favor Sprint.

## IV. CONCLUSION

Sprint cannot show that any of the elements of the injunction standard have been met. Accordingly, Defendants respectfully request that this Court deny Sprint's motion for permanent injunction.

CASE NO. 0:18-cv-60788-MARTINEZ/SNOW

**CERTIFICATE OF SERVICE**

  I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated: May 2, 2022

Respectfully submitted,

/s/ Wayne Schwartz
Wayne H. Schwartz, Bar No. 907390
LEE & AMTZIS, P.L.
5550 Glades Road, Suite 401
Boca Raton, Florida 33431
Telephone: 561-981-9988
Email: schwartz@leeamlaw.com

James J. Kernell (admitted *pro hac vice*)
Kyle D. Donnelly (admitted *pro hac vice*)
AVEK IP, LLC
8900 State Line Road, Suite 500
Leawood, Kansas 66206
Telephone: 913-549-4700
Email: jkernell@avekip.com
   kdonnelly@avekip.com

*Attorneys for Defendants
Stephen Calabrese,
Nextel, Inc. d/b/a Nextel Worldwide,
Retrobrands USA LLC Jeffrey Kaplan,
and Nextel Mobile Worldwide, Inc.*

CASE NO. 0:18-cv-60788-MARTINEZ/SNOW

## SERVICE LIST

Attorneys for Plaintiff
SPRINT COMMUNICATIONS, INC.

McGuire Woods LLP
Sara F. Holladay-Tobias, Esq.
stobias@mcguirewoods.com
flservice@mcguirewoods.com
Emily Yandle Rottmann, Esq.
erottmann@mcguirewoods.com
50 North Laura Street, Suite 3300
Jacksonville, Florida 32202

McGuire Woods LLP
Amanda L. DeFord, Esq.
adeford@mcguirewoods.com
Lucy J. Wheatley, Esq.
lwheatley@mcguirewoods.com
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219


Shook, Hardy & Bacon L.L.P.
Daniel B. Rogers
drogers@shb.com
Citigroup Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131

***Co-Counsel for Defendants/Counterclaim Plaintiffs
STEPHEN CALABRESE, NEXTEL, INC. d/b/a
NEXTEL WORLDWIDE, RETROBRANDS USA LLC,
JEFFREY KAPLAN and NEXTEL MOBILE WORLDWIDE, INC.***

James J. Kernell (*pro hac vice*)
jkernell@avekip.com
Kyle D. Donnelly (*pro hac vice*)
kdonnelly@avekip.com
AVEK IP, LLC
8900 State Line Road, Suite 500
Leawood, Kansas 66206