```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF FLORIDA
 2                           MIAMI DIVISION
                      CASE NO.  18-cv-60788-JEM
 3

 4   SPRINT COMMUNICATIONS, INC.,

 5        Plaintiff/Counterclaim Defendant,

 6        vs.

 7                                          Miami, Florida
                                            April 15, 2022
 8   STEPHEN CALABRESE, as an individual,   Pages 1-51
     NEXTEL, INC., d/b/a NEXTEL WORLDWIDE,   9:18 a.m. - 10:35 a.m.
 9   RETROBRANDS USA LLC,
     JEFFREY KAPLAN, as an individual, and
10   NEXTEL WORLDWIDE MOBILE, INC.,

11        Defendants/Counterclaimants.
     _____
12
                      TRANSCRIPT OF JURY TRIAL
13                           VOLUME 7
                 BEFORE THE HONORABLE JOSE E. MARTINEZ
14                   UNITED STATES DISTRICT JUDGE

15   APPEARANCES:

16   FOR THE PLAINTIFF/COUNTERCLAIM DEFENDANT:
                         McGuireWoods, LLP
17                       BY:  BRIAN C. RIOPELLE, ESQ.
                         BY:  LUCY J. WHEATLEY, ESQ.
18                       BY:  AMANDA L. DeFORD, ESQ.
                         800 East Canal Street
19                       Richmond, Virginia 23219

20   FOR THE DEFENDANTS/COUNTERCLAIMANTS:
                         Erickson Kernell IP
21                       BY:  JAMES J. KERNELL, ESQ.
                         8900 State Line Road
22                       Suite 500
                         Leawood, Kansas 66206
23
                         Lee & Amtzis, PL
24                       BY:  WAYNE SCHWARTZ, ESQ.
                         5550 Glades Road
25                       Boca Raton, Florida 33431
```

2

REPORTED BY:      DAWN M. SAVINO, R.P.R., C.R.R.
                  Official Federal Court Stenographer
                  400 N. Miami Avenue, 10S03
                  Miami, Florida  33128
                  Telephone:  305-523-5598

09:18:00    4          (Court called to order)

09:18:03    5          THE COURT:  Be seated, please.

09:18:06    6          All right.  First, I think we need to deal with the

09:18:10    7    Plaintiff's motion for judgment as a matter of law that was

09:18:13    8    filed in the early morning hours.  I've read the Defendants'

09:18:20    9    motion for reconsideration on the Court's oral rulings on

09:18:23   10    Plaintiff's ore tenus motion for judgment as a matter of law,

09:18:27   11    the Court is fully advised as to the premise.  In my order for

09:18:31   12    reconsideration, I held that the record before the Court at

09:18:35   13    summary judgment supported that one, Defendants had ongoing

09:18:40   14    business relationships with distributors; two, that Plaintiffs

09:18:43   15    knew about Defendants' relationships and contracts; three, that

09:18:46   16    Plaintiff intentionally interfered with those relationships and

09:18:50   17    four, the Defendants suffered damages.  I never made an

09:18:53   18    expressed finding that Defendants had legally satisfied each of

09:18:57   19    those elements.  In fact, I denied both Plaintiff's and

09:19:00   20    Defendants' motions for summary judgment as to that claim.

09:19:03   21          The order on Plaintiff's motion for reconsideration

09:19:08   22    focused on the portion of a claim for tortious interference that

09:19:12   23    was most unclear on the record whether the Plaintiff alleged

09:19:16   24    interference was unjustified.  While the order focused on

09:19:19   25    justification, the Court ultimately ruled that the summary

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
TRANSCRIPT PRODUCED BY COMPUTER

3

09:19:23  1   judgment was denied, not granted in part and denied in part,

09:19:26  2   meaning that the Defendants needed to have presented evidence to

09:19:31  3   the jury that would have allowed the jury to find, based on a

09:19:35  4   preponderance of the evidence that one, there existed a business

09:19:37  5   or contractual relationship between Defendant and a third-party;

09:19:42  6   two, Sprint knew about that relationship; three, Sprint

09:19:46  7   intentionally and unjustifiably interfered with that

09:19:48  8   relationship, and four, Defendants were damaged by that

09:19:53  9   interference.  I cite to Ethan Allen versus Georgetown Manor,

09:20:01  10  647 Southern 812, Page 814, Florida case in 1994.  Defendant has

09:20:02  11  failed to do so.

09:20:05  12       I also find the Defendant knew that they must have

09:20:09  13  presented all of the elements of their tortious interference

09:20:13  14  claims to the jury based on Defendants' proposed jury

09:20:17  15  instruction 44, which provided that, quote, to prevail on a

09:20:20  16  claim for tortious interference with contractual or advantageous

09:20:25  17  business relationships, Defendants must establish by a

09:20:27  18  preponderance of the evidence one, the existence of a contract

09:20:32  19  or business relationships; two, Sprint had knowledge; three,

09:20:37  20  Sprint intentionally and unjustifiably interfered; four,

09:20:39  21  Defendants suffered damages.

09:20:43  22       Accordingly, Defendant's motion for reconsideration is

09:20:47  23  denied.  The Court's oral rulings on Plaintiff's ore tenus

09:20:50  24  motion for judgment as a matter of law stands.  Defendants did

09:20:54  25  not present any evidence that one, any third parties entered

4

09:20:57  1  into a business or contractual relationship or three, that

09:21:02  2  Sprint intentionally and unjustifiably interfered with those

09:21:05  3  relationships nor four, that the Defendant suffered damages as a

09:21:07  4  result of Sprint's interference.

09:21:12  5       Obviously I did not read the entire proposed

09:21:16  6  instruction, I shortened each of the elements, but the point is

09:21:20  7  that in the proposed instruction, you understood that the

09:21:25  8  element required that you prove to the jury.

09:21:36  9       Okay.  Where are we now then?  I think that we need to

09:21:40  10 start talking about the instructions.  First of all, did you all

09:21:46  11 get the jury -- the verdict form, the proposed verdict form, we

09:21:50  12 inadvertently left out of the package that was given to you.

09:21:53  13 It's a lot shorter than yours, of course so are the

09:22:05  14 instructions.  As a matter of fact, so is the Bible.

09:22:09  15       Jose, do you want to give me my instructions so I can

09:22:13  16 go through them?  I think I might want them in here.  Okay.

09:22:18  17       I see you've moved to the back chair with --

09:22:21  18       MR. RIOPELLE:  I just go where I'm told, Your Honor.

09:22:26  19       THE COURT:  With Dan.  To the side in the back with

09:22:31  20 Dan.  Okay.  I've been there, done that.  In tobacco litigation,

09:22:34  21 Steve Zack and I had the kids' table.  We sat in the back of the

09:22:44  22 room and acted up.  But we had fun and we got paid.  Actually, I

09:22:50  23 shouldn't say we had fun, it's no fun watching the judge beat

09:22:55  24 you up.  But goes with the territory.

09:23:08  25       I apologize for the delay.  My law clerks were in a

| | |
|---|---|
| 09:23:13 | 1 |
| 09:23:25 | 2 |
| 09:23:28 | 3 |
| 09:23:39 | 4 |
| 09:23:42 | 5 |
| 09:23:42 | 6 |
| 09:23:44 | 7 |
| 09:23:48 | 8 |
| 09:23:53 | 9 |
| 09:23:59 | 10 |
| 09:24:03 | 11 |
| 09:24:07 | 12 |
| 09:24:10 | 13 |
| 09:24:12 | 14 |
| 09:24:20 | 15 |
| 09:24:27 | 16 |
| 09:24:29 | 17 |
| 09:24:34 | 18 |
| 09:24:40 | 19 |
| 09:24:45 | 20 |
| 09:24:46 | 21 |
| 09:24:52 | 22 |
| 09:24:56 | 23 |
| 09:24:59 | 24 |
| 09:25:01 | 25 |

reception for outgoing interns that is taking place right now, and I was dealing with the motion for reconsideration, whatever it was called.

Have there been any other filings since 1:00 in the morning that I don't know about right now?

MS. DeFORD:  No, Your Honor.

MR. SCHWARTZ:  Not from the defense.

THE COURT:  All right.  What I propose to do is I have copies of the proposed jury instructions from both parties, from each party, and I propose to go through my proposed final jury instructions, tell you where they came from.  What will be given to the jury will not include any of the bold print on either any of the pages.  That's for your information as to where it came from.

Page 1 is obviously the title page.

Page 2 is the introductory part of the pattern jury instruction, 3.1.

Hearing no objection, I'll move to Page 3 which is proposed jury instruction Number 19, and it is pattern jury instruction 3.2.2, which I believe is standard and has no changes in it.

Hearing no objection, I move to Page 4, which is the Eleventh pattern jury instruction 3.3, and I think actually was proposed as Number 20.

MS. DeFORD:  Your Honor, we have no objection to that.

| | | |
|---|---|---|
| 09:25:04 | 1 | We would just ask in the second sentence where it starts with |
| 09:25:07 | 2 | "evidence includes the testimony of" -- |
| 09:25:08 | 3 | THE COURT:  Yes. |
| 09:25:10 | 4 | MS. DeFORD:  That the additional pieces of evidence, |
| 09:25:14 | 5 | the stipulated facts and the requests for admission also be |
| 09:25:18 | 6 | named so there's no confusion between the statement that what |
| 09:25:22 | 7 | lawyers say is not evidence, since Mr. Riopelle -- |
| 09:25:24 | 8 | THE COURT:  Yeah, I agree and I don't have any problem |
| 09:25:25 | 9 | with that. |
| 09:25:26 | 10 | MR. SCHWARTZ:  No issue. |
| 09:25:28 | 11 | THE COURT:  Okay.  So I will say "it includes the |
| 09:25:33 | 12 | testimony of witnesses, stipulations between the parties".  I |
| 09:25:36 | 13 | think I mentioned stipulations somewhere else, don't I?  I |
| 09:25:40 | 14 | should.  There is a stipulation, but we'll see.  If we don't |
| 09:25:43 | 15 | mention it, I'll consider putting in a special one.  But I think |
| 09:25:48 | 16 | it should be here too.  So it should be "testimony of witnesses, |
| 09:25:56 | 17 | stipulations between the parties, admissions of the parties on |
| 09:26:03 | 18 | the record," because there were admissions that weren't brought |
| 09:26:06 | 19 | before them I don't think we're considering, correct?  We're |
| 09:26:10 | 20 | only talking about admissions that were brought to their |
| 09:26:10 | 21 | attention. |
| 09:26:10 | 22 | MS. DeFORD:  That's right. |
| 09:26:15 | 23 | THE COURT:  Okay.  "Admissions presented in open court. |
| 09:26:19 | 24 | Presented in court.  And the exhibits admitted." |
| 09:26:23 | 25 | Anything else need to go there? |

| | | |
|---|---|---|
| 09:26:24 | 1 | MS. DeFORD:  No, Your Honor.  Thank you. |
| 09:26:25 | 2 | MR. SCHWARTZ:  No. |
| 09:26:31 | 3 | THE COURT:  No, all right.  We'll put that. |
| 09:26:34 | 4 | Page 5, this is pattern jury instruction 3.4, |
| 09:26:47 | 5 | credibility of witnesses.  Page 5, impeachment accepted as |
| 09:26:52 | 6 | modified to reflect the evidence entered at trial that Defendant |
| 09:26:54 | 7 | Calabrese is a convicted felon, and that the Defendant |
| 09:26:59 | 8 | Calabrese's felony conviction did not involve dishonesty or |
| 09:27:04 | 9 | false statement as far as we know.  Eleventh Circuit pattern |
| 09:27:12 | 10 | jury instruction 3.5.2.  I think that that is a fair |
| 09:27:17 | 11 | modification of the 3.5.2.  All right? |
| 09:27:17 | 12 | MR. SCHWARTZ:  Your Honor. |
| 09:27:18 | 13 | THE COURT:  Yes. |
| 09:27:20 | 14 | MR. SCHWARTZ:  Just for the record, we're just going to |
| 09:27:22 | 15 | indicate an objection to that consistent with our prior |
| 09:27:23 | 16 | objection. |
| 09:27:26 | 17 | THE COURT:  Understood.  Not a problem.  Overruled. |
| 09:27:31 | 18 | All right.  We go to Page 7, responsibility for proof. |
| 09:27:36 | 19 | This is pattern jury instruction 3.7.1.  I don't think there's |
| 09:27:39 | 20 | any change. |
| 09:27:44 | 21 | Page 8 is actually -- I think it's proposed jury |
| 09:27:48 | 22 | instruction Number 24.  I don't remember if we made any change |
| 09:27:50 | 23 | from that, but I don't think so. |
| 09:27:51 | 24 | MS. DeFORD:  Your Honor. |
| 09:27:52 | 25 | THE COURT:  Yes. |

