UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case Number: 18-60788-CIV-MARTINEZ-BECERRA

SPRINT COMMUNICATIONS, LLC,

    Plaintiff/Counterclaim Defendant,

v.

STEPHEN CALABRESE, *et al*.,

    Defendants/Counterclaim Plaintiffs.
_____/

## ORDER ON DEFENDANTS' OMNIBUS MOTION JNOV; MOTION TO ALTER OR AMEND THE JUDGMENT; AND ALTERNATIVELY, MOTION FOR A NEW TRIAL

THIS CAUSE came before this Court upon Defendants' Omnibus Motion JNOV; Motion to Alter or Amend the Judgment; and Alternatively, Motion for a New Trial (the "Omnibus Motion"), (ECF No. 327). This Court has reviewed the Omnibus Motion, pertinent portions of the record, and applicable law and is otherwise fully advised of the premises. Accordingly, for the reasons set forth herein, the Omnibus Motion is GRANTED IN PART and DENIED IN PART.

Following the Jury Trial held in this matter between April 11, 2022, and April 18, 2022, this Court entered Final Judgment in Plaintiff's favor in accordance with the Jury's Verdict, (ECF No. 309). (ECF No. 310.) Thereafter, Defendants filed the Omnibus Order, (ECF No. 327); Plaintiff responded in opposition to the Omnibus Order, (ECF No. 335); and Defendants replied in support of the Omnibus Order, (ECF No. 337). While Defendants merely restate arguments made at trial and reargue facts that this Court resolved against Defendants, this Court addresses Defendants' arguments in turn.

First, Defendants argue that the Final Judgment, (ECF No. 310), should be amended to reflect that Defendants "prevailed" as to Plaintiff's claims related to NEXTEL Trademark No. 1.627,139. (ECF No. 327, at 9.) Specifically, Defendants contend that they are entitled to judgment as a matter of law as it relates to Plaintiff's claims related to NEXTEL Trademark No. 1,627,139 and that, therefore, this Court should amend the judgment to state that Defendants "prevailed on all claims for Federal trademark counterfeiting, Federal trademark infringement, Federal unfair competition and false designation of origin, Federal trademark dilution, cybersquatting, Florida Deceptive and Unfair Trade Practices Act, and common law false designation asserted against them with respect to" the NEXTEL Trademark No. 1,627,139. (*Id.*) Defendants make this argument based on Plaintiff's "dropping their claim[s]" related to the NEXTEL Trademark No. 1,627,139. (Trial Tr. Vol. 3, ECF No. 321, at 73–74.)

A party may move to alter or amend a judgment if it does so within twenty-eight days after the entry of a judgment. Fed. R. Civ. P. 59(e). In this District, to justify altering or amending the Final Judgment entered here, (ECF No. 310), Defendants must show "(1) an intervening change in controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or prevent manifest injustice." *See Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357–58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)). Upon review of the record, this Court cannot agree with Defendants that they "prevailed" as to any claims related to NEXTEL Trademark No. 1.627,139 as no determination on the merits was made as to those claims, which Plaintiff withdrew voluntarily without argument as to the merits from either party, and the jury never considered any evidence related to NEXTEL Trademark No. 1,627,139 claims. Accordingly, Defendants have not shown that there was "(1) an intervening change in controlling law; (2) the availability of new evidence;

[or] (3) the need to correct clear error or prevent manifest injustice[,]" that would warrant amending the Final Judgment, (ECF No. 310). *See Williams*, 320 F. Supp. 2d at 1357–58. Therefore, the Omnibus Motion, (ECF No. 327), is DENIED in that respect.

Next, Defendants argue that this Court should remit the Jury Verdict award totaling $9,700,000.00 to $38,758.75 or, in the alternative, order a new trial be had as to damages. (ECF No. 327, at 5–10.) Defendants further argue that Plaintiff is not entitled to recover duplicative damages and waived recovery of statutory damages. (*Id.*) To that end, Plaintiff agrees with Defendants that the Jury Verdict should be reduced and that it is not entitled to recover duplicative damages, but it argues that it is entitled to recover statutory damages, which the Jury determined to be $4,500,000.00. (ECF No. 335, at 8.)

