UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case Number: 18-60788-CIV-MARTINEZ-BECERRA**

SPRINT COMMUNICATIONS, LLC,

    Plaintiff/Counterclaim Defendant,

v.

STEPHEN CALABRESE, *et al.*,

    Defendants/Counterclaim Plaintiffs.

_____/

## PERMANENT INJUNCTION ORDER

THIS CAUSE came before this Court upon Plaintiff's Motion for Entry of Permanent Injunction (the "Motion"), (ECF No. 313). This case was tried before a jury from April 11, 2022, to April 18, 2022. On April 18, 2022, the Jury returned a verdict in favor of Plaintiff Sprint Communications, LLC and against Defendants Stephen Calabrese; Nextel, Inc. d/b/a Nextel Worldwide; Retrobrands USA LLC; Jeffery Kaplan; and Nextel Mobile Worldwide, Inc. (collectively, "Defendants"). (ECF No. 309.) Following the pronouncement of the Jury's Verdict, Plaintiff moved for entry of a permanent injunction, and this Court directed Plaintiff to file the motion in writing. (Trial Tr. Vol. 8, ECF No. 326, at 99.) Defendants responded to, (ECF No. 317), and Plaintiff replied in support of the Motion, (ECF No. 320). This Court has reviewed the Motion, pertinent portions of the record, and applicable law and is otherwise fully advised in the premises. Accordingly, for the reasons set forth herein, the Motion, (ECF No. 313), is GRANTED.

"Federal courts may grant permanent injunctions where infringement is found to have occurred in order to prevent further infringing use of a mark, and such injunctions should be designed to keep the former infringers 'a safe distance away' from the protected mark." *Aronowitz*

*v. Health-Chem Corp.*, 513 F.3d 1229, 1239 (11th Cir. 2008). A district court's discretion to grant a permanent injunction must be "consistent with traditional principles of equity . . . ." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 394 (2006). Therefore, to determine whether it should grant a permanent injunction, this Court "should consider whether (1) the plaintiff has suffered an irreparable injury; (2) legal remedies are inadequate to redress that injury; (3) equitable relief is warranted based on the balance of hardships between the plaintiff and defendant; (4) granting injunctive relief serves the public interest." *See Slep-Tone Ent. Corp. v. Johnson*, 518 F. App'x 815, 820 (11th Cir. 2013) (citing *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1208 (11th Cir. 2008)).

After careful consideration, this Court finds that all four factors favor entering a permanent injunction to restrain Defendants from ongoing or future acts of trademark infringement, counterfeiting, unfair competition, dilution, or cybersquatting. This Court addresses each factor in turn.

First, this Court finds that Plaintiff would suffer irreparable harm from Defendants' ongoing infringing conduct. While it is true that "infringement by its nature causes irreparable harm[,]" *Tally-Ho, Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018, 1029 (11th Cir. 1989) (citing *Processed Plastic Co. v. Warner Commc'ns*, 675 F.2d 852, 858 (7th Cir. 1982), irreparable harm to Plaintiff is not presumed, even after the Jury's finding of infringement. *See eBay*, 547 U.S. at 391 (requiring four-factor test application, including a determination of irreparable harm, in determining whether to grant a permanent injunction); *see also Powell v. Home Depot U.S.A., Inc.*, No. 07-80435-CIV, 2009 WL 3855174, at *12 (S.D. Fla. Nov. 17, 2009) ("In *eBay*, the Supreme Court rejected the Federal Circuit's general rule that a permanent injunction should automatically be granted after finding infringement and validity of a patent." (citing *eBay*, 547 U.S. at 393–99)).

As grounds for finding irreparable injury, this Court may consider a Plaintiff's "loss of control of reputation, loss of trade, and loss of goodwill." *See Ferrellgas Partners, L.P. v. Barrow*, 143 F. App'x 180, 190 (11th Cir. 2005). The Jury's finding that Defendants infringed upon, counterfeited, engaged in unfair competition related to, and diluted Plaintiff's NEXTEL Trademark and Sound Mark strongly supports a showing that Plaintiff would suffer irreparable harm absent a permanent injunction as, specifically, were Defendants conduct to continue unabated, Plaintiff would be unable to control any loss of the reputation or goodwill for the Nextel brand as there would be a strong showing of likelihood of confusion cause by Defendants' infringing conduct. *See id.* at 191 ("This Circuit has held that 'a sufficiently strong showing of likelihood of confusion [caused by trademark infringement] may by itself constitute a showing of . . . [a] substantial threat of irreparable harm." (alterations in original) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1310 (11th Cir. 1998))).