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
TRANSCRIPT PRODUCED BY COMPUTER

| | | |
|---|---|---|
| 09:27:55 | 1 | MS. DeFORD:  I apologize.  So there were a couple of |
| 09:27:59 | 2 | changes I believe based off the Court's ruling on the JMOL |
| 09:28:01 | 3 | yesterday taking out the Defendants -- most of the Defendants' |
| 09:28:06 | 4 | affirmative defenses.  To preserve for the record, I would just |
| 09:28:07 | 5 | like to note our objection to preponderance of the evidence |
| 09:28:10 | 6 | being used as the standard for abandonment. |
| 09:28:10 | 7 | THE COURT:  Understood. |
| 09:28:13 | 8 | MS. DeFORD:  Thank you.  And then in addition to that, |
| 09:28:18 | 9 | we would propose changing some of the pronouns within the |
| 09:28:23 | 10 | instruction to be consistent with the fact that there are plural |
| 09:28:25 | 11 | Defendants.  There are some places where -- |
| 09:28:26 | 12 | THE COURT:  Okay.  Tell me where. |
| 09:28:29 | 13 | MR. RIOPELLE:  So in the third line, it says |
| 09:28:32 | 14 | "Defendants can prevail in this case if it." |
| 09:28:33 | 15 | THE COURT:  If they. |
| 09:28:35 | 16 | MS. DeFORD:  If they.  And then the "S" on prove would |
| 09:28:38 | 17 | need to come out. |
| 09:28:40 | 18 | THE COURT:  Okay.  So it would read, the third line, |
| 09:28:43 | 19 | "Defendants can prevail in this case if they prove their |
| 09:28:47 | 20 | affirmative defenses."  Defense, affirmative defense. |
| 09:28:49 | 21 | MS. DeFORD:  It's a defense. |
| 09:28:51 | 22 | THE COURT:  "By a preponderance of the evidence," and |
| 09:28:52 | 23 | that is over your objection. |
| 09:28:54 | 24 | Okay.  What else? |
| 09:28:58 | 25 | MS. DeFORD:  We would like the portion of our |

9

09:29:00  1   affirmative defenses that starts with "truth of the public

09:29:03  2   statements," all the way through the end to be taken out as well

09:29:07  3   as "there are no claims remaining from the Defendants to which

09:29:11  4   those affirmative defenses were pled."

09:29:14  5          THE COURT:  So you want to delete the third line of the

09:29:16  6   second paragraph?

09:29:16  7          MS. DeFORD:  Yes.

09:29:18  8          THE COURT:  "Truth of public statements?"

09:29:19  9          MS. DeFORD:  Starting with "truth of public statements,

09:29:25 10   no statement of fact, litigation privilege, good faith

09:29:30 11   enforcement efforts, no knowledge of contract, no contract or

09:29:33 12   business relationship and no intent."

09:29:35 13          THE COURT:  You want to delete those two and half

09:29:35 14   lines.

09:29:37 15          MS. DeFORD:  Yes, to reflect the fact that the

09:29:39 16   counterclaims that those were asserted against have been removed

09:29:40 17   from this case.

09:29:43 18          THE COURT:  Okay.  I believe they have been.  Obviously

09:29:46 19   this was prepared before that ruling.

09:29:47 20          MS. DeFORD:  That's correct, Your Honor.

09:29:51 21          THE COURT:  Any legal objection to that?

09:29:55 22          MR. SCHWARTZ:  Not to that, Ms. DeFord's comments.

09:30:00 23   Just -- I don't know if you wanted to go to the next paragraph.

09:30:06 24          THE COURT:  Okay.  So we will delete starting with

09:30:10 25   "truth" and ending with "no intent".

09:30:11  1          MS. DeFORD:  That's correct.

09:30:15  2          THE COURT:  All right.  That will be done.  What is the

09:30:17  3  next -- what other objection is there?

09:30:19  4          MR. SCHWARTZ:  If we skip to the next sentence and then

09:30:26  5  go to the final paragraph, it's just the possessive where it

09:30:28  6  should say that "the Defendants."

09:30:36  7          THE COURT:  So you say it should be plural?

09:30:37  8          MR. SCHWARTZ:  Yes, please.

09:30:40  9          THE COURT:  On Page 9 where we are, the top of Page 9

09:30:44  10  it should read "Defendants and counterDefendant," and then on

09:30:47  11  the second line it should be "Defendants or counterDefendant."

09:30:51  12          MR. SCHWARTZ:  Correct.  And then I think on the third

09:30:56  13  sentence it should say "the only way" -- well, either, I guess

09:30:57  14  party, so that's fine.

09:30:59  15          THE COURT:  "Either" covers plural.

09:31:03  16          All right.  You had something else on that instruction?

09:31:05  17          MS. DeFORD:  Nothing else, Your Honor.  I would just

09:31:08  18  say that there are a couple of places where that preponderance

09:31:10  19  standard appears throughout these instructions.

09:31:12  20          THE COURT:  Your objection -- you have a standing

09:31:13  21  objection to that.

09:31:13  22          MS. DeFORD:  Thank you, Your Honor.

09:31:19  23          THE COURT:  All right.  Moving on then to Page 10, duty

09:31:25  24  to deliberate.  That's Eleventh Circuit pattern jury instruction

09:31:29  25  3.8.2.

09:31:36  1          Number 11, Page 11 is proposed jury instruction Number

09:31:47  2  26.  Yeah, I think this needs to be at the end of all of the

09:31:50  3  instructions.  And actually, I think that the one just before it

09:31:58  4  should be right before that.  In other words, Page 10 and Page

09:32:03  5  11 will be moved to the very end of the instructions just before

09:32:07  6  I tell them go back and here's the verdict form.  Okay?  It's

09:32:11  7  not the actually very end, but it's the penultimate page.  All

09:32:14  8  right?  We'll move those.

09:32:19  9          Then we get to Page 12.  I am not going to give

09:32:27 10  proposed jury instruction Number 27 because it's duplicative of

09:32:32 11  the instructions I'll already give, and I instruct the jury

09:32:35 12  after closing arguments.  I've done it before when the parties

09:32:40 13  ask, but I don't think it makes a hill of beans difference, but

09:32:43 14  I do it after the closing arguments.

09:32:46 15          All right.  Florida Standard Jury Instruction Number

09:32:51 16  700, which was proposed as Number 28, I think it's duplicative

09:32:54 17  of the instructions that I give at the close of the evidence and

09:32:58 18  it is, I give it after closing arguments anyway.

09:33:06 19          Page 14, juror questions during deliberations.  They

09:33:10 20  really weren't all that interested in asking jury questions.  In

09:33:15 21  fact, we probably would have to shock them out of their coma to

09:33:22 22  get them to concentrate to ask a question.  All right.  So I

09:33:24 23  will not give that.

09:33:27 24          Proposed jury instruction the Civil Allen Charge,

09:33:31 25  obviously that's not to be given at this point and may or may

09:33:38  1    not be given.  But I'll consider this at that time.  I'm not

09:33:44  2    going to even get into it at this point.  So that's 15 and 16,

09:33:50  3    pages.  That will be held in abeyance and we'll talk about it if

09:33:52  4    it becomes necessary.

09:34:01  5         Page 17, instructions upon discharge of the jury.  I

09:34:05  6    don't propose to give that.  I'll just walk in the jury room and

09:34:09  7    thank them.

09:34:20  8         Page 18, adopted as proposed by the whoever the

09:34:24  9    Plaintiff is, but I think they meant -- I think we meant

09:34:29 10    Plaintiff.  We misspelled Plaintiff.  With the Court's

09:34:32 11    modification, I note that the Plaintiff correctly states that

09:34:35 12    the analysis of liability for the federal, state and trademark

09:34:38 13    claims is the same.  The remaining instruction was modified to

09:34:42 14    conform with Eleventh Circuit pattern jury instruction 10.1,

09:34:48 15    including the language in section -- the damages instruction

09:34:53 16    language in 10.1 rather than the proposed jury instruction 43.

09:34:55 17         MS. DeFORD:  We have no objection to that, Your Honor.

09:34:58 18    The only thing, there are two modifications to this that we'd

09:35:04 19    ask the Court to make.  The first is on Page 18, and the very

09:35:07 20    end of the third line of the first paragraph where it starts

09:35:11 21    "and Florida," we'd ask that the Court refer to it as the

09:35:16 22    Florida Deceptive and Unfair Trade Practices Act so that it's

09:35:19 23    consistent with the verdict form that the jury will receive.

09:35:22 24         THE COURT:  All right.  So the verdict form, it says

09:35:24 25    Florida -- whatever you just said.

**PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY**
**TRANSCRIPT PRODUCED BY COMPUTER**

09:35:28  1           MS. DeFORD:  Yes, the long statement for the statute.

09:35:30  2           THE COURT:  Any objection to that.

09:35:32  3           MR. SCHWARTZ:  Where on the verdict form, Amanda?

09:35:36  4           MS. DeFORD:  It's Number 3.

09:35:40  5           THE COURT:  I don't want to lose my place, so you guys

09:35:45  6    look at it and tell me what you think.

09:35:50  7           MS. DeFORD:  It's just the full name of the statute for

09:35:53  8    our claim.

09:36:02  9           MR. SCHWARTZ:  I would object to that, Your Honor.

09:36:04  10          THE COURT:  Why?

09:36:06  11          MR. SCHWARTZ:  I think it's already in the caption of

09:36:10  12   the claim.  It's already on the verdict form.  To put it a third

09:36:10  13   time --

09:36:13  14          THE COURT:  No, I don't know if you heard me, but the

09:36:15  15   bold print will not go into the jury.

09:36:16  16          MR. SCHWARTZ:  Okay.

09:36:18  17          THE COURT:  In other words, I will delete all of those.