"Whether a new trial is required is within the sound discretion of the district court . . . ." *Simon v. Shearson Lehman Bros., Inc.*, 895 F.2d 1304, 1310 (11th Cir. 1990) (citing *Goldstein v. Manhattan Indus.*, 758 F.2d 1435, 1447 (11th Cir. 1985)). When a district court "believes the jury's verdict is excessive[, it] may order a new trial unless the plaintiff agrees to remit a portion of the jury's award." *Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1328 (11th Cir. 1999) (citing *Dimick v. Schiedt*, 293 U.S. 474, 486–87 (1935)). "The Seventh Amendment requires, however, that the plaintiff be given the option of a new trial in lieu of remitting a portion of the jury's award." *Id.* at 1329 (citing *Hetzel v. Prince William Cnty.*, 523 U.S. 208, 211 (1998)). Remittitur "is the appropriate remedy where the jury's damage award exceeds the amount established by the evidence." *Moses v. K-Mart Corp.*, 905 F. Supp. 1054, 1057 (S.D. Fla. 1995) (citing *Goldstein*, 758 at 1448. This Court, however, may "not . . . substitute its judgment for the jury's, and where there is sufficient evidence in the record to support the award, [this] Court should not reduce merely because it would have found differently." *See id.* If this Court "finds that the

3

jury award did exceed the amount supported by the evidence, this Court is bound to allow Plaintiff[] the maximum possible recovery . . . the award should only be reduced to the 'outer limit of the proof.'" *See id.* at 1057–58 (citing *Goldstein*, 758 F.2d at 1448).

Preliminarily, Court agrees with Plaintiff that it is entitled to recover statutory damages as it had requested such damages in its pleadings and requested at trial recovery of statutory and actual damages on the respective claims.[1] *See, e.g.*, *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 347 n.5 (1998) ("[T]he parties agree, and we have found no indication to the contrary, that election may occur even after a jury has returned a verdict on liability and an award of actual damages."). Moreover, the fact that this Court entered the Final Judgment without offering Plaintiff the opportunity to formally elect statutory damages does not preclude Plaintiff's right to so elect. Further, Plaintiff has elected statutory damages in its response to the Omnibus Motion agreeing to remittitur.[2] (ECF No. 335, at 8–9.)

The Jury Verdict expressly answers questions directing it to find what, if any, statutory damages are available to Plaintiff: Questions 2 ($2,000,000.00), 10 ($500,000.00), and 12 ($2,000,000.00). (ECF No. 309, at 2, 5–6.) Here, there is no indication—and Defendants do not argue—that the Jury's award of statutory damages was contrary to law or inconsistent with the evidence presented at trial. Therefore, being that this Court has found that Plaintiff (1) is entitled to elect statutory damages instead of actual damages and (2) has agreed with Defendants that this

---

[1] Because Defendants elected statutory damages, this Court need not address Defendants' arguments related to actual damages awarded because Plaintiff is not entitled to recover duplicative damages.

[2] Plaintiff may do so because the Final Judgment entered here is suspended pending a district court's determination of a timely motion for a new trial. *See Pate v. Seaboard R.R., Inc.*, 819 F.2d 1074, 1085 (11th Cir. 1987); *Coleman v. Roadway Express*, 158 F. Supp. 2d 1304, 1308 (M.D. Ala. 2001) ("[O]nce a timely new-trial motion is filed, the finality of the underlying judgment is effectively 'suspended' until the resolution of that motion by the trial court." (first citing *Pate*, 819 F.2d at 1085; and then citing *Overbee v. Van Waters & Rogers*, 765 F.2d 578, 580 (6th Cir. 1985))); *see also Catlin v. United States*, 324 U.S. 229, 233 (1945) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." (citing *St. Louis I.M. & S.R.R. v. S. Express Co.*, 108 U.S. 24, 28 (1883)); *City of Memphis v. Brown*, 94 U.S. 715, 717–18 (1876).