Second, this Court finds that monetary damages are inadequate to remedy Defendants' infringing conduct. "Monetary damages are generally inadequate to compensate for past trademark infringement or the possibility of future infringement . . . ." *Sream, Inc. v. Barakat Food, Inc.*, No. 16-24722-CV, 2017 WL 7792613, at *3 (S.D. Fla. Oct. 4, 2017). Here, there would be no adequate remedy at law to remedy Defendants' infringing conduct because Defendants would ultimately be able to continue infringing upon Plaintiff's rights to the Nextel brand in commerce without regard to Plaintiff's interest in and inability to control its products and brand in the marketplace. *See Edge Sys. LLC v. Aguila*, 186 F. Supp. 3d 1330, 1362 (S.D. Fla. 2016) ("[The plaintiff] has no adequate remedy at law so long as [the Defendant] is able to use [the plaintiff's] marks in commerce because such activity necessarily constrains [the plaintiff's] ability to 'control the quality of what appears to be its products in the marketplace.'" (quoting *Under Armour, Inc. v. 51nfljersey.com*, No. 13-

3

62609-CIV, 2014 WL 1652044, at *6 (S.D. Fla. Apr. 23, 2014))). Therefore, the second factor weighs heavily in favor of entering a permanent injunction.

Third, the balance of harms weighs heavily in favor of granting injunctive relief. Defendants would not face no hardship if enjoined from continuing to infringe upon Plaintiff's marks as they have "no legal or equitable right to use the marks." *See, e.g.*, *Edge Sys.*, 186 F. Supp. 3d at 1363; *TracFone Wireless, Inc. v. Adams*, 98 F. Supp. 3d 1243, 1256 (S.D. Fla. 2015) ("The continued perpetration of the [infringing conduct] poses a substantial threat to [the plaintiff's] business and substantially damages [the plaintiff] on a continuous basis. Under the circumstances presented here, the [c]ourt finds that a permanent injunction 'will merely enjoin [the defendant] from conducting a business which is already prohibited by state and federal law." (citing *MediaOne of Del., Inc. v. E & A Beepers & Cellulars*, 43 F. Supp. 2d 1348, 1354 (S.D. Fla. 1998))). Plaintiff, by contrast, faces significant harm were Defendants infringing conduct not enjoined. To this end Defendants argue that Plaintiff's requested injunction is too broad as it would cover Nextel goods and telecommunication services. (ECF No. 317.) Defendants' argument, however, is without merit; to properly determine the scope of an injunction, courts use the "source or sponsorship" test, which provides that a trademark owner has 'protection against use of its mark on any product or service which would reasonably be thought by the buying public to come from the same source, or thought to be affiliated with, connected with, or sponsored by, the trademark owner.'" *Planetary Motion*, 261 F.3d at 1201. Integral to the Jury's Verdict is their finding that Defendants' infringing use of Plaintiff's Nextel trademarks was likely to cause confusion among consumers as to the source of the goods or services related to the Nextel trademark. *See Edge Sys.*, 186 F. Supp. 3d at 1348 ("To prevail on a claim of trademark infringement . . . a plaintiff must demonstrate (1) that the plaintiff owns a valid and enforceable trademark, (2) that the defendant

used the trademark in commerce without consent, and (3) 'that the unauthorized use was likely to deceive, cause confusion, or result in mistake'" (quoting *Davidoff CIE, S.A. v. PLD Int'l Corp.*, 263 F.3d 1297, 1301 (11th Cir. 2001))); (*see also* ECF No. 307, at 9.) Finding otherwise and narrowing any injunctive relief to exclude services associated with Plaintiff's trademark would do nothing more than allow Defendants to continue to infringe upon Plaintiff's rights.

Last, the public interest favors granting the Motion. It goes without saying that "the public interest is advanced by enforcing faithful compliance with the laws of the United States and the State of Florida." *TracFone Wireless*, 98 F. Supp. 3d at 1256; *see also Angel Flight of Ga.*, 522 F.3d at 1209 ("[T]he 'public interest' relevant to the issuance of a permanent injunction is the public's interest in avoiding unnecessary confusion." (citing *Davidoff & CIE*, 263 F.3d at 1304)) As discussed herein, there is no public interest in Defendants' perpetration of conduct infringing upon Plaintiff's Nextel trademarks. *See id.* Accordingly, this Court finds that the public interest will be served in issuing the requested injunctive relief. Therefore, the Motion, (ECF No. 313), is due to be granted.

While this Court has already found that the four traditional equitable factors weigh in favor of issuing permanent injunctive relief, it briefly addresses Plaintiff's Motion for Leave to File Supplemental Evidence in Support of its Pending Motion for Permanent Injunction and Motion for Non-taxable Costs and Attorneys' Fees (the "Motion to Supplement"), (ECF No. 351). In the Motion to Supplement, Plaintiffs submit emails from Defendant Stephen Calabrese sent to Plaintiff's counsel following the Jury's Verdict. (ECF No. 351-1.) In summary, the emails sent by Mr. Calabrese expressly state that multiple Defendants will continue to infringe upon Plaintiff's Nextel trademarks by actively working in concert with third parties to sell counterfeit Nextel products on a wider scale. (*See generally id.*) Being that this Court has already determined that

Defendants should be permanently enjoined independently of the statements offered in the Motion to Supplement, this Court finds that those statements merely add additional support for the entry of a permanent injunction. Therefore, this Court grants in part the Motion to Supplement only as it relates to the Motion.[*]

Accordingly, it is ORDERED AND ADJUDGED that:

1. The Motion, (ECF No. 313), is GRANTED as set forth herein:

2. Defendants, their directors, members, managers, officers, agents, servants, employees, parents, subsidiaries, affiliates, dealers, distributors, and all persons in active concert or participation with, or under any of them, in perpetuity, who receive actual notice of this Order by personal service or otherwise, are permanently enjoined:

    a. from committing any acts of infringement, dilution, counterfeiting, cybersquatting, unfair competition, or deceptive trade practices concerning the common-law NEXTEL mark or registered NEXTEL trademark (Reg. No. 1,884,244) (together "NEXTEL Mark") or the common-law Sound mark or registered Sound mark (Reg. No. 5,037,282) (together "Sound Mark"), and from implying a false designation of origin or a false description or representation with respect to Sprint, its predecessor in interest Nextel, or its successor in interest T-Mobile;

    b. from applying to register, registering, or maintaining a registration for the NEXTEL Mark or the Sound Mark, or any mark confusingly similar thereto;

---

[*] This Court notes that the Motion to Supplement also requests that this Court consider the supplemental evidence is support of Plaintiff's Motion for Non-taxable Costs and Attorneys' Fees, (ECF No. 346). Being that this Court referred the Motion for Non-taxable Costs and Attorneys' Fees to Magistrate Judge Jacqueline Becerra, this Court only partially grants the Motion to Supplement as it relates to the Motion, (ECF No. 313).

      c.      from using the Nextel Mark or the Sound Mark, or any other mark, word, or name that is confusingly similar to the NEXTEL Mark or the Sound Mark, in any manner on products, in connection with services, on packaging, labels, signs, literature, display cards, keywords, adwords, metadata, Internet websites, domain names, social media accounts, hashtags, or other packaging, advertising, or promotional materials, or other materials, including without limitation Defendants' machinery, employee uniforms, buildings, equipment, or vehicles;

      d.      from permitting, allowing, facilitating or advising any dealers, distributors, business partners, or customers, to buy, sell, offer to sell, manufacture, distribute, or advertise goods or services in connection with the NEXTEL Mark or the Sound Mark, or any other mark, word, or name that is confusingly similar thereto;

      e.      from making any statements or using any indicia of source suggesting that Defendants' goods or services are in any way sponsored, licensed, endorsed, authorized, affiliated, connected with, and/or originated from Sprint, T-Mobile, or Nextel;

      f.      from making any false statements regarding Sprint's use of the NEXTEL Mark or Sound Mark, including but not limited to claiming that Sprint has abandoned the NEXTEL Mark or the Sound Mark; and g. from facilitating, inducing, assisting, aiding, abetting, or supplying the means for any other person or business entity to engage in or perform any of the activities referred to in the above subparagraphs (a) through (f), or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose

of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (f).

3. Defendants shall, within thirty (30) days of this Order, deliver to Sprint any and all goods, brochures, containers, signs, packaging materials, printing plates, and advertising or promotional materials and any materials used in the preparation thereof, which in any way unlawfully use or make reference to NEXTEL or the Sound Mark, and immediately and permanently remove any such materials, uses, and references from any of Defendants' websites, trucks, vans, machinery, employee uniforms, and buildings.

4. Defendants shall, within five (5) days of this Order, transfer to Sprint the nextelworldwide.com, nextelisback.com, nextelmobileworldwide.com, getnextel.com, and nextelmobile.com domain names, along with any other domain names under Defendants' control incorporating the NEXTEL Mark or formation that is confusingly similar to the NEXTEL Mark.

5. Alternatively, in the event Defendants do not transfer nextelworldwide.com, nextelisback.com, nextelmobileworldwide.com, getnextel.com, and nextelmobile.com to Sprint, it is further ordered that, within five (5) days of their receipt of this Order, the respective domain name registrar(s) for nextelworldwide.com, nextelisback.com, nextelmobileworldwide.com, getnextel.com, and nextelmobile.com immediately assist in transferring these domains to Sprint including, if requested, changing the registrar of record for those domain names to a registrar of Sprint's choosing so that the domains can be transferred to an account of Sprint's choosing. In the event the registrars do not assist in transferring the aforementioned domains to Sprint, it is further ordered that, within five (5) days of their receipt of this Order, the top-level domain (TLD) registry for the domains

change, or assist in changing, the registrar of record for the aforementioned domains to a registrar of Sprint's choice so that the domains can be transferred to an account of Sprint's choosing.

6. Defendants shall expressly abandon, within five (5) days of this Order, all applications with the United States Patent and Trademark Office in which they seek to register trademarks that are confusingly similar to the NEXTEL Mark or the Sound Mark, including but not limited to Serial Nos. 88/049,692; 97/095,974; and 87/774,826.

7. Defendants, **within thirty (30) days of this Order**, shall file with the Court and serve upon Sprint's counsel a written report under oath setting forth details of the manner in which Defendants have complied with the Court's Order pursuant to paragraphs 2–6 above.

8. This Court shall retain jurisdiction to enforce the provisions of this Order.

9. The Motion to Supplement, (ECF No. 351), is GRANTED IN PART as it relates to the Motion, (ECF No. 313), only.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th day of July, 2022.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record