09:36:22  18   So what we want to say is what's in the last line of the bold

09:36:26  19   print, the second line of the bold print, Florida Deceptive and

09:36:32  20   Unfair Trade Practices Act Claims.  I'm sorry, Act.  Is that

09:36:34  21   correct?  That's what you want?

09:36:37  22          MS. DeFORD:  Yes, the Deceptive and Unfair --

09:36:40  23          THE COURT:  Florida Deceptive and Unfair Trade

09:36:41  24   Practices Act.

09:36:43  25          MS. DeFORD:  Correct.

| | | |
|---|---|---|
| 09:36:44 | 1 | THE COURT:  I think that's fair, and I'll put that in |
| 09:36:50 | 2 | there and the Florida Deceptive and Unfair Trade Practices Act. |
| 09:36:55 | 3 | Not law.  Delete law.  You got that, Jose? |
| 09:36:56 | 4 | MR. SCHWARTZ:  I do, thank you. |
| 09:36:57 | 5 | THE COURT:  We got it.  All right. |
| 09:37:01 | 6 | Next?  Anything else on that instruction? |
| 09:37:05 | 7 | MS. DeFORD:  Yes, Your Honor.  Starting on Page 21. |
| 09:37:10 | 8 | THE COURT:  Page 21. |
| 09:37:11 | 9 | MS. DeFORD:  This is the portion of the jury |
| 09:37:14 | 10 | instructions that tell the jury how to weigh the strength of the |
| 09:37:17 | 11 | trademarks at issue and the likelihood of confusion test. |
| 09:37:18 | 12 | THE COURT:  Right. |
| 09:37:20 | 13 | MS. DeFORD:  We had originally proposed removing the |
| 09:37:29 | 14 | generic and descriptive, suggestive and arbitrary and fanciful |
| 09:37:33 | 15 | explanations because they're long.  We don't have any objection |
| 09:37:36 | 16 | if the Court wishes to include them for completeness.  They're |
| 09:37:39 | 17 | just unnecessary in this case, because there's no allegation |
| 09:37:44 | 18 | that the Plaintiff's marks are not at least distinct.  I'm |
| 09:37:46 | 19 | sorry, inherently distinct. |
| 09:37:48 | 20 | THE COURT:  In other words, you don't think Nextel is |
| 09:37:50 | 21 | descriptive? |
| 09:37:50 | 22 | MS. DeFORD:  Correct. |
| 09:37:52 | 23 | THE COURT:  Or suggestive? |
| 09:37:52 | 24 | MS. DeFORD:  Correct. |
| 09:37:56 | 25 | THE COURT:  Or arbitrary or fanciful?  I think fanciful |

09:37:59  1    or coined might work.

09:38:02  2          MS. DeFORD:  It's certainly within the spectrum of

09:38:06  3    suggestive or arbitrary, Your Honor.

09:38:08  4          THE COURT:  What does the defense think of that?  It

09:38:11  5    does make it at least three or four words shorter.

09:38:16  6          MS. DeFORD:  It's the portion starting on Page 21, Jim.

09:38:19  7          MR. KERNELL:  But what paragraph specific do you want

09:38:20  8    to leave in?

09:38:22  9          MS. DeFORD:  We're proposing to take out the

09:38:25  10   description of -- so there's conceptual strength and there's

09:38:28  11   commercial strength.  Our registrations give us a presumption

09:38:34  12   that they're at least descriptive with secondary meaning.  I'm

09:38:36  13   not arguing, I'm just trying to explain.

09:38:41  14         So paragraph A, paragraph B, paragraph C, paragraph D,

09:38:44  15   which would leave just paragraph E.

09:38:52  16         MR. SCHWARTZ:  I think all of this should stay, Your

09:38:54  17   Honor, in accordance with the pattern instructions.

09:38:57  18         THE COURT:  All right.  I'll keep it.  You can argue

09:39:00  19   it.  You can tell them it doesn't make any sense.

09:39:01  20         MS. DeFORD:  Not a problem, Your Honor.

09:39:02  21         THE COURT:  I don't have any problem with that.  All

09:39:03  22   right.

09:39:08  23         MS. DeFORD:  The last modification is on Page 26.  This

09:39:12  24   is for the paragraph that starts with the underlined

09:39:14  25   "Plaintiff's actual monetary damages."

09:39:15  1          THE COURT:  Yes.

09:39:18  2          MS. DeFORD:  We would propose removing that because the

09:39:21  3   Plaintiff is not seeking actual damages in this case.  We are

09:39:25  4   seeking statutory damages and a disgorgement of the Defendants'

09:39:29  5   profits, which is captured by the next part of that instruction.

09:39:32  6          THE COURT:  So you propose to delete the last five

09:39:34  7   lines of Page 26?

09:39:35  8          MS. DeFORD:  Yes.

09:39:37  9          THE COURT:  And the first two lines of Page 27.

09:39:38  10         MS. DeFORD:  That's correct.

09:39:41  11         THE COURT:  What does the Defendant think of that?

09:39:43  12   Seems to make sense.

09:39:44  13         MR. SCHWARTZ:  Yes.

09:39:46  14         THE COURT:  All right.  That will be deleted.  The last

09:39:50  15   starting with "Plaintiff's actual monetary damages," and ending

09:39:56  16   with "preponderance of the evidence" the second line.  Page 27.

09:40:00  17         MR. KERNELL:  Can we go back on Page 26?  It's in the

09:40:03  18   trademark section remedies.  "If you find that Sprint owns a

09:40:10  19   valid trademark, that Defendants have infringed it," and

09:40:12  20   Defendants do not.

09:40:16  21         MS. DeFORD:  I'm fine with those changes.

09:40:18  22         THE COURT:  Page 23, what is it?

09:40:20  23         MR. SCHWARTZ:  26, Your Honor.

09:40:21  24         THE COURT:  Oh, okay.

09:40:23  25         MR. KERNELL:  It's in the paragraph "trademarks,

09:40:31  1    remedies," it's just some wording or clearing up the -- so the

09:40:35  2    second "Sprint" in the first line should be "Defendants have."

09:40:37  3            THE COURT:  Well, the first line doesn't make any

09:40:41  4    sense.  "If you find that Sprint owns a valid trademark that

09:40:43  5    Sprint has infringed it."

09:40:47  6            MR. KERNELL:  Right.  So it should say "Defendants have

09:40:48  7    infringed it."

09:40:51  8            THE COURT:  "And do not have a defense, you must

09:40:54  9    consider whether and to what extent monetary relief."  Does that

09:40:58  10   make sense?  It really doesn't make sense the way it's written.

09:40:59  11           MS. DeFORD:  Yes, Your Honor, that should say

09:41:02  12   "Defendants."  I don't think we infringed our own mark, so we

09:41:04  13   are okay with that.

09:41:07  14           THE COURT:  "Defendant has infringed it and that they

09:41:18  15   do not have a defense, you must consider whether and to what

09:41:21  16   extent monetary relief."  All right, I want to read the

09:41:24  17   paragraph.  "If you find that Sprint owns a valid trademark,

09:41:28  18   that Defendant has infringed it and that the Defendant does not

09:41:32  19   have -- and that they do not have a defense, you must consider

09:41:35  20   whether and to what extent monetary relief should be awarded."

09:41:37  21           Is that fair?

09:41:39  22           MS. DeFORD:  That's correct, Your Honor, as long as

09:41:43  23   Defendants is referred to in the plural.

09:41:49  24           THE COURT:  Okay.  Thanks for catching that.  Next?

09:41:52  25           MR. SCHWARTZ:  One more, Your Honor.  On Page 20, the

```
09:41:53   1   first paragraph.
09:41:54   2           THE COURT:  What page?
09:41:55   3           MR. SCHWARTZ:  20.
09:41:59   4           THE COURT:  20.  Back to 20.  Okay.
09:42:01   5           MR. SCHWARTZ:  I just stepped back, just going through
09:42:02   6   my notes.
09:42:04   7           THE COURT:  I don't mind.  We need to get through it.
09:42:04   8   20.
09:42:05   9           MR. SCHWARTZ:  That first sentence.
09:42:06  10           THE COURT:  First full paragraph.
09:42:09  11           MR. SCHWARTZ:  Usually I'm dealing with just trademarks
09:42:13  12   where it says "written", but now it says "Defendants be exact
09:42:18  13   copies of Sprint's Nextel trademark or sound mark."
09:42:22  14           THE COURT:  I don't know where you are on Page 20.
09:42:22  15           MR. SCHWARTZ:  First line of the first paragraph.
09:42:23  16           THE COURT:  First full paragraph?
09:42:25  17           MR. SCHWARTZ:  Yes, please.  Yes.
09:42:27  18           THE COURT:  "So it is not necessary," starts that
09:42:27  19   paragraph?
09:42:28  20           MR. SCHWARTZ:  Yes.
09:42:30  21           THE COURT:  "That the trademark used by the Defendants
09:42:35  22   be exact copies of Sprint's Nextel trademark or sound mark.
09:42:40  23   Instead, Sprint must demonstrate by the preponderance of the
09:42:44  24   evidence" -- okay.  What's wrong with that?
09:42:47  25           MR. SCHWARTZ:  When you say the word "copies" as to
```

| | | |
|---|---|---|
| 09:42:55 | 1 | written trademarks versus sound mark. |
| 09:43:04 | 2 | THE COURT:  I don't know -- well, so what's wrong with |
| 09:43:06 | 3 | exact copy of a sound mark? |
| 09:43:08 | 4 | MS. DeFORD:  There's nothing wrong with it, Your Honor, |
| 09:43:11 | 5 | it's the same standard that applies to both.  Infringement |
| 09:43:15 | 6 | doesn't require it to be an exact copy.  If it's close enough |
| 09:43:18 | 7 | that it causes confusion, it is infringing.  That applies |
| 09:43:21 | 8 | equally to a sound mark as it does to a trademark. |
| 09:43:23 | 9 | THE COURT:  I'm not going to change that.  I'll leave |
| 09:43:28 | 10 | it the way it is over objection.  All right?  Are we through |
| 09:43:29 | 11 | with Page 28? |
| 09:43:42 | 12 | Go to Page 29, trademark counterfeiting. |
| 09:43:51 | 13 | MR. SCHWARTZ:  Your Honor, we -- if you go to Page 30 |
| 09:43:51 | 14 | -- |
| 09:43:53 | 15 | THE COURT:  Okay. |
| 09:43:55 | 16 | MR. SCHWARTZ:  Where the language of the pattern |
| 09:43:59 | 17 | instruction is correct, when you go to the verdict form, we |
| 09:44:04 | 18 | believe that the statutory language about damages 1,000 and |
| 09:44:09 | 19 | 200,000 should come first so the matching -- so it is |
| 09:44:14 | 20 | consistent, the instructions and the form should be consistent. |
| 09:44:16 | 21 | THE COURT:  Okay.  So what are you proposing? |
| 09:44:19 | 22 | MR. SCHWARTZ:  It's on Number 2 of the verdict form. |
| 09:44:21 | 23 | THE COURT:  Are you proposing to change the verdict |
| 09:44:21 | 24 | form? |
| 09:44:24 | 25 | MR. SCHWARTZ:  Yes, by simply switching the sentences |

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
TRANSCRIPT PRODUCED BY COMPUTER

| | | |
|---|---|---|
| 09:44:28 | 1 | so that when they read it, the second sentence or the third |
| 09:44:31 | 2 | sentence where it says "if you find at the time of the |
| 09:44:35 | 3 | counterfeiting activity," dot, dot, dot, the damages are 1,000 |
| 09:44:40 | 4 | and 200,000.  And then the next sentence would be "if you find |
| 09:44:44 | 5 | that it's willful," et cetera, you can go up to 2 million which |
| 09:44:48 | 6 | would be consistent with the instructions. |
| 09:44:50 | 7 | THE COURT:  So let's go to the verdict form.  What page |
| 09:44:51 | 8 | are we talking about? |
| 09:44:52 | 9 | MR. SCHWARTZ:  Page 2. |
| 09:44:54 | 10 | THE COURT:  Page 2. |
| 09:44:58 | 11 | MR. SCHWARTZ:  Paragraph 2.  And if you start with the |
| 09:45:04 | 12 | second sentence, that sentence should just be cut and pasted to |
| 09:45:08 | 13 | follow the next sentence. |
| 09:45:12 | 14 | THE COURT:  You want to flip flop "if you find" -- the |
| 09:45:13 | 15 | "if you find sentences." |
| 09:45:14 | 16 | MR. SCHWARTZ:  Correct. |
| 09:45:15 | 17 | THE COURT:  Any objection to that? |
| 09:45:16 | 18 | MS. DeFORD:  No objection, Your Honor. |
| 09:45:18 | 19 | THE COURT:  All right.  Would you do that, Jose, |
| 09:45:21 | 20 | please?  All right.  That's done. |
| 09:45:32 | 21 | Okay.  Next Page 31. |
| 09:45:34 | 22 | MS. DeFORD:  Your Honor, I would say that we should |
| 09:45:37 | 23 | probably make the same change to Paragraph 12 which is another |
| 09:45:41 | 24 | counterfeiting.  I'm sorry.  On the verdict form. |
| 09:45:43 | 25 | THE COURT:  On the verdict form? |

09:45:45  1          MS. DeFORD:  Yes.  I apologize.  It's Paragraph 12 on

09:45:47  2   the verdict form, it's on Page 6.

09:45:48  3          THE COURT:  Yeah, we can flip it.

09:45:51  4          MS. DeFORD:  Just for consistency.

09:46:06  5          THE COURT:  Wait a second.  Let me see.  We'll change

09:46:09  6   it, but this is not as easy as flipping because you've got to

09:46:14  7   change the words.  But we'll change the words to flip the -- why

09:46:18  8   don't we flip it in the instruction?  Isn't it easier to flip it

09:46:20  9   in the instruction?

09:46:21 10          MR. SCHWARTZ:  No, Your Honor.

09:46:22 11          THE COURT:  No?  Why.

09:46:24 12          MR. SCHWARTZ:  We would like to be consistent with the

09:46:25 13   pattern.

09:46:30 14          THE COURT:  Okay.  All right.  Change the language and

09:46:34 15   show it to the parties.  We'll get it out to you this afternoon

09:46:38 16   so you can look at it and let us know.  All right?  All right.

09:46:43 17   I think you're correct, that 12 needs to be flipped if we did

09:46:43 18   the other one.

09:46:44 19          MS. DeFORD:  Thank you, Your Honor.

09:46:49 20          THE COURT:  Page 31, 10.5, trademark dilution.

09:46:56 21          MS. DeFORD:  We have no objection to the instruction,

09:47:00 22   Your Honor, except we would propose on Page 33 that the section

09:47:04 23   that starts with "Plaintiff's actual monetary damages" be

09:47:07 24   removed, because the Plaintiff is not seeking actual damages in

09:47:08 25   this case.

09:47:11   1          THE COURT:  Okay.  So the paragraph "Plaintiff's actual
09:47:14   2   monetary damages" --
09:47:14   3          MS. DeFORD:  Correct.
09:47:18   4          THE COURT:  Should be deleted at the end of Page 33.
09:47:21   5          MR. SCHWARTZ:  And then in hand in hand, the Defendants
09:47:24   6   would then say the balance of the instruction should come out
09:47:26   7   too since they go together.
09:47:27   8          THE COURT:  Defendants' profit and calculation of
09:47:28   9   profits?
09:47:30   10          MR. SCHWARTZ:  Yes.
09:47:35   11          MS. DeFORD:  I think we would object to that, Your
09:47:38   12   Honor.  We had proposed that originally and the Court, for the
09:47:41   13   consistency of the pattern instructions, did it this way.  These
09:47:44   14   are separate claims, they should have instructions on the
09:47:46   15   damages applicable to each claim.
09:47:47   16          THE COURT:  Are you seeking profits?
09:47:49   17          MS. DeFORD:  We are seeking profits, Your Honor.
09:47:52   18          THE COURT:  Then I'll leave it.  Okay.  So the last
09:47:57   19   paragraph on Page 33 is deleted.  I think you guys better call
09:48:01   20   off the *Guinness Book of World Records* if you were going to try
09:48:03   21   to get the worlds longest instructions, because I don't think
09:48:09   22   they're going to be the world's longest instructions anymore.
09:48:13   23          Okay.  Going to Page 35, defense claim of infringement
09:48:19   24   of a trademark.  This is the -- I'm rejecting your proposed 35
09:48:25   25   and going to Eleventh Circuit pattern jury instruction 10.3.

09:48:28  1          MR. SCHWARTZ:  Your Honor, third sentence, we think it
09:48:33  2  should say "because Sprint abandoned the" and the "Nextel"
09:48:37  3  should be capped to be consistent "trademark" and then add "for
09:48:39  4  devices," period.
09:48:39  5          THE COURT:  Where are you talking about?
09:48:43  6          MR. SCHWARTZ:  Third sentence on Page 35 of the first
09:48:43  7  paragraph.
09:48:45  8          THE COURT:  "Defendant has the burden of proving their
09:48:48  9  defense to trademark infringement?"
09:48:49  10          MR. SCHWARTZ:  No, Your Honor.  We're on --
09:48:51  11          THE COURT:  The third line you mean.
09:48:52  12          MR. SCHWARTZ:  Third line.  I'm sorry.
09:48:55  13          THE COURT:  Not the third sentence.  Okay.  "They are
09:48:59  14  not liable because Sprint abandoned the" --
09:49:01  15          MR. SCHWARTZ:  The it should say "the", and Nextel
09:49:05  16  should be all caps to be inconsistent, "trademark" for devices
09:49:07  17  to be again --
09:49:08  18          THE COURT:  What does the Plaintiff think of that?
09:49:10  19          MS. DeFORD:  We're okay with that change, Your Honor.
09:49:16  20          THE COURT:  Okay.  So the Nextel trademark.  "Defendant
09:49:19  21  has the burden of proving their defense to trademark
09:49:24  22  infringement."  Okay.  All right.  What else -- wait what else
09:49:26  23  you got.  Go ahead.
09:49:28  24          MR. SCHWARTZ:  In the paragraph where it's numbered
09:49:33  25  Number 1, it should -- where -- there's some times where it says

| | |
|---|---|
| 09:49:36 | 1 |

Sprint and sometimes where it says Plaintiff.

09:49:37  2      THE COURT:  You don't have to stand up for all of this
09:49:39  3  if you don't want to.

09:49:41  4      MS. DeFORD:  It's okay.  I've been sitting all week,
09:49:43  5  Your Honor.  It feels good to stand.

09:49:46  6      THE COURT:  You may sit if you wish.  I apologize,
09:49:47  7  Mr. Schwartz.

09:49:52  8      Okay, wait.  We want a clarification, what is it?
09:49:57  9  Which one are we talking about, the one just now?

09:50:00  10      LAW CLERK:  The one in the second sentence.

09:50:03  11      THE COURT:  Delete I-R.  In other words, "the."

09:50:08  12      MR. KERNELL:  And put Nextel in all caps.

09:50:11  13      THE COURT:  Okay.  Now we're back --

09:50:12  14      MR. SCHWARTZ:  I'm sorry.  And then "for devices."

09:50:18  15      MR. KERNELL:  After "trademark" put "for devices."

09:50:23  16      THE COURT:  Wait.  Are we talking about Page 35?

09:50:26  17      MR. SCHWARTZ:  We're still on Page 35.

09:50:27  18      THE COURT:  Okay.  And you're saying --

09:50:29  19      MR. SCHWARTZ:  In the Number 1 and Number 2 paragraphs,
09:50:32  20  to change where it says "Plaintiff," just change it to Sprint so
09:50:37  21  it's all consistent, and then there's a typo on the -- in the
09:50:42  22  one, two, three, four, fifth line, but at the very end there it
09:50:49  23  needs the "T".  And then again in paragraph item two where it
09:50:54  24  says "Plaintiffs" or "Plaintiff," that should be "Sprint" to be
09:50:55  25  consistent.

```
09:50:57   1            THE COURT:  So you want "Plaintiff" replaced with
09:51:00   2   "Sprint" everywhere?
09:51:03   3            MR. SCHWARTZ:  It seems to sound better if it's all
09:51:04   4   consistent.
09:51:05   5            THE COURT:  Any objection to that?
09:51:06   6            MS. DeFORD:  No objection, Your Honor.
09:51:08   7            THE COURT:  All right.  We can do "Sprint" instead of
09:51:11   8   "Plaintiff."
09:51:13   9            MS. DeFORD:  Are you done, Wayne?
09:51:14  10            MR. SCHWARTZ:  Yes.
09:51:16  11            MS. DeFORD:  Just a couple of comments on this
09:51:18  12   instruction from the Plaintiff, Your Honor.  Defendant needs to
09:51:23  13   be made plural in the second sentence of the instruction as well
09:51:26  14   as the third sentence.
09:51:27  15            THE COURT:  Where are we now?
09:51:30  16            MS. DeFORD:  This is the same instruction.  So in the
09:51:33  17   first paragraph it says "Defendant claims."
09:51:34  18            THE COURT:  "Defendants claim."
09:51:37  19            MS. DeFORD:  Uh-huh.  And then the same thing.
09:51:40  20            THE COURT:  The second line, "Defendants claim."  We
09:51:41  21   got it.
09:51:43  22            MS. DeFORD:  Then the same thing in the last line of
09:51:47  23   the first paragraph, "Defendant has the burden," it should be
09:51:50  24   "Defendants have the burden."
09:51:53  25            THE COURT:  All right.  "Defendants have the burden."
```

09:51:57  1    Okay.  Although we do have the plural in their defense.

09:51:58  2         MS. DeFORD:  And then we would ask the Court to take

09:52:02  3    out Paragraph 2.  There's no allegation in this case that our

09:52:06  4    mark or our rights have gone abandoned because they've become

09:52:10  5    generic.  The only allegations of abandonment in the case are

09:52:14  6    through nonuse, which is captured by Paragraph 1.

09:52:17  7         THE COURT:  Was there any allegation or proof that they

09:52:25  8    abandoned the -- that it's become a generic term?  I don't think

09:52:31  9    so.  So we'll delete Paragraph 2.  Now getting even shorter.  My

09:52:34  10   goodness, we'll be probably under --

09:52:35  11        MS. DeFORD:  And then, Your Honor, I don't know if you

09:52:39  12   want to deal with this.  So the next one, we would have an

09:52:42  13   objection to both a defense of abandonment and a counterclaim of

09:52:48  14   abandonment being read because they're going to be entirely

09:52:52  15   duplicative of each other.  The defense is subsumed within their

09:52:53  16   counterclaim.

09:52:56  17        THE COURT:  I know somebody was going to use the word

09:52:58  18   "subsume" sooner or later.

09:53:01  19        MS. DeFORD:  I'm glad I could be the one to do that for

09:53:02  20   you.

09:53:03  21        THE COURT:  That was wonderful.  Go ahead.

09:53:06  22        MS. DeFORD:  But it is entirely duplicative of -- the

09:53:10  23   instructions are duplicative of each other, so we would say only

09:53:13  24   one should be read whether it's their defense or their

09:53:17  25   counterclaim, it doesn't matter much to us, but it shouldn't be

09:53:20  1    read twice because it is the same thing.

09:53:21  2            MR. SCHWARTZ:  We would object, Your Honor, because one

09:53:24  3    is a defense and one is a counterclaim and we believe --

09:53:26  4            THE COURT:  Isn't it the same thing?

09:53:29  5            MR. SCHWARTZ:  The jury is only --

09:53:32  6            THE COURT:  If I tell the jury that it's both a

09:53:34  7    counterclaim and a defense.

09:53:36  8            MR. SCHWARTZ:  I think we have to trust that they can

09:53:40  9    understand it.  I think we should be entitled to see a defense

09:53:46  10   and then we have a counterclaim.  I think it's important.

09:53:51  11           MS. DeFORD:  They're truly entirely duplicative of each

09:53:54  12   other, Your Honor, and their counterclaim for cancellation of a

09:53:58  13   federal trademark registration, cancellation is not something

09:54:00  14   that the jury can order, that's something that the Court orders.

09:54:02  15   The court orders that on a finding of abandonment, not for the

09:54:02  16   jury to decide.

09:54:04  17           MR. SCHWARTZ:  The language is actually different, Your

09:54:10  18   Honor.  On the instruction 35, you say "if you find" and then

09:54:15  19   instruction Number 36 you say "I've instructed you to find."  So

09:54:17  20   there's some nuances, some differences.  I think they can

09:54:19  21   understand.

09:54:22  22           THE COURT:  It's the same person, it's them.  The jury.

09:54:23  23           MR. SCHWARTZ:  No, I'm saying --

09:54:26  24           THE COURT:  So if they find it, and I instruct them to

09:54:32  25   find it, there's no difference there.  What are the differences

09:54:39  1    in here?  Tell me what the differences are.

09:54:41  2        MR. SCHWARTZ:  Well, there's also additional language

09:54:46  3    in instruction 36 in the first paragraph where you talk about

09:54:50  4    "you must consider Defendants' claims that Sprint's

09:54:53  5    registrations are invalid."  That's not the language --

09:54:56  6        THE COURT:  But it's the same thing, isn't it?  Which

09:54:58  7    other one is it where is the other abandonment one?

09:55:00  8        LAW CLERK:  35, Judge.

09:55:01  9        THE COURT:  35?

09:55:03  10       LAW CLERK:  Page 35 as well.

09:55:06  11       THE COURT:  Page 35.

09:55:11  12       MR. SCHWARTZ:  Your Honor, the Court has knocked out

09:55:15  13   most of the claims and denied our earlier motion, I think in

09:55:18  14   fairness, to balance, we should simply -- we're talking about an

09:55:23  15   instruction, it has differences, and we think that the jury

09:55:26  16   should see one that says "defense" and one that says "a

09:55:30  17   counterclaim."  I just think that's fair and that's what we

09:55:33  18   would propose.

09:55:41  19       THE COURT:  No, I think the one to delete would be

09:55:47  20   Number 35.  Not the whole thing.

09:55:49  21       MR. SCHWARTZ:  We disagree with that, Your Honor.

09:55:49  22       THE COURT:  I understand.

09:55:50  23       MR. SCHWARTZ:  Respectfully.

09:55:53  24       THE COURT:  I understand that, but I'm trying to

09:55:56  25   streamline these unbelievably complex instructions, and I think

09:56:27  1   that -- hold on.  Let me just look at these two.  Yeah, I'm not

09:56:30  2   going to give both of these.  If there's any language -- and I

09:56:34  3   don't see any language in Page 35 that's not included in Page

09:56:41  4   36.  I mean --

09:56:44  5        MR. SCHWARTZ:  There's no language in 36 that says the

09:56:48  6   -- it doesn't use the correct language where it should say you

09:56:51  7   must consider Defendants' defense of abandonment.  And in the

09:56:56  8   top it says "defense."  So the caption should say defense and

09:57:00  9   counterclaims for -- if the Court, over objection, is going to

09:57:04  10  do that, then the title should be "defenses."

09:57:06  11       THE COURT:  There is no title.  I told you before.  The

09:57:07  12  titles are out.

09:57:09  13       MR. SCHWARTZ:  I'm sorry.  I'm sorry, Your Honor.

09:57:11  14       THE COURT:  It's only the content.  And if there is

09:57:15  15  anything in the language of on Page 35, which coincidentally

09:57:20  16  happens to be proposed jury instruction Number 35, that should

09:57:24  17  be included on Page 36, or proposed jury instruction Number 36,

09:57:28  18  I'll be happy to consider it.  I'm looking at it for that

09:57:31  19  purpose right now to see if anything should be added.  It does

09:57:34  20  look like there's --

09:57:35  21       MR. KERNELL:  Your Honor?

09:57:38  22       THE COURT:  It does look like --

09:57:40  23       MR. SCHWARTZ:  So okay, Your Honor, I understand.  So

09:57:50  24  on Page 36, first paragraph, Line 4, we should just add

09:57:54  25  "therefore" -- it flows from the third line, "therefore you must

```
09:58:11   1    consider Defendants," right here, "defense of" -- okay.  So Your
09:58:12   2    Honor, my colleague --
09:58:16   3              MR. KERNELL:  If I can go back to 35?
09:58:16   4              THE COURT:  Yes.
09:58:21   5              MR. KERNELL:  So in the second line and --
09:58:24   6              MR. SCHWARTZ:  Your Honor, we would like to leave 35
09:58:29   7    working off 35 and if we're going -- then, you know, if the
09:58:32   8    Court's inclined to combine this, then leave 35 the way it is
09:58:35   9    and --
09:58:37  10              MR. KERNELL:  So in the second line where it says "you
09:58:41  11    must consider Defendants," there I'd like to insert
09:58:56  12    "counterclaim and defense of abandonment."  Do you see where I'm
09:58:58  13    referring?
09:59:02  14              THE COURT:  Yeah, I'm trying to think of the language.
09:59:06  15    It seems to me that the way it should be dealt with is to say
09:59:09  16    "if you find that the Plaintiff has shown a likelihood of
09:59:13  17    confusion, you must consider Defendants' defense and
09:59:18  18    counterclaim" -- "and/or counterclaim of abandonment.  Defendant
09:59:21  19    claims that they are not liable because Sprint abandoned their
09:59:26  20    Nextel trademark.  Abandonment of a trademark is ground for the
09:59:30  21    cancellation of a trademark registration.  To prove abandonment"
09:59:37  22    -- and then it goes to the Number 1, not Number 2.
09:59:39  23              MR. KERNELL:  Yeah.  So saying "defense and
09:59:41  24    counterclaims" would be fine.
09:59:42  25              MR. SCHWARTZ:  Yes, that's fine, Your Honor.
```

| | |
|---|---|
| 09:59:53 | 1 |
| 10:00:09 | 2 |
| 10:00:15 | 3 |
| 10:00:21 | 4 |
| 10:00:26 | 5 |
| 10:00:31 | 6 |
| 10:00:37 | 7 |
| 10:00:49 | 8 |
| 10:00:56 | 9 |
| 10:00:59 | 10 |
| 10:01:01 | 11 |
| 10:01:03 | 12 |
| 10:01:06 | 13 |
| 10:01:09 | 14 |
| 10:01:12 | 15 |
| 10:01:15 | 16 |
| 10:01:19 | 17 |
| 10:01:22 | 18 |
| 10:01:24 | 19 |
| 10:01:29 | 20 |
| 10:01:34 | 21 |
| 10:01:35 | 22 |
| 10:01:37 | 23 |
| 10:01:39 | 24 |
| 10:01:39 | 25 |

THE COURT:  Hold on.  My brain is approaching me.

All right.  We're not going to do that, I'll tell you why.  The defense of abandonment requires a likelihood of confusion.  The counterclaim for abandonment does not require a -- so I'm going to give both.  And I'm going to tell them, you know, that -- and you can argue it however you want to, but consider Defendants' defense of abandonment.  And then I'm going to give -- make the same changes as far as plural Defendant, and it is plural there.  It was done right on 36 so we don't have to make any changes except to delete Number 2.  Is there any other changes necessary there?

MS. DeFORD:  Your Honor, we would just -- I understand the Court's ruling.  We maintain our objection to both being read, but I understand it is your ruling.  Yes, you've got Paragraph 2 being deleted.  To Counsel's point, I think you've already addressed that Plaintiff will be changed throughout, but it would need to be changed in Paragraph 1 to Sprint as well.

THE COURT:  Well, Page 36 doesn't have it that way.

MS. DeFORD:  In Paragraph 1 it does, Your Honor.  If you look three lines up from the bottom of Paragraph 1, it says "Plaintiff."

THE COURT:  On Page 36?

MS. DeFORD:  Yes.

MR. SCHWARTZ:  The numbered paragraph, Your Honor.

MS. DeFORD:  I apologize.

| | | |
|---|---|---|
| 10:01:41 | 1 | THE COURT:  Okay.  I got it. |
| 10:01:43 | 2 | MS. DeFORD:  Thank, you Wayne. |
| 10:01:46 | 3 | MR. KERNELL:  And also at the end of -- no.  The end of |
| 10:01:53 | 4 | Line 3 or the third line from the bottom of paragraph -- of |
| 10:01:57 | 5 | paragraph numbered one, it should be "but."  There's a "T" |
| 10:01:58 | 6 | missing. |
| 10:02:02 | 7 | THE COURT:  Yes.  It's a misspelled word.  I don't know |
| 10:02:08 | 8 | what it is.  But.  B-U-T. |
| 10:02:09 | 9 | MS. DeFORD:  Your Honor -- |
| 10:02:12 | 10 | THE COURT:  One "T." |
| 10:02:19 | 11 | MS. DeFORD:  -- we would propose that there actually is |
| 10:02:21 | 12 | still a way to combine them.  I understand Your Honor's ruled, |
| 10:02:26 | 13 | but if you'll -- with indulgence, if you work off of 36, you can |
| 10:02:32 | 14 | have "I have instructed you to find that Sprint has a registered |
| 10:02:35 | 15 | trademark that is presumed to be valid, and Sprint enjoys |
| 10:02:38 | 16 | nationwide priority of rights and nationwide constructive notice |
| 10:02:42 | 17 | of rights.  If you find a likelihood of confusion, you must |
| 10:02:45 | 18 | consider Defendants' defense of abandonment."  And then you can |
| 10:02:47 | 19 | add on, you know, if even if you don't find a likelihood of |
| 10:02:53 | 20 | confusion, you must still consider there. |
| 10:02:55 | 21 | THE COURT:  That's longer than reading both of them, |
| 10:02:55 | 22 | never mind. |
| 10:02:58 | 23 | MS. DeFORD:  No problem, Your Honor.  In the first |
| 10:03:01 | 24 | non-numbered paragraph, the actual first paragraph of the |
| 10:03:05 | 25 | instruction, the second sentence from the bottom of paragraph |

10:03:08  1    which says "Defendants' claim that Sprint's registrations," that
10:03:11  2    should be "registration."  There's only one abandonment claim
10:03:16  3    left in this case.  And we would ask that it be described as for
10:03:21  4    the "Nextel mark" and in parenthesis have US Registration Number
10:03:31  5    1,884,244 and that "are" be changed to "is."
10:03:34  6                THE COURT:  The Nextel mark and then registration
10:03:34  7    number?
10:03:37  8                MS. DeFORD:  And then the "are" would be changed to "is
10:03:37  9    invalid."
10:03:45  10               THE COURT:  Yeah, "is invalid for the Nextel mark
10:03:46  11   registration number," whatever it is.
10:03:48  12               MS. DeFORD:  Uh-huh.
10:03:50  13               THE COURT:  "Is invalid because Sprint has abandoned
10:03:52  14   that trademark."
10:03:54  15               MS. DeFORD:  Yes.  Thank you, Your Honor.
10:04:08  16               THE COURT:  How about to clear up the -- Sprint --
10:04:13  17   numbered Paragraph 1, "Sprint discontinued the bonafide use of
10:04:20  18   its trademark and did so with the intent to not resume its use.
10:04:24  19   If you find that Sprint has not used the trademark for three" --
10:04:28  20   "you may presume that Sprint did not intend to resume use of the
10:04:32  21   trademark, but Sprint can rebut that presumption by producing
10:04:37  22   evidence that it intended to resume use."  Does that make a
10:04:40  23   little more grammatical sense?  Not that I'm a gramatician, but
10:04:41  24   whatever that word is.
10:04:48  25               Okay.  Can we go on?  Page 37, I rejected proposed jury

| | | |
|---|---|---|
| 10:04:57 | 1 | instruction Number 37.  Rejected Number 38.  Rejected Number 39. |
| 10:05:00 | 2 | Over your objection, I'm not going to give it.  Unclean hands |
| 10:05:11 | 3 | I'm rejecting on Page 41, and I think it's duplicative of 10.5. |
| 10:05:13 | 4 | MS. DeFORD:  Your Honor, on Page 41 we do have a |
| 10:05:19 | 5 | nonduplicative counterclaim for unfair competition and |
| 10:05:22 | 6 | designation of origin.  I understand the Court is rejecting |
| 10:05:26 | 7 | that, we would just like to preserve that for appeal. |
| 10:05:28 | 8 | THE COURT:  Okay.  You have.  I guess.  That's up to |
| 10:05:33 | 9 | them.  They're the ones that decide whether you've reserved it |
| 10:05:34 | 10 | or not. |
| 10:05:39 | 11 | Okay.  Page 42, 10.7, trademarks, modified Eleventh |
| 10:05:43 | 12 | Circuit pattern jury instruction 10.7.  I added the website |
| 10:05:48 | 13 | domain names as proposed by Plaintiff to aid in the jury's |
| 10:05:52 | 14 | deliberation.  I included the damages language in 10.7 rather |
| 10:05:56 | 15 | than in proposed jury instruction 43.  I also propose moving |
| 10:06:02 | 16 | this instruction following Number 34.  And you guys look and see |
| 10:06:08 | 17 | which domain names are subject to the ACPA, the |
| 10:06:14 | 18 | Anticybersquatting Consumer Protection Act.  What a great name |
| 10:06:16 | 19 | for something. |
| 10:06:17 | 20 | MS. DeFORD:  It's a very long name. |
| 10:06:17 | 21 | THE COURT:  Yes, it is. |
| 10:06:20 | 22 | MS. DeFORD:  I believe we've agreed on four, but we |
| 10:06:22 | 23 | have a dispute as to the fifth one that the Plaintiff would like |
| 10:06:23 | 24 | to have included. |
| 10:06:24 | 25 | THE COURT:  Okay.  Tell me about it. |

| | | |
|---|---|---|
| 10:06:26 | 1 | MS. DeFORD:  The four that we agreed to are |
| 10:06:32 | 2 | nextelworldwide.com, nextelisback.com, |
| 10:06:43 | 3 | nextelmobileworldwide.com, and nextelmobile.com.  The fifth one |
| 10:06:46 | 4 | that the Plaintiff states should be in this case is get |
| 10:06:52 | 5 | nextel.com.  That was read in as a stipulated fact that it was |
| 10:06:54 | 6 | registered by the Defendant RetroBrands in this case. |
| 10:06:57 | 7 | THE COURT:  Okay.  Why not include that? |
| 10:06:58 | 8 | MR. SCHWARTZ:  Simply put, Your Honor, Plaintiff's |
| 10:07:04 | 9 | trial Exhibit 155 reflects that get nextel.com is -- it's |
| 10:07:08 | 10 | registered by a nonparty.  So -- and the language talks about |
| 10:07:13 | 11 | registrant.  So to be consistent, we don't own that -- we don't |
| 10:07:15 | 12 | own that website. |
| 10:07:16 | 13 | MS. DeFORD:  So a couple reasons, Your Honor.  One, the |
| 10:07:19 | 14 | exhibit he just referred to is not in evidence.  What is in |
| 10:07:22 | 15 | evidence is a stipulated fact that they agreed to that |
| 10:07:24 | 16 | RetroBrands registered that trademark. |
| 10:07:31 | 17 | Two, the statute is not as narrow as my opposing |
| 10:07:35 | 18 | counsel is suggesting.  The statute allows for liability for |
| 10:07:40 | 19 | anyone who registers, traffics in, or uses a trademark.  And |
| 10:07:41 | 20 | there is evidence -- |
| 10:07:43 | 21 | THE COURT:  I'll permit it.  I'll permit it.  Over |
| 10:07:46 | 22 | objection.  Go ahead.  Next.  So you'll include that, Jose. |
| 10:07:54 | 23 | There are seven in the instructions so we're getting |
| 10:07:55 | 24 | rid of the other two? |
| 10:07:57 | 25 | MS. DeFORD:  The Plaintiff is dropping the other two. |

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
TRANSCRIPT PRODUCED BY COMPUTER

| | | |
|---|---|---|
| 10:07:58 | 1 | Thank you. |
| 10:08:01 | 2 | THE COURT:  Okay.  You have -- which ones they are? |
| 10:08:03 | 3 | All right.  Repeat which ones they are now. |
| 10:08:06 | 4 | MS. DeFORD:  Sure.  So we are -- in the case would be |
| 10:08:12 | 5 | nextelworldwide.com, nextelisback.com, |
| 10:08:23 | 6 | nextelmobileworldwide.com, getnextel.com, and nextelmobile.com. |
| 10:08:27 | 7 | THE COURT:  Okay. So that deletes nextelcentral.com? |
| 10:08:28 | 8 | MS. DeFORD:  Yes. |
| 10:08:37 | 9 | THE COURT:  And nextelcommunications.com.  Okay?  All |
| 10:08:39 | 10 | right.  Next? |
| 10:08:50 | 11 | We move on to Page 46, 47. |
| 10:08:52 | 12 | MR. SCHWARTZ:  Just -- Your Honor, just to point out |
| 10:08:56 | 13 | that on Page 45, the names pop up again. |
| 10:09:00 | 14 | THE COURT:  Yeah, we'll delete them, we'll do a general |
| 10:09:01 | 15 | delete of those names. |
| 10:09:08 | 16 | Okay.  Page 47, proposed jury instruction Number 43, |
| 10:09:13 | 17 | remedies.  You can see my notes there. |
| 10:09:20 | 18 | Moving on to 48, based on my oral rulings, I think |
| 10:09:21 | 19 | we're done. |
| 10:09:27 | 20 | 49, same thing and 50, same thing. |
| 10:09:29 | 21 | MR. SCHWARTZ:  One further comment, Your Honor. |
| 10:09:30 | 22 | THE COURT:  Yes, sir. |
| 10:09:33 | 23 | MR. SCHWARTZ:  On Page 46 which has the correct |
| 10:09:39 | 24 | language about that they may award statutory damages.  To be |
| 10:09:42 | 25 | consistent, the verdict form -- |

| 10:09:45 | 1 | THE COURT:  Okay.  No, we'll go to the verdict form |

```
10:09:45   1          THE COURT:  Okay.  No, we'll go to the verdict form
10:09:57   2     now.  Let's talk about the verdict form.  Court's proposed
10:10:02   3     verdict form.  I propose that it be done this way to make it as
10:10:11   4     short as possible, but I'm certainly willing to listen.
10:10:15   5          Number 1, "did Plaintiff prove by a preponderance of
10:10:19   6     the evidence that the Defendants are liable on Plaintiff's
10:10:22   7     trademark counterfeiting claim with respect to the Nextel
10:10:26   8     trademark number," let's just say 244.  And then there's a "yes"
10:10:32   9     or "no" for Stephen Calabrese, Nextel, RetroBrands, Jeffrey
10:10:35  10     Kaplan and Nextel Mobile Worldwide.  What happened to the other
10:10:40  11     dude?  Garcia, or whatever his name was?
10:10:41  12          MR. SCHWARTZ:  He's not a named party.
10:10:43  13          THE COURT:  Okay.  That's right.  I wouldn't even let
10:10:46  14     him talk.  Okay.
10:10:47  15          MR. SCHWARTZ:  Not today.
10:10:51  16          THE COURT:  So those five.  "If you answered yes to any
10:10:53  17     Defendant, proceed to Question 2.  Based on your finding that
10:10:58  18     the Defendant is or multiple Defendants are liable on
10:11:04  19     Plaintiff's claim for 244, you shall award statutory damages.
10:11:07  20     If you find that at the time the counterfeiting activity the
10:11:11  21     Defendant or multiple' -- do we want to switch these back like
10:11:16  22     the other one?  Oh, this is the right order.  This is the order
10:11:18  23     we switched the other ones for.
10:11:22  24          LAW CLERK:  You have what we didn't switch.  It's --
10:11:25  25          THE COURT:  Oh, it's already switched.  So which one is
```

| | | |
|---|---|---|
| 10:11:27 | 1 | first? |
| 10:11:30 | 2 | THE CLERK:  1,000 and 200,000. |
| 10:11:32 | 3 | THE COURT:  So the one that is actually numbered four |
| 10:11:36 | 4 | will actually be numbered -- |
| 10:11:40 | 5 | THE CLERK:  No. |
| 10:11:44 | 6 | (Court conferring) |
| 10:11:47 | 7 | THE COURT:  Wait a second.  I want to get the new one |
| 10:11:50 | 8 | so I don't have a problem with this.  Print three copies so they |
| 10:12:03 | 9 | each have one.  I love charge conferences, almost as much as |
| 10:12:03 | 10 | sidebars. |
| 10:12:07 | 11 | MR. SCHWARTZ:  Your Honor, I think to be consistent -- |
| 10:12:09 | 12 | THE COURT:  Well, wait.  This isn't the form.  We're |
| 10:12:12 | 13 | getting the form.  We're having it printed up.  He changed it |
| 10:12:15 | 14 | already -- based on what we talked about earlier, he changed it, |
| 10:12:19 | 15 | so he's printing up three copies right now so each side will |
| 10:12:23 | 16 | have a copy and I'll have a copy.  I'm not having him print five |
| 10:12:29 | 17 | copies, So you have to share.  I know lawyers are not good at |
| 10:12:33 | 18 | sharing, but we're going to try. |
| 10:13:09 | 19 | (In-place recess) |
| 10:14:25 | 20 | THE COURT:  Give you a few minutes to go through that, |
| 10:14:31 | 21 | see what changes, how we managed to screw it up again.  I don't |
| 10:15:15 | 22 | think there's that many changes to it, but looking at the |
| 10:15:20 | 23 | Court's proposed verdict form, we remind them that it's |
| 10:15:23 | 24 | unanimous, and the first paragraph, as we said, was "did |
| 10:15:27 | 25 | Plaintiff prove", same as it was, "prove by a preponderance of |

10:15:31  1   the evidence that the Defendants are liable on the

10:15:33  2   counterfeiting claim with respect to the Nextel trademark Number

10:15:39  3   244," and then each lists the five Defendants.  "If you answered

10:15:42  4   yes to any Defendant, proceed to Question 2.  Question 2, based

10:15:46  5   on your finding that a Defendant is or multiple Defendants are

10:15:57  6   liable on Plaintiff's claim for trademark counterfeiting of 244,

10:16:01  7   you shall award statutory damages.  If you find that at the time

10:16:05  8   of the counterfeiting activity Defendants did not know they were

10:16:09  9   counterfeits, you may award statutory damages between 1,000 and

10:16:15  10  200,000 per type of goods sold, offered or distributed."   And

10:16:19  11  the answer goes there.

10:16:22  12       Question 3, "did Plaintiff prove by a preponderance of

10:16:24  13  the evidence that the Defendants are liable on Plaintiff's claim

10:16:32  14  for trademark infringement under the Lanham Act, Florida Common

10:16:36  15  Law or the Florida Deceptive" -- or the FDUTPA, whatever that

10:16:39  16  is.  With respect to Nextel trademark 244.  Same Defendants.

10:16:47  17  "If you answered yes to any Defendant, proceed to Question 4.

10:16:51  18  If you answered know to all Defendants, proceed to Question 5.

10:16:56  19  Based on your finding, what is the monetary damage."

10:16:59  20       Question 5, "did the Plaintiff prove by a preponderance

10:17:02  21  of the evidence that the Defendants are liable on Sprint's claim

10:17:06  22  for unfair competition and false designation of origin with

10:17:11  23  respect to 244.  If you answered yes as to any Defendant,

10:17:15  24  proceed to Question 6.  If you answered no, proceed to Question

10:17:22  25  7.  Based on your finding, what's the monetary amount which

10:17:26  1   should be awarded to Sprint.  Proceed to Question 7.  If you

10:17:31  2   find that based  -- the Defendants' use of the Nextel trademark

10:17:35  3   is likely to dilute 244," and then yes or no.  "If you answered

10:17:41  4   yes to any Defendant, go to Question 8."

10:17:44  5           MS. DeFORD:  Your Honor, on Question 7, the Plaintiff's

10:17:48  6   would propose talking out, in the second sentence, "after likely

10:17:49  7   to dilute."

10:17:50  8           THE COURT:  Yeah.

10:17:53  9           MS. DeFORD:  We would propose taking out "the

10:17:58 10   distinctiveness."  Plaintiff has a dilution claim that is both

10:18:04 11   by blurring and tarnishment.  One diminishes the reputation, the

10:18:05 12   other one diminishes the distinctiveness.  So to simplify it for

10:18:08 13   the jury, we would propose just saying "likely to dilute

10:18:12 14   Plaintiffs Nextel trademark.".

10:18:19 15           THE COURT:  You want to delete "the distinctiveness."

10:18:22 16           MS. DeFORD:  "The distinctiveness of," yes.

10:18:23 17           THE COURT:  Any objection?

10:18:25 18           MR. SCHWARTZ:  They want to delete the entire Number 7?

10:18:28 19           THE COURT:  No, they want to delete the two words, "the

10:18:34 20   distinctiveness."  "Likely to dilute Plaintiff's Nextel

10:18:38 21   trademark" because dilute includes two things.  Distinctiveness

10:18:40 22   and blurring, correct?

10:18:42 23           MS. DeFORD:  It's tarnishment, Your Honor.

10:18:44 24           THE COURT:  Tarnishment.  Excuse me.  I don't do a lot

10:18:47 25   of silver work so I didn't know.

10:18:49  1          MR. SCHWARTZ:  I wouldn't want to give them two bites

10:18:52  2     at the apple.  It seems like seven and eight would be exactly

10:18:55  3     the same.

10:18:56  4          MS. DeFORD:  The eight is the monetary.

10:19:00  5          THE COURT:  Eight is the monetary amount.

10:19:01  6          MR. SCHWARTZ:  I'm sorry, Your Honor.  I was working at

10:19:03  7     1 in the morning.

10:19:05  8          THE COURT:  Yeah.  I can understand.  I was sleeping.

10:19:12  9     I'll delete the words "the distinctiveness of."  Actually three

10:19:17 10     words.  Okay.  Then eight is the number.

10:19:20 11          Number 9, "you find based on a preponderance of the

10:19:23 12     evidence that Defendants are liable on the claim of

10:19:28 13     cybersquatting with respect to Trademark 244.  Yes or no.  If

10:19:34 14     you answered yes, what's the amount in the range of 1,000 to

10:19:39 15     $100,000 per domain."

10:19:46 16          Question 11, "Plaintiff prove liable with respect to

10:19:52 17     sound mark 282."  I'm just going to say "sound mark."  It's the

10:19:56 18     only sound mark at issue.  Same five Defendants.  If you

10:19:59 19     answered yes to any Defendant --

10:20:00 20          MR. SCHWARTZ:  We have to step back, I'm sorry, Your

10:20:04 21     Honor, to Number 10.  This is where I mentioned earlier in order

10:20:07 22     to be consistent with the pattern instruction and the jury

10:20:11 23     instruction, the language of Number 10 it should not say

10:20:19 24     "shall," it should say "you may" in Line 2 at the end and then

10:20:19 25     --

10:20:24  1          THE COURT:  I thought that if they found that they had

10:20:27  2     in fact done that, they were supposed to do the statutory

10:20:31  3     damages, they could go from the low to the high, but they had

10:20:33  4     to, didn't they?

10:20:36  5          MR. SCHWARTZ:  The pattern instruction says "may."  I'm

10:20:41  6     just going by that.  I could pull out the --

10:20:43  7          THE COURT:  All right.  The pattern instruction saying

10:20:45  8     "may," what's wrong with "may" then?

10:20:48  9          MS. DeFORD:  Your Honor, if you'll give me one brief

10:20:52  10    indulgence, I'm trying to get the statute for you because the

10:20:54  11    statute should control over pattern jury instructions.

10:20:57  12         THE COURT:  I agree.  That's what you're paying Dan the

10:21:08  13    big bucks for, to find the statute for you.  Good job, Dan.  Let

10:21:12  14    the record reflect that Dan picked up the little book and gave

10:21:15  15    it to her.  Not even a big book.

10:21:17  16         MS. DeFORD:  Your Honor, we would dispute that and say

10:21:20  17    that the statute is clear that we are entitled to at least

10:21:24  18    $1,000 in statutory damages if liability is found.  The way the

10:21:28  19    statute reads is "in a case involving a violation of Section

10:21:35  20    1125(d)(1) of this title, the Plaintiff may elect at any time

10:21:39  21    before final judgment is rendered by the trial court to recover,

10:21:42  22    instead of actual damages and profits, an award of statutory

10:21:47  23    damages in the amount of not less than 1,000 and not more than

10:21:51  24    100,000 per domain as the court considers just."

10:21:57  25         THE COURT:  I will leave "shall" over objection, okay?

```
10:22:05   1    Then we go to 12.  Is that also shall?
10:22:07   2          MS. DeFORD:  It is also -- it's the same language, I
10:22:09   3    believe, of not less, Your Honor.  I can pull it back up.  It's
10:22:11   4    in the same section of the statute.
10:22:14   5          THE COURT:  Then we need to change the word "may" in
10:22:19   6    the fourth line to "you shall" between --
10:22:24   7          MR. KERNELL:  Your Honor, the statute doesn't use the
10:22:25   8    word "shall."
10:22:27   9          THE COURT:  But it says it's a minimum of a thousand to
10:22:31  10    a maximum of -- it says -- what does it say?
10:22:32  11          MS. DeFORD:  It says not less, Your Honor.
10:22:37  12          THE COURT:  Not less than $1,000.  So that means to me
10:22:46  13    that they shall award at least $1,000.  If there's a minimum
10:23:19  14    mandatory, that's what it means I think.  I'm not adding it in
10:23:23  15    the penultimate -- well, it's the third line from the end, then
10:23:27  16    you may award statutory damages to a maximum of $2 million
10:23:30  17    because they don't have to award $2 million.
10:23:32  18          MS. DeFORD:  I'd agree with that, Your Honor.
10:23:35  19          THE COURT:  Okay.  All right.  Next is Question 13.
10:23:45  20    Sprint prove liable trademark infringement as to sound mark on
10:23:50  21    Florida Deceptive and Unfair Trade, and if they say yes, they
10:23:58  22    have to go to 14.  What does the Florida Act say, "may"?
10:24:02  23          MS. DeFORD:  This is not -- these claims are not
10:24:06  24    statutory damages, Your Honor.  They require additional proof.
10:24:12  25          THE COURT:  Okay.  So they have to find.  What is the
```

10:24:15  1    monetary amount you should find should be awarded.  All right.

10:24:24  2    Then 15 is sound mark, unfair competition and false designation.

10:24:31  3    What is the monetary amount you find should be awarded.  And

10:24:36  4    then at the end, "do you find the Defendants proved by a

10:24:39  5    preponderance of the evidence that Plaintiff had abandoned

10:24:43  6    Nextel trademark by stopping all use with an intent not to

10:24:49  7    resume use," yes or no on the sound mark.

10:24:51  8         MS. DeFORD:  On this one, Your Honor, to the extent

10:24:54  9    that the Eleventh Circuit's going to want me to raise an

10:24:56  10   objection to the verdict form, we object to the preponderance

10:24:59  11   standard on their abandonment defense, and I'd also ask that the

10:25:05  12   Court add "its" between "abandoned" and "Nextel."  "The

10:25:12  13   Plaintiff has abandoned its Nextel trademark."  May not be

10:25:12  14   necessary --

10:25:14  15        THE COURT:  No, I don't think it is necessary and I

10:25:19  16   think that that -- no, I won't put that in.  All right.

10:25:19  17   Anything else?

10:25:20  18        MR. SCHWARTZ:  Your Honor? Yes, Your Honor.  I didn't

10:25:24  19   want to stop you in terms of the flow, but after each --

10:25:25  20        THE COURT:  What flow?

10:25:28  21        MR. SCHWARTZ:  Well, the sort of flow.

10:25:28  22        THE COURT:  Go ahead.

10:25:33  23        MR. SCHWARTZ:  After the jury answers Number 1, before

10:25:39  24   it directs to Number 2, it has to direct them to address the

10:25:44  25   issue of our defense which is -- so it needs an instruction, it

10:25:50  1   needs a special line that says Sprint has abandoned its

10:25:55  2   trademark, answer yes or no, and then if they answer yes, it

10:25:59  3   redirects them past the damages to the next question.  You

10:26:03  4   cannot have them filling out a whole form with damages and then

10:26:07  5   get to the end and say oh, they abandoned.

10:26:10  6          THE COURT:  Why not?  Because at the end if they do

10:26:15  7   that, then it's easier for me to write it off than it is for

10:26:16  8   them.

10:26:19  9          MR. SCHWARTZ:  I think it's confusing.  It will confuse

10:26:24  10  the jury.  I think they have to understand that before they

10:26:28  11  start awarding money, they have to consider the defense and

10:26:32  12  counterclaim, and there has to be a direction and it's a very

10:26:36  13  simple -- from the pattern instructions, it's Number 9.  It just

10:26:38  14  says, like I described, Sprint has abandoned its trademark --

10:26:42  15         THE COURT:  Do you think that Number 17 should be the

10:26:46  16  first question then?

10:26:48  17         MS. DeFORD:  We would dispute that.

10:26:50  18         MR. SCHWARTZ:  No, Your Honor.  It should be after each

10:26:50  19  one.

10:26:53  20         THE COURT:  Oh no, I'm not going to ask them 17 times.

10:27:03  21  No.  That's not happening.  Does abandonment defeat all claims?

10:27:04  22         MS. DeFORD:  Yes, it does, Your Honor.

10:27:07  23         THE COURT:  So why isn't it the first question?

10:27:10  24         MR. SCHWARTZ:  Put it first and it jumps to the end.

10:27:12  25         MS. DeFORD:  I'm sorry, Your Honor.  I misspoke, it

10:27:16  1    does not.  Our unfair competition survives even if we've

10:27:18  2    abandoned the mark.

10:27:20  3         THE COURT:  Okay.  Then we need to re-shuffle these to

10:27:25  4    deal with abandonment.  Well, first of all, with the unfair

10:27:34  5    competition claims and then go to abandonment and then go to

10:27:39  6    individual claims.  That seems kind of confusing, but it might

10:27:40  7    be a more accurate --

10:27:43  8         MS. DeFORD:  I think the way the Court has it is the

10:27:46  9    more traditional way that verdict forms usually read.  You

10:27:50 10    usually go through the Plaintiff's claims in their completion

10:27:54 11    first before you get to Defendants' claims and defenses, and I

10:27:57 12    would say that I think that the way that this is worded is

10:28:01 13    correct.  To have the Defendants have to repeat, even more than

10:28:04 14    once, the issue of whether there's been abandonment creates a

10:28:06 15    risk for inconsistent verdicts.

10:28:09 16         THE COURT:  I'm not going to repeat it a bunch of

10:28:14 17    times, but if they say you did abandon it, then that cuts out an

10:28:16 18    awful lot of them, doesn't it?

10:28:18 19         MS. DeFORD:  Yes, it does, Your Honor.

10:28:24 20         THE COURT:  Then we can -- you know what, leave it

10:28:29 21    where it is.  If they find that it has been abandoned, I'll go

10:28:32 22    back and I'll knock all of those out.

10:28:33 23         MS. DeFORD:  I think that's appropriate, Your Honor.

10:28:36 24         THE COURT:  That's what I think is part of my job.

10:28:37 25         MR. SCHWARTZ:  Your Honor, I have to respectfully

10:28:42  1    disagree with that way of doing it because they shouldn't be

10:28:46  2    writing down amounts and dollars, and then not understand they

10:28:50  3    get to the end, and then they're going to be confused and asking

10:28:50  4    us questions.

10:28:53  5            THE COURT:  You could get lucky and they could say oh,

10:28:58  6    yeah fine, but let me throw the Defendants a bone.

10:28:59  7            MR. SCHWARTZ:  The simplest way, Your Honor, is to put

10:29:01  8    the question first.

10:29:03  9            THE COURT:  But it doesn't affect all of them.

10:29:05  10           MR. SCHWARTZ:  No, but then it will direct it to the

10:29:09  11   one they say still is there, and then they can go on from there.

10:29:11  12   And this way it jumps over --

10:29:14  13           THE COURT:  Which are not affected by abandonment?

10:29:17  14           MS. DeFORD:  It's the federal unfair competition claim,

10:29:20  15   Your Honor.  But to address an additional point, the Court took

10:29:24  16   our judgment as a matter of law motion on abandonment under

10:29:28  17   advisement, so if the Court decides after a verdict is reached

10:29:31  18   that we -- there was enough evidence to take that issue from the

10:29:35  19   jury, we would still want all of their decisions on all of the

10:29:35  20   claims.

10:29:37  21           THE COURT:  I'll leave it the way it is.  I don't think

10:29:38  22   it's confusing at all.

10:29:41  23           All right.  Anything else we need to talk about?

10:29:42  24           MS. DeFORD:  One more thing from the Plaintiff's side,

10:29:48  25   Your Honor.  Given the Court's ruling on instruction Number 41,

| | |
|---|---|
| 10:29:52 | 1 |
| 10:29:58 | 2 |
| 10:30:01 | 3 |
| 10:30:06 | 4 |
| 10:30:09 | 5 |
| 10:30:12 | 6 |
| 10:30:13 | 7 |
| 10:30:17 | 8 |
| 10:30:17 | 9 |
| 10:30:18 | 10 |

1  which is to say that our federal unfair competition claim and

2  the false designation of origin claim, which are separate counts

3  in our complaint is going to be subsumed within the instructions

4  in proposed jury instruction Number 32, we would ask the Court

5  to add a reference to those claims in the instructions so that

6  the jury understands that those claims govern that portion of

7  the verdict form.

8       THE COURT:  How do you propose to do that?  Give me a

9  suggestion.

10      MS. DeFORD:  This is on Page 18.

11      THE COURT:  Okay.

12      MS. DeFORD:  Where it says "Sprint claims that the

13  Defendants have infringed its registered Nextel trademark and

14  sound mark under federal law," I would take out the part and

15  just have it say "under federal law, under common law and the

16  Florida Deceptive and Unfair Trade Practices Act" and then

17  create a new sentence.

18      THE COURT:  Where are you talking about?

19      MS. DeFORD:  Page 18, the very first paragraph.

20      THE COURT:  Okay.  What line?

21      MS. DeFORD:  So starting on Line 2, where it says

22  "trademark and sound mark under federal law," I would take out

23  "and that the Defendants have also infringed Sprint's registered

24  Nextel trademark," just take out that part and just have it read

25  "under federal law, common law and the Florida Deceptive and

10:31:11  1    Unfair Trade Practices Act."

10:31:16  2          It would then go on to say that "Sprint also claims

10:31:23  3    that Defendants have committed acts of unfair competition and

10:31:29  4    false designation of origin under federal law."

10:31:31  5          MR. SCHWARTZ:  We would object to adding that extra

10:31:32  6    language, Your Honor.

10:31:34  7          MS. DeFORD:  It was their objection, Your Honor, where

10:31:36  8    they said it was duplicative.  If they think it's duplicative,

10:31:39  9    it needs to be part of this.  They can't read a claim out of our

10:31:42  10   jury instructions.

10:31:47  11         MR. SCHWARTZ:  I think we should just leave it as is,

10:31:49  12   Your Honor, instead of all this editing.

10:31:57  13         THE COURT:  You propose that under federal law and --

10:32:03  14   Jose, do you have what their proposal is?

10:32:06  15         LAW CLERK:  I need to finish typing it out.  Sort of.

10:32:09  16         THE COURT:  Okay.  Repeat what you want.  Read the

10:32:12  17   entire first paragraph the way you would like it.  Your dream

10:32:14  18   paragraph.

10:32:17  19         MS. DeFORD:  I think my dream paragraph would be a

10:32:20  20   little more slanted towards my client.

10:32:23  21         "Sprint claims that the Defendants have infringed its

10:32:28  22   registered Nextel trademark and sound mark under federal law,

10:32:32  23   common law and the Florida Deceptive and Unfair Trade Practice

10:32:38  24   Act.  Sprint also claims that Defendants have engaged in acts of

10:32:43  25   unfair competition and false designation of origin under federal

10:32:45  1    law."

10:33:09  2             THE COURT:  I think that's a fair opening statement.

10:33:11  3    I'll permit it over your objection.

10:33:11  4             MS. DeFORD:  Thank you, Your Honor.

10:33:15  5             And then the last thing, just to make sure that my

10:33:18  6    preservation on 41 is clear, we provided reasons when we filed

10:33:20  7    -- we provided authority in support of that instruction, and so

10:33:24  8    I would just refer to that authority to not waste the Court's

10:33:27  9    time in arguing something the Court has already decided, but

10:33:29 10    just for noting that for appeal.

10:33:32 11             THE COURT:  Okay.  Thank you for saving me a little

10:33:33 12    time.

10:33:38 13             Anything else?  If not, thank you.  We will send out

10:33:46 14    the modified jury instructions and proposed verdict form and

10:33:52 15    verdict form to you today.  If you have any problem with it,

10:33:57 16    please send it back and we'll look at it over the weekend and

10:34:02 17    talk to you about it Monday at noon.

10:34:04 18             Be ready to go with your final arguments.  You have 45

10:34:11 19    minutes each side.  Plaintiff may open and close, but it's total

10:34:22 20    45 minutes.  As I told you, the green light over here will go on

10:34:28 21    until there's green -- warning light will start flashing when

10:34:35 22    there's two minutes to go to your thing.  It will -- I'm sorry.

10:34:39 23    Yeah.  When there's two minutes to go.  Yellow light will come

10:34:43 24    on when there's one minute to go, the red light will come on

10:34:48 25    during your opening closing.  I will not stop you, you just keep

10:34:53   1   going if you want.  I have another timer which will tell you how

10:34:58   2   much of your rebuttal time you're using up, but your total time

10:35:00   3   is 45 minutes.

10:35:02   4          MR. RIOPELLE:  Just to confirm, you're going to read

10:35:03   5   the jury instructions after the closings, correct?

10:35:06   6          THE COURT:  Correct.  All right.  Anything else?

10:35:07   7          MS. DeFORD:  Nothing from the Plaintiff.

10:35:10   8          THE COURT:  If not, have a nice weekend, see you all

10:35:10   9   Monday.

10:35:12  10          MR. SCHWARTZ:  Happy holidays.

10:35:14  11          THE COURT:  The same to you.

10:35:14  12          (See Volume 8 for continuation)

10:35:14  13                    C E R T I F I C A T E
                  I certify that the foregoing is a correct transcript from the
10:35:14  14      record of proceedings in the above-entitled matter.

10:35:14  15      4/15/2022              /s/ Dawn M. Savino, R.P.R., C.R.R.
                  Date                        DAWN M. SAVINO, R.P.R., C.R.R.
10:35:14  16

10:35:14  17

          18

          19

          20

          21

          22

          23

          24

          25

**PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY**
**TRANSCRIPT PRODUCED BY COMPUTER**