Court may remit a portion the Jury's Verdict, (ECF No. 309), this Court finds that remittitur of the Jury Verdict to include only its award of $4,500,000.00 in statutory damages is appropriate in lieu of a new trial. *See Johansen*, 170 F.3d at 1328. Accordingly, the Omnibus Motion, (ECF No. 327), is GRANTED IN PART as follows: This Court will amend the Final Judgement, (ECF No. 310), to reflect a jury award of statutory damages in the total amount of $4,500,000.00 from Defendants, jointly and severally.[3]

Defendants also argue that the introduction of Defendant Stephen Calabrese's criminal conviction was clear and prejudicial error that warrants a new trial. (ECF No. 327, at 19–16.) Plaintiff argues that such evidence was appropriate rebuttal evidence because Defendants put Mr. Calabrese's character for truthfulness at issue by offering his testimony at trial. (ECF No. 335, at 17.) This Court agrees with Plaintiff. As this Court stated in its Omnibus Order on Motions *in limine*, "any prejudice suffered by Defendants is outweighed by the assumed probative value in a civil matter of a criminal conviction admissible under [Federal Rule of Evidence 609(a)." (ECF No. 263, at 5.) Therefore, in consideration of the record and applicable law in this Circuit, this Court finds that the introduction of evidence concerning Mr. Calabrese's felony conviction was appropriate and does not warrant the grant of a new trial. Accordingly, the Omnibus Motion, (ECF No. 327), is DENIED in this respect.

Finally, Defendants' argue that (1) the Jury's findings of Abandonment, Fame of the NEXTEL Trademark, and Cybersquatting are not supported by the evidence, (ECF No. 327, at 15–19); (2) they are entitled to judgment in their favor on their Counterclaims V and VI, (ECF No.

---

[3] To this end, Defendants incorrectly argue, again, that Defendants are not jointly and severally liable for an award of damages in Plaintiff's favor. (ECF no. 327, at 12.) That is not the law; rather, the law in this circuit is clear: Multiple Defendants in trademark infringement cases are jointly and severally liable to a plaintiff for damages the plaintiff sustained. *See, e.g.*, *Monsanto Co. v. Campuzano*, 206 F. Supp. 2d 1239, 1247 (S.D. Fla. 2002) ("Trademark infringement is a tort, and any member of the distribution chain is liable as a joint tort-feasor." (citing *Dive N' Surg, Inc. v. Anselowitz*, 834 F. Supp. 379, 382 (M.D. Fla. 1993))); *Jackson v. Groupo Industrial Hotelero, S.A.*, No. 07-22046-CIV, 2009 WL 8634834, at *10 (S.D. Fla. Apr. 29, 2009).

327, at 23–25); and (3) this Court erred in excluding Jose Rivera's testimony at trial, (ECF No. 327, at 21–23). Each of these arguments were raised at trial and were resolved against Defendants then and are resolved against Defendants now.[4] None of these arguments warrant Defendants' requested relief, so the Omnibus Motion is due to be DENIED as to those arguments.

ORDERED AND ADJUDGED that:

1. The Omnibus Motion, (ECF No. 327), is GRANTED IN PART and DENIED IN PART as set forth herein.

2. This Court shall enter an Amended Final Judgment by separate order.

DONE AND ORDERED in Chambers at Miami, Florida, this 19th day of July, 2022.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record

---

[4] With regard to Defendants' arguments related to Counterclaims V and VI, this Court reiterates what it stated on the record, in open court and outside the presence of the jury at trial, on April 15, 2022:

> While the [Court's Order on Summary Judgment] focused on justification, the Court ultimately ruled that the summary judgment was *denied*, not granted in part and denied in part, meaning that the Defendants need to have presented evidence to the jury that would have allowed the jury to find, based on a preponderance of the evidence, that one, there existed a business or contractual relationship between Defendants[] and a third-party; two, Sprint knew about that relationship; three, Sprint intentionally and unjustifiably interfered with that relationship; and four, Defendants were damaged by that interference. . . .
>
> I also find the Defendant[s] knew that they must have presented all of the elements of their tortious interference claims to the jury based on Defendants' proposed jury instruction 44, which provided that, quote, to prevail on a claim for tortious interference with contractual or advantageous relationships, Defendants must establish by a preponderance of the evidence one, the existence of a contract or business relationships; two, Sprint had knowledge; three, Sprint intentionally and unjustifiably interfered; four, Defendants suffered damages.

(Trial Tr. Vol. 7, ECF No. 325, at 2–3; *see also* ECF No. 304 (order denying motion for reconsideration